ORIGINAL

FILED
08 JAN -7 PM 2:14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  THOMAS M. MCINERNEY, CA BAR NO. 162055
   THELEN REID BROWN RAYSMAN & STEINER LLP
2  101 Second Street, Suite 1800
   San Francisco, CA 94105-3606
3  Tel. 415.371.1200
   Fax 415.371.1211
4
   Attorneys for Defendants
5  BECHTEL CORPORATION and
   BECHTEL CONSTRUCTION COMPANY
6

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| JAMES RICHARD STIEFEL, | Case No.: |
|---|---|
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION |
| vs. | '08 CV 0037 H AJB |
| BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY, | |
| Defendant. | |

TO THE CLERK OF THE U.S. DISTRICT COURT:

PLEASE TAKE NOTICE THAT defendants Bechtel Corporation and Bechtel Construction Company hereby remove to this Court, pursuant to 28 U.S.C. sections 1331, 1367, and 1441, the pending state court civil action identified in paragraph 1 below.

1.  On October 11, 2007, plaintiff James Richard Stiefel commenced a civil action against defendants in the Superior Court of the State of California in and for the County of San Diego, bearing case number 37-2007-00066953-CU-OE-NC. True and correct copies of the Summons and Complaint for Damages are attached hereto as Exhibit A. Defendants were served with these papers through their registered agent on or about December 7, 2007. Exhibit A comprises all of the pleadings and papers known to the defendant to be on file or to be filed hereafter in the Superior Court.

SF #1386440 v1                     -1-
NOTICE OF REMOVAL OF CIVIL ACTION

2. A state court civil action in which there are alleged claims for relief arising under the Constitution and laws of the United States may be removed to the United States District Court, without regard to the amount in controversy. 28 U.S.C. §§ 1331, 1376(a), 1441(a) – (c). This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(b), in that:

(a) Stiefel's Complaint alleges various violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

(b) Stiefel was employed by Bechtel Construction Company at San Onofre Nuclear Generating Station (SONGS), which is a federal enclave, acquired by the United States in 1942 when Camp Pendleton was first created. *United States v. Fallbrook Pub. Util. Dist.*, 110 F. Supp. 767 (S.D. Cal. 1953); *Snow v. Bechtel Construction, Inc.*, 647 F. Supp. 1514 (C.D. Cal. 1986). Only federal law applies on a federal enclave, but preexisting state law not inconsistent with federal policy becomes federal law and is applicable as well. *Paul v. United States*, 371 U.S. 245, 263-64 (1963). Federal jurisdiction over claims involving a federal enclave are based on the U.S. Constitution, specifically Article I, § 8, cl. 17, which provides:

> The Congress shall have Power . . . . to exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings . . . ."

The Ninth Circuit and other federal courts have consistently held that district courts have federal question jurisdiction over tort claims arising from federal enclaves. *Durham v. Lockheed Martin Corporation*, 445 F.3d 1247, 1250 (9th Cir. 2006) (case alleging tort claims at Air Force facilities that were federal enclaves properly removed to federal court); *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977) (district court has jurisdiction over tort claims arising at Concord Naval Weapons Station); *Maier v. Holley*, 200 F.2d 122, 125 (5th Cir. 1952) (removal proper based on federal enclave); *Swords to Plowshares v. Kemp*, 423 F.Supp. 2d 1031, 1033 (N.D. Cal. 2005) (state law unlawful detainer action arising at Presidio in San Francisco, a federal enclave, properly removed to federal court based on federal question grounds); *Federal Civil Procedure Before Trial* (The Rutter Group California Practice Guide, West Publishing 2006), 2:89.10.

3. This Notice of Removal of Civil Action is filed within the time provided by 28 U.S.C. section 1446(b) in that it was filed within thirty days of the date that defendants were served with the pleading setting forth plaintiff's claims for relief arising under the Constitution or laws of the United States.

4. San Diego County is located within the jurisdiction of the U.S. District Court for the Southern District of California. Thus, this Court is the proper court for the removal of this action.

5. For the above reasons, this action is removable to this Court pursuant to 28 U.S.C. sections 1331, 1367, and 1441.

Dated: January 7, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By _____
Thomas M. McInerney
Attorneys for Defendants
Bechtel Corporation and Bechtel Construction Company

SF #1386440 v1                     -3-
NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT A

```
DANZ & GERBER
STEPHEN F. DANZ SBN 68318
13418 VENTURA BOULEVARD
SHERMAN OAKS, CA. 91423
TEL: (818) 783-7300 FAX: (818) 995-7159

DANZ & GERBER
MARCUS JACKSON SBN 205792
1550 HOTEL CIRCLE NORTH, SUITE 170
SAN DIEGO, CA. 92108
TEL: (619) 297-9400 FAX: (619) 297-9444
```

Attorneys for Plaintiff JAMES RICHARD STIEFEL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

NORTH COUNTY DIVISION

| | |
|---|---|
| JAMES RICHARD STIEFEL, an individual; <br><br> Plaintiff, <br><br> v. <br><br> BECHTEL CORPORATION, a Corporation; BECHTEL CONSTRUCTION COMPANY, a Corporation; and DOES 1 through 100, INCLUSIVE, <br><br> Defendants. | CASE NO.: 37-2007-00058953-CU-OE-NC <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED UPON: <br><br> 1.) DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; <br> 2.) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; and <br> 3.) RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, JAMES RICHARD STIEFEL (hereinafter referred to as "MR. STIEFEL" or "Plaintiff"), upon information and belief, alleges the following.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction because at all relevant times herein Plaintiff resided in this County, BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY are located in this County and do business in this County and all events constituting the conduct set forth in this Complaint occurred in this County of San Diego.

1.

COMPLAINT

2. Venue is proper in this Court under California Code of Civil Procedure Section 395 because the wrongful conduct alleged herein occurred in this County, the records relevant to Defendants' business are maintained in this County and all of the parties reside in, are located in, or operate in this County. Moreover, venue is proper within this Division because Plaintiff and Defendants reside/resided in, are located in, or operate in this Division and the events described below occurred in this Division.

## PARTIES

3. Plaintiff MR. STIEFEL is and was at all relevant times herein an adult resident of San Diego County.

4. Defendants BECHTEL CORPORATION ("BECHTEL CORP.") and BECHTEL CONSTRUCTION COMPANY ("BCC") (both of which hereinafter referred to as "BECHTEL") are and were at all relevant times herein corporations, with their principal places of business in California, doing business in San Diego County. BECHTEL was at all times relevant herein a subcontractor of SOUTHERN CALIFORNIA EDISON ("SCE") working on various projects at the San Onofre Nuclear Generating Station ("SONGS").

5. Plaintiff is unaware of the true identities of the Defendants, whether individual, corporate, associate or otherwise, sued herein as Does 1 through 100 inclusive. Therefore Plaintiff sues them by such fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants was responsible at least in part for the occurrences alleged herein and is therefore liable to Plaintiff for the damages caused thereby. Plaintiff reserves the right and will seek leave to amend this Complaint to substitute their true identities once these have been ascertained. To the extent the conduct below was perpetrated by certain Defendants, the named Defendant or Defendants confirmed and ratified the same.

6. Plaintiff is informed and believes and, on that basis alleges, that at all times herein mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in the acts and conduct alleged herein and therefore incurred liability to Plaintiff or the acts alleged below. Plaintiff is further informed and believes and, on that basis, alleges that at all times herein

mentioned, all the Defendants were acting within the course and scope of their employment and/or said agency.

## GENERAL BACKGROUND FACTS

7. MR. STIEFEL began his employment at BECHTEL on or about May 1, 2004 as an ironworker in the facilities department of SONGS. He worked in that capacity for approximately one and a half years until BECHTEL transferred him to another area.

8. BECHTEL moved MR. STIEFEL to the Unit 1 decommissioning project on or about November 2005.

9. During November 2005 while MR. STIEFEL was employed with the Unit 1 decommissioning project at SONGS, there was an incident with the boom lift. He and another worker were stuck ninety feet in the air on the boom lift as numerous workers on the ground had trouble operating the controls on the lift. Numerous workers continued to endanger them by manipulating the controls, at one point causing the front wheels to rise six inches off the ground.

10. MR. STIEFEL radioed to the workers below to stop manipulating the controls as directed by the safety precautions of the lift manual. The proper procedure is to call a vendor to come to aid in such an emergency situation.

11. The local fire department arrived to assist with the emergency caused by the boom lift malfunction. They intended to rescue MR. STIEFEL and the other worker from the boom lift, but BECHTEL supervisors including JIM CARROLL and the safety representative HECTOR TELLEZ refused to let the fire department get involved. They insisted on handling the emergency without assistance from the local fire department.

12. As a result, MR. STIEFEL and the other employee were stuck on the lift for more than three hours imperiled further by the haphazard manipulation of the controls by the employees.

13. BECHTEL personnel interviewed MR. STIEFEL concerning the emergency boom lift malfunction. MR. STIEFEL duly reported the names of people involved, including those on the ground manipulating controls and those refusing assistance from the fire department.

14. BECHTEL supervisor JIM CARROLL learned that MR. STIEFEL duly reported the emergency boom lift malfunction, including the fact that he mentioned JIM CARROLL's

3.

COMPLAINT

involvement. JIM CARROLL refused to acknowledge or speak to MR. STIEFEL for a period after that time and demonstrated animosity toward MR. STIEFEL.

15. In December 2005, MR. STIEFEL's crew was fabricating and preparing to install a system to remove radioactive material in the containment building, which housed the reactor. He found a cracked weld and brought it to JIM CARROLL's attention. A subsequent inspection determined that up to ninety-five percent of the welds were bad. The resulting repairs delayed the project for five months. JIM CARROLL made a point of criticizing MR. STIEFEL for reporting the cracked weld. He made comments such as, "Richard why did you have to open your damn mouth?" and, "You shouldn't have said anything about it."

16. On or about January 31, 2006, MR. STIEFEL was working when he got his hand wedged in a piece of equipment. He had been directed to use a specific tool by his foreman, despite the fact it was not the proper tool to safely perform the task.

17. During that incident on or about January 31, 2006, MR. STIEFEL suffered an injury to his left thumb which turned out to be a torn tendon. Dr. Earl Miller, a BECHTEL worker's compensation doctor treated MR. STIEFEL. He placed his thumb in a splint and scheduled a follow up appointment on February 3, 2006 at 10:00 am. MR. STIEFEL arranged transportation to the appointment with BECHTEL safety officers pursuant to long-standing rules prohibiting him from operating his own vehicle on company time while injured. In fact, no safety officer provided any transportation to MR. STIEFEL causing him to miss his appointment with Dr. Miller.

18. On the evening of February 3, 2006, a BECHTEL insurance carrier telephoned MR. STIEFEL to inquire as to the reason for missing the appointment. MR. STIEFEL explained that BECHTEL should transport him to the appointment pursuant to long-standing procedures and the risk of driving with an injured hand. This issue became a point of contention with BECHTEL.

19. On February 7, 2006, MR. STIEFEL saw DR. EARL MILLER once again. He examined his thumb and replaced it in a splint. He set up an orthopedic appointment and released MR. STIEFEL without properly diagnosing or treating the injury. Dr. EARL MILLER advised that MR. STIEFEL was fit to perform full time regular duties with no restrictions. In fact, MR.

4.

COMPLAINT

1  STIEFEL had suffered a work related torn tendon and torn ligament in this thumb, which required
2  complete immobilization and restrictions on his job duties.
3      20.    Notwithstanding the foregoing, MR. STIEFEL returned to work as instructed by DR.
4  EARL MILLER. He spoke to BECHTEL Jobsite Superintendent MIKE RODRIGUEZ and showed
5  him the paperwork from the doctor and the insurance carrier. MR. STIEFEL expressed his concern
6  that he could not perform normal duties given the injury to his thumb.
7      21.    On February 8, 2006, MR. STIEFEL returned to his work area. He then met with
8  SCE employee DAN STEMPLE, and SCE supervisor JOHN PATTERSON who is in charge of the
9  Unit 1 decommission. JOHN PATTERSON indicated he wanted the Edison safety department to
10 review the circumstances to assure proper procedure in light of MR. STIEFEL's injury.
11     22.    On February 9, 2006, MR. STIEFEL told JOHN PATTERSON he was extremely
12 concerned that BECHTEL would retaliate against him because of JOHN PATTERSON'S
13 involvement. JOHN PATTERSON expressly stated, "Richard I'm telling you right now, they
14 won't retaliate against you and they'd better not."
15     23.    Following the February 9, 2006 meeting with JOHN PATTERSON, JIM FORAL a
16 BECHTEL employee spoke with MR. STIEFEL. He stated that BARRY CLARK, the site manager
17 for BECHTEL had requested a meeting with JIM FORAL. "Jim you need to get your butt over to
18 my office right now," he reportedly said. "We've got a trouble maker on the job," BARRY
19 CLARK reportedly said according to JIM FORAL. Thereafter, JIM FORAL met with BARRY
20 CLARK regarding MR. STIEFEL's injury.
21     24.    BECHTEL set up an appointment with an orthopedist for MR. STIEFEL after SCE's
22 involvement. DR. GIALAMAS saw MR. STIEFEL on February 13, 2006. He determined that
23 MR. STIEFEL had a torn tendon. He placed MR. STIEFEL's left hand into a cast. He released
24 MR. STIEFEL to return to work, but only on light duty with no use of his left hand.
25     25.    On February 14, 2006, MR. STIEFEL returned to work and attended the regularly
26 scheduled safety meeting. He handed his BECHTEL foreman DAVE SMITH and the safety
27 department representative HECTOR TELLEZ the note from DR. GIALAMAS indicating he was to
28

5.

COMPLAINT

work light duty with no use of the left hand. MR. STEIFEL was thus a qualified employee with a physical disability that substantially limited major life activities.

26. On February 14, 2006, MR. STIEFEL was assigned by BECHTEL work which complied with DR. GIALAMAS' instructions. On February 16, 2006, however, MR. STIEFEL was assigned tasks by BECHTEL that required the use of both hands such as welding, cutting with a torch, grinding, fabricating, climbing ladders and using rope to lift objects. At this time other members of his crew were assigned tasks that did not require the use of both hands. MR. STIEFEL spent the next three weeks performing tasks assigned by BECHTEL which required the use of both hands even though other tasks were available that did not require the use of both hands.

27. On February 16, 2006 and thereafter, BECHTEL intentionally punished MR. STIEFEL by assigning him tasks which required the use of both hands even though other tasks were available and it was both painful and dangerous for MR. STIEFEL to do so. BECHTEL did so in retaliation for MR. STIEFEL having made efforts to be properly diagnosed and treated for his injuries and/or because of his prior complaints about unsafe working conditions.

28. On or about March 6, 2006, BECHTEL laid off MR. STIEFEL. BECHTEL characterized the action as a "medical reduction in force." BECHTEL personnel informed him that his work had been satisfactory, but that he had angered BECHTEL superiors by involving SEC in his medical issues. He also was told that BECHTEL had assigned him onerous tasks since February 16, 2006 in order to compel him to quit. MR. STIEFEL refused to do so consequently BECHTEL ultimately laid him off. At all times since then BECHTEL has persistently discriminated against MR. STIEFEL by passing him up for jobs that need staffing whenever jobs become available each month.

29. MR. STIEFEL is informed and believes that BECHTEL characterized MR. STIEFEL as a "medical reduction in force" because it does not require BECHTEL to incur a "loss of time" injury according to BECHTEL's worker's compensation insurance carrier. BECHTEL consequently saved money by laying off MR. STIEFEL as a "medical reduction in force," as opposed to a "loss of time" injury.

30. Plaintiff underwent surgery on his hand in June 2006 and proceeded to have regular medical checkups. In subsequent months, Plaintiff's doctor, who performed the surgery, released Plaintiff to work in a light duty capacity in late October 2006. During the late October 2006 time period, Plaintiff, while waiting at home to learn if he would be placed back at work learned that BECHTEL has refused to put him back to work, falsely claiming that no light duty work is available. On a monthly basis MR. STIEFEL has been passed over for jobs because BECHTEL has maintained and currently enforces a policy that no injured employee will be rehired without a "full medical release." This 100% healed requirement is reflected in written documents evidencing the fact that BECHTEL engages in per se violations of the Americans with Disabilities Act.

31. MR. STIEFEL has timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, confirmed and revised his original filing on a subsequent form prepared by and at the request of the EEOC and received a right to sue letter. *See* Exhibit A attached hereto. Plaintiff has timely exhausted all administrative remedies.

### FIRST CAUSE OF ACTION: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
[Against ALL DEFENDANTS and DOES 1 through 100, Inclusive.]

32. Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 above, and incorporates them herein by reference as though set forth in full.

33. At all times mentioned herein, the Americans with Disabilities Act, 42 USC Sections 12101 et seq. ("ADA") was in full force and effect, and Defendants were and are subject to their requirements.

34. As discussed in detail above, Plaintiff, a qualified disabled employee of BECHTEL was subjected to disparate treatment because he is disabled. MR. STIEFEL'S disabling injury has substantially limited major life activities, including but not limited to lifting, grasping, turning, pulling, working and caring for himself. Nevertheless he is able to perform the essential functions of his job at BECHTEL with reasonable accommodations.

7.

COMPLAINT

35.   Defendants discriminated against, harassed and/or terminated Plaintiff's employment because of his disability, because he is regarded as being disabled and/or because he has a record of being disabled.

36.   The aforementioned conduct constituted unlawful disability discrimination in violation of the ADA. Under the law, BECHTEL was required to take prompt corrective action to address the discriminatory behavior but failed to do so. Instead Plaintiff was subjected to continued discrimination and ultimately was terminated based on his disability.

37.   As a direct, foreseeable, and proximate result of the actions of Defendants as described above, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from Defendants, all to the Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

38.   As a further proximate result of the aforementioned wrongful conduct, Plaintiff has to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage in an amount unknown at this time, but according to proof at trial.

39.   Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendants conducted themselves as described herein, by willfully violating those statutes enumerated above, Plaintiff prays for punitive damages against Defendants in an amount to be determined at the time of trial, that is sufficiently high to punish Defendants, deter them from engaging in such conduct in the future, and to make an example of them to others.

40.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with oppression and malice and was ratified by the other individuals who were managing agents of those directly responsible. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

///

8.

COMPLAINT

///
///
///

## SECOND CAUSE OF ACTION:
## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
[Against all DEFENDANTS and DOES 1 through 100, Inclusive.]

41. Plaintiff repeats and realleges paragraphs 1 through 40 above and incorporates them herein by reference as though set forth in full.

42. MR. STIEFEL suffered injuries leaving him disabled, requiring medication and preventing him from performing his normal job duties without extreme difficulty and discomfort. The injury substantially limited MR. STIEFEL's major life activities, including but not limited to working, lifting, grasping, turning and caring for himself. Nonetheless, he is able to perform the essential functions of his job with reasonable accommodation.

43. BECHTEL is a qualifying employer under the ADA. DEFENDANTS violated the law requiring reasonable accommodation of disabilities by not permitting MR. STIEFEL to work light duty capacity during the period of his disability or even considering him for any other available position. Federal law establishes the burden on employers to provide reasonable accommodations:

> "The essence of the concept of reasonable accommodation is that, in certain instances, employers must make special adjustments to their policies for individuals with disabilities." *McAlindin v. County of San Diego*, 192 F.3d 1226, 1236. "One variety of accommodation that may be required is job restructuring which can include "reassignment to a vacant position, part-time or modified work schedules, acquisition or modification of equipment or devices, adjustment or modification of examinations, training materials or policies, the provisions of qualified readers or interpreters, and other similar actions." *Prillman v. United Air Lines, Inc.* 53 Cal. App. 4th 935, 947 (1997) (citing Cal. Code of Regs. Title 2, Section 7293.9(a).

44. DEFENDANTS failed and refused to reassign, restructure, modify, adjust or make any of the required provisions or accommodations necessary for MR. STIEFEL under the circumstances.

45. As a proximate result of Defendants' conduct, Plaintiff has lost salary, past and future compensation and other employment-related benefits.

9.

COMPLAINT

-12-

46. As a further and proximate result of Defendants' conduct, Plaintiff has suffered embarrassment, humiliation, loss of self-esteem and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

47. As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage, in an amount unknown at this time but according to proof at the time of trial.

48. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

## THIRD CAUSE OF ACTION:
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
[Against All Defendants and DOES 1 through 100, Inclusive]

49. Plaintiff repeats and realleges paragraphs 1 through 48 above and incorporates them herein by reference as though set forth in full.

50. Plaintiff engaged in a protected activity under the ADA when requested accommodation for his disability, which substantially limits major life activities but does not prevent him from performing the essential functions of his job so long as he is given reasonable accommodations.

51. Defendants retaliated against Plaintiff for having requested accommodation for his disability. Shortly after Plaintiff engaged in the protected activity of asking for accommodations he was given nearly impossible job tasks and terminated. Moreover he has not been rehired since his termination despite the fact that BECHTEL has hired new employees or rehired other employees continuously on a monthly basis since the time of Plaintiff's termination 2006. Such retaliation is likely to deter employees from engaging in protected activities like MR. STIEFEL did.

52. The Defendants retaliated against the Plaintiff by harassing, singling out, ostracizing, punishing and ultimately firing him as a direct result of his protected acts as expressly set forth

10.

above. The causal relationship between the Defendants' adverse action and MR. STIEFEL's protected activity in insisting on appropriate diagnosis, treatment and accommodation for the injuries he suffered may be inferred due to the short time between them.

53. Such retaliation is in violation of the ADA.

54. As a proximate result of Defendants' conduct, Plaintiff has lost salary, past and future compensation, financial stability and other employment-related benefits.

55. As a further and proximate result of Defendants' conduct, Plaintiff has suffered embarrassment, humiliation, loss of self-esteem and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

56. As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage, in an amount unknown at this time but according to proof at the time of trial.

57. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For compensation for Plaintiff's lost wages, backpay, frontpay and benefits;

2. For a permanent injunction enjoining Defendants, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3. For economic and special damages in an amount unknown at this time, but according to proof at trial;

4. For non-economic and general damages in an amount unknown at this time, but according to proof at trial;

5. For punitive damages as allowed by law and according to proof at trial;

6. For interest on overdue and unpaid wages at the prevailing legal rate.

11.

COMPLAINT

7. For civil penalties and fees as allowed by law.

8. For pre-judgment interest at the prevailing legal rate;

9. For reasonable attorneys' fees and costs, pursuant to all applicable statutes or provisions of law;

10. For such other and further relief as this Court deems just and proper;

11. For trial by jury for all issue so triable.

DATED: October 10, 2007

DANZ & GERBER

By: *[signature]*
STEPHEN F. DANZ, ESQ.
MARCUS JACKSON, ESQ.
Attorneys for Plaintiff
JAMES RICHARD STIEFEL

12.

COMPLAINT

-15-

1 | *Stiefel v. Bechtel Corporation, et al.*

2 | **CERTIFICATE OF SERVICE BY MAIL**

3 | CASE NO. (*new filing*)

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 333 South Hope Street, Suite 2900, Los Angeles, California 90071.

On January 7, 2008, I served the following entitled document:

**NOTICE OF REMOVAL OF CIVIL ACTION**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| DANZ & GERBER | DANZ & GERBER |
| Stephen F. Danz, Esq. | Marcus Jackson, Esq. |
| 13418 Ventura Boulevard | 1550 Hotel Circle North, Suite 170 |
| Sherman Oaks, California 91423 | San Diego, California 92108 |
| 818-783-7300; FAX 818-995-7159 | 619-297-9400; FAX 619-297-9444 |

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 7, 2008, at Los Angeles, California.

_____
Robin Salyer

LA #591697 v1

-1-

CERTIFICATE OF SERVICE BY MAIL

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

        # 146178    - BH

         January 07, 2008
            14:14:25

         Civ Fil Non-Pris
USAO #.: 08CV0037 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                $350.00 CK
Check#.: BC# 7323


        Total-> $350.00


 FROM: CIVIL FILING
       STIEFEL V. BECHTEL CORP ET AL
```

**ORIGINAL**

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JAMES RICHARD STIEFEL

**DEFENDANTS**
BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DANZ & GELBER
Marcus Jackson, Esq.
Stephen F. Danz, Esq.
1550 Hotel Circle North, Suite 170
San Diego, CA 92108

Attorneys (If Known)
Thomas M. McInerney, Esq.
Thelen Reid Brown Raysman & Steiner LLP
101 Second St., Suite 1800
San Francisco, CA 94105-3606

'08 CV 0037 H AJB

FILED 08 JAN 7 PM 2:14 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY FAX DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101

Brief description of cause:
Disability Discrimination

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE M. Huff
DOCKET NUMBER 06-CV-1414

DATE
January 7, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Thomas McInerney*

**FOR OFFICE USE ONLY**
RECEIPT # 14617F   AMOUNT $350-  1/7/08 BY    APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

American LegalNet, Inc.
www.FormsWorkflow.com