THOMAS M. MCINERNEY, CA BAR NO. 162055
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3606
Tel. 415.371.1200
Fax 415.371.1211

Attorneys for Defendants
BECHTEL CORPORATION and
BECHTEL CONSTRUCTION COMPANY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL,<br><br>         Plaintiff,<br><br>   vs.<br><br>BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY,<br><br>         Defendants. | Case No.: 08 CV 0037 H (WMc)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE**<br>(Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))<br><br>Date: February 11, 2008<br>Time: 10:30 a.m.<br>Judge: Honorable Marilyn L. Huff<br>Courtroom 13, 5th Floor |

SF #1391673 v1

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    STATE OF FACTS............................................................................................... 2

       A.     Stiefel Received a DFEH "Right-to-Sue" Letter Requiring he File an
              EEOC Charge by June 2006 if he Wanted to Pursue an ADA Claim .......... 2

       B.     The Court Dismissed Stiefel's ADA Claims after Stiefel Admitted He
              Never Filed an EEOC Charge...................................................................... 3

       C.     Stiefel Filed an EEOC Charge Months After the Deadline for Doing So. ... 4

III.   LEGAL ARGUMENT .......................................................................................... 5

IV.    CONCLUSION..................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Balistrieri v. Pacifica Police Department,*
   901 F.2d 696 (9th Cir. 1990)...................................................................... 5

*Goldstein v. North Jersey Trust Co.,*
   39 F.R.D. 363 (S.D.N.Y. 1966) ................................................................. 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
   896 F.2d 1542 (9th Cir. 1989)..................................................................... 5

*MGIC Indemnity Corp. v. Weisman,*
   803 F.2d 500 (9th Cir. 1986)....................................................................... 5

*National Railroad Passengers Corp. v. Morgan,*
   536 U.S. 101 (2002)............................................................................... 1, 6

*Stiefel v. Bechtel Corporation,*
   497 F.Supp.2d 1138 (S.D. Cal. 2007)......................................................... 1

*Stiefel v. Bechtel Corporation,*
   497 F.Supp.2d 1157 (S.D. Cal. 2007)......................................................... 1

*Weisbuch v. County of Los Angeles,*
   119 F.3d 778 (9th Cir. 1997)....................................................................... 5

## FEDERAL STATUTES

28 U.S.C. § 1441 ............................................................................................ 3

42 U.S.C. § 12117 (a) .................................................................................... 6

42 U.S.C. § 2000e-5(e) ............................................................................... 1, 6

42 U.S.C. §§ 12101 ..................................................................................... 1, 3

F.R.C.P. Rule 12(b)(1) ............................................................................... 2, 5

F.R.C.P. Rule 12(b)(6) ............................................................................ 2, 3, 5

F.R.C.P. Rule 12(f) .................................................................................... 2, 5

1

## STATE STATUTES

2

Cal. Labor Code § 6310 ........................................................................................................... 4

3

Cal. Labor Code § 6311 ........................................................................................................... 4

4

Cal. Gov't C. §§ 12940................................................................................................................ 2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES TO DEFS.' MEMO OF PTS & AUTHS IN SUPPORT OF ITS MOTION TO DISMISS AND/OR TO STRIKE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

Plaintiff James Richard Stiefel, a former employee of Bechtel[1] at San Onofre Nuclear Generating Station ("SONGS"), a federal enclave, has now filed a second lawsuit alleging that he was discriminated and retaliated against based on an alleged disability—an injury to his left thumb he suffered in January 2006.  Stiefel's prior lawsuit alleging a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA"), was dismissed by this Court last year, in part,[2] based on his lawyer's admission that he had failed to initiate, much less exhaust, his federal administrative requirements with the Equal Employment Opportunity Commission ("EEOC").

Although Stiefel has now filed with the EEOC and received a "right to sue" letter, his ADA claims based on his March 2006 termination and events prior to the termination are still barred because he failed to timely file his EEOC charge.  Under Title VII and the ADA, if Stiefel wanted to initiate an EEOC administrative proceeding, he was required to do so within 30 days after the collateral state agency, the California Department of Fair Employment and Housing ("DFEH"), terminated its processing of his discrimination claim.  42 U.S.C. § 2000e-5(e)(1).  The Supreme Court has held that a discrimination claim is barred unless the plaintiff complies with this time requirement. *National Railroad Passengers Corp. v. Morgan*, 536 U.S. 101, 109 (2002).  In April 2006 Stiefel had filed a DFEH charge alleging disability discrimination based on events prior to and culminating in his March 2006 termination and on May 8, 2006, he received a right to sue" letter from the DFEH specifically advising him of the 30-day requirement for filing with the EEOC.  Stiefel ignored the time deadline.  Instead, he waited *until 2007*—and only after Bechtel raised the issue in its Motion to Dismiss his earlier lawsuit—before contacting the EEOC.

---

[1] Stiefel was employed by Bechtel Construction Company ("BCC"), not Bechtel Corporation.  In Stiefel's prior lawsuit, he sued just Bechtel Corporation.  He now has added BCC as a defendant, but for reasons unexplained, he continues to sue Bechtel Corporation.  For purposes of this motion only, and unless otherwise noted, the defendants are referred to only as "Bechtel."  Neither company waives its right to later contest the fact that Stiefel has sued the wrong entity.

[2] This Court dismissed the entirety of Stiefel's original action on various grounds, including the fact that SONGS is located on a federal enclave and, therefore, his claims based on state law were barred by the federal enclave doctrine. *Stiefel v. Bechtel Corporation*, 497 F. Supp. 2d 1138 (S.D. Cal. 2007); *Stiefel v. Bechtel Corporation*, 497 F. Supp. 2d 1157 (S.D. Cal. 2007).

1        Although Stiefel's belated EEOC charge raised a single new claim involving alleged

2   conduct occurring after the deadline for filing the EEOC charge—that Bechtel had failed to rehire

3   him in October 2006—all other conduct alleged in the new EEOC charge was addressed in the

4   prior DFEH charge.  Any action based on the old allegations is time-barred.  Accordingly, Bechtel

5   requests that Stiefel's disability claims based on the time-barred events be dismissed pursuant to

6   Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Alternatively, Bechtel

7   requests that the Court strike these time-barred claims pursuant to Rule 12(f).

8                     **II.    STATEMENT OF FACTS**

9   **A.    Stiefel Received a DFEH "Right-to-Sue" Letter Requiring He File an**
         **EEOC Charge by June 2006 if He Wanted To Pursue an ADA Claim.**
10

11       Stiefel filed his original disability discrimination complaint ("*Stiefel I*") in the San Diego

12  Superior Court on June 21, 2006.  The complaint alleged various state claims purportedly arising

13  from his Bechtel employment at SONGS, including disability discrimination and retaliation under

14  the California Fair Employment and Housing Act ("the FEHA"), Cal. Gov't C. §§ 12940, *et seq.*

15  He alleged that while at work he tore a tendon in his left thumb, requiring that he wear a splint.  (A

16  copy of the original complaint in *Stiefel I* is attached to the Request for Judicial Notice at Exhibit

17  ("Exh.") A, ¶ 17).  He alleged that a Bechtel safety officer failed to provide transportation to an

18  appointment with a worker's compensation doctor.  (*Id.*)  He claimed he expressed concern about

19  possible retaliation for his injury but was assured by a Southern California Edison (SCE) safety

20  employee that no such retaliation would occur.  (*Id.*, ¶ 25).

21       The *Stiefel I* complaint further alleged that Stiefel was later authorized by a doctor to return

22  to "light duty," but despite restrictions he was allegedly assigned tasks that required the use of his

23  injured hand.  (*Id.*, ¶ 26) Stiefel characterized these assignments as "retaliation" because he had

24  "angered" Bechtel management by involving SCE in "his medical issues."  (*Id.*, ¶ 28)  He further

25  alleged that he was laid off in a "medical reduction in force" on or about March 6, 2006 due to this

26  alleged retaliation.  (*Id.*)

27

28  SF #1391673 v1

1    The *Stiefel I* complaint also alleged that Stiefel had exhausted his administrative remedies

2    by filing a timely charge of discrimination with the California Department of Fair Employment

3    and Housing ("DFEH").  (Exh. A, ¶ 30).  Attached to the *Stiefel I* complaint was a copy of his

4    DFEH charge filed on April 17, 2006, in which he alleged that he had been "laid off," "denied

5    transfer," and "denied accommodation" due to his "physical disability" and due to "retaliation."

6    (Request for Judicial Notice, Exh. B)

7    Also attached to the original complaint was the DFEH "Notice of Case Closure," dated

8    May 8, 2006, which stated in part:

9        If a federal notice of Right-to-Sue is wanted, the U.S. Equal Employment
         Opportunity Commission (EEOC) must be visited to file a complaint within 30
10        days of receipt of this DFEH Notice of Case Closure or within 300 days of the
         alleged discriminatory act, ***whichever is earlier.***
11

12   (Emphasis added).

13   Therefore, Stiefel's 30-day deadline to file an EEOC charge alleging an ADA violation

14   related to employment actions prior to that time expired ***on or about June 7, 2006.***

15   Bechtel answered the original complaint in the San Diego Superior Court on July 11, 2006,

16   and two days later, July 13, 2007, it removed the case on federal question grounds, 28 U.S.C.

17   § 1441.

18       **B.    This Court Dismissed Stiefel's ADA Claims After Stiefel Admitted He
                 Never Filed an EEOC Charge.**
19
20   On December 27, 2006, Stiefel filed a First Amended Complaint in *Stiefel I*, in which he

21   added federal claims for violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et*

22   *seq.*  The First Amended Complaint falsely alleged he had exhausted his administrative

23   requirements, although at the time he had failed to file an EEOC charge.

24   On January 11, 2007, Bechtel filed a motion to dismiss under Rule 12(b)(6) of the Federal

25   Rules of Civil Procedure, arguing in part that Stiefel had failed to exhaust the federal

26   administrative requirements with respect to his ADA claims.  At the hearing on the Motion to

27   Dismiss, Stiefel's attorney admitted to this Court that contrary to the allegations in the *Stiefel I*

28   complaints, Stiefel had not filed an EEOC charge nor had he received a "Notice of Case Closure"

1    from the EEOC.  This admission prompted this Court to dismiss his ADA claims pending his

2    exhaustion, if ever, of his EEOC administrative remedies.  (Request for Judicial Notice, Exh. C,

3    7:2-13)

4        On May 10, 2007, Stiefel filed a Second Amended Complaint alleging a single cause of

5    action for violation of sections 6310 and 6311 of the California Labor Code.  On July 13, 2007,

6    this Court granted Bechtel's Motion to Dismiss this claim on the grounds that it was barred by the

7    federal enclave doctrine.  (Request for Judicial Notice, Exh. D)

8        **C.    Stiefel Filed an EEOC Charge Months After the Deadline for Doing**
         **So.**
9

10       On October 11, 2007, Stiefel filed a new civil action ("*Stiefel II*") against Bechtel in San

11   Diego Superior Court alleging violations of the ADA.  (Request for Judicial Notice, Exh. E)  His

12   new complaint repeats the same allegations of alleged disability discrimination and retaliation as

13   alleged in the original *Stiefel I* complaint.  For example, Stiefel alleges that while at work he tore a

14   tendon in his left thumb.  (*Id.*, ¶ 16-17)  He alleges that a Bechtel safety officer failed to provide

15   transportation to an appointment with a worker's compensation doctor.  (*Id.*, ¶ 17)  He alleges that

16   he expressed concern about possible retaliation for his injury but was assured by an SCE safety

17   employee that no retaliation would occur.  (*Id.*, ¶ 22)  He alleges that he was later authorized by a

18   doctor to return to "light duty," but despite these restrictions he was allegedly assigned tasks that

19   required the use of his injured hand.  (*Id.*, ¶ 26)  Stiefel characterizes this conduct as "retaliation"

20   because he had "angered" Bechtel management by involving SCE in his "medical issues."  (*Id.*,

21   ¶ 28).  He further alleges he was laid off on or about March 6, 2006 due to this alleged retaliation.

22   (*Id.*)

23       The new complaint is virtually identical to Stiefel's prior lawsuit with respect to his

24   disability claim except for a new claim that Bechtel failed to rehire him in October 2006.  (Exh. E,

25   ¶ 30)

26       Attached to the *Stiefel II* complaint are a series of documents related to an EEOC charge he

27   filed on March 19, 2007, more than nine months ***after*** the deadline had passed for filing an EEOC

28

SF #1391673 v1                                    -4-

1  charge. (Request for Judicial Notice, Exh. F)  The only allegation contained in his 2007 EEOC

2  charge not addressed in his 2006 DFEH charge is his claim that in October 2006 Bechtel allegedly

3  "refused to allow me to return to work."

4        After service of the *Stiefel II* complaint and summons on December 7, 2007, this action

5  was timely removed to this Court on January 7, 2008.

6                        **III.    LEGAL ARGUMENT**

7        Bechtel brings this motion requesting dismissal and/or the striking of time-barred disability

8  discrimination claims related to employment actions occurring prior to and including his March

9  2006 termination.  Motions to dismiss brought under both Rules 12(b)(1) and 12(b)(6) of the

10  Federal Rules of Civil Procedure test the legal sufficiency of the complaint.  A Rule 12(b)(1)

11  motion is brought against claims lacking subject matter jurisdiction.  A motion under 12(b)(6) is

12  proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts

13  alleged under a cognizable legal theory."  *Balistrieri v. Pacifica Police Dept.*, 901 F.2d 696, 699

14  (9th Cir. 1990).  Motions to dismiss test a "claim for relief," which means a set of facts which, if

15  established, give rise to an enforceable right, and a motion may be directed at less than all of the

16  claims raised.  *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966);

17  Schwarzer, *et al.*, *Federal Civil Procedure Before Trial* (Rutter Guide (2007)), 9:188-190.

18        Motions to dismiss are proper where the complaint states allegations that, on their face,

19  disclose an absolute bar or defense to recovery.  *Weisbuch v. County of Los Angeles*, 119 F.3d

20  778, 783, fn. 1 (9th Cir. 1997).  A motion may also consider exhibits to the complaint, as well as

21  matters that are the subject of judicial notice.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

22  *Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504

23  (9th Cir. 1986).

24        Alternatively, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Bechtel

25  moves to strike those portions of Stiefel's ADA claims to the extent they are based on alleged

26  incidents or events occurring prior to June 7, 2006—the deadline for filing his federal charge of

27  discrimination with the EEOC related to such claims.  A Rule 12(f) motion is proper to challenge

28

SF #1391673 v1                              -5-

1  a "redundant, immaterial, impertinent, or scandalous matter." Specifically, Bechtel moves to

2  strike the following time-barred claims:

3        (a)     On February 9, 2006, he was allegedly reprimanded by Jim Foral (Request for

4  Judicial Notice, Exh. E, ¶ 23);

5        (b)     On February 16, 2006, and thereafter, he was assigned tasks "which required the

6  use of both hands even though other tasks were available and it was both painful and dangerous

7  for MR. STIEFEL to do so" (Request for Judicial Notice, Exh. E, ¶ 27); and

8        (b)     On March 6, 2006, Stiefel was laid off in a "medical reduction in force" (Request

9  for Judicial Notice, Exh. E, ¶¶ 28-29) for discriminatory and retaliatory reasons.

10       Stiefel's ADA claims based on events prior to June 2006 are untimely. The ADA

11  expressly incorporates the procedures set forth in Title VII's enforcement procedures, including

12  the requirement that an administrative claim must be filed with the EEOC. 42 U.S.C. § 12117(a).

13  Under Title VII and the ADA, in order to bring a federal ADA claim, a charge of discrimination

14  must be filed with the EEOC within 300 days of the alleged unlawful act's occurrence, or within

15  30 days after a parallel state court administrative agency such as the DFEH has terminated its

16  processing of a state charge, "whichever is earlier." 42 U.S.C. § 2000e-5(e)(1). "A claim is time

17  barred if it is not filed within these time limits." *Morgan, supra,* 536 U.S. at 109.

18       Here, on April 17, 2006, Stiefel filed his DFEH charge alleging he was "laid off," "denied

19  transfer," and "denied accommodation" at Bechtel. At Stiefel's request the DFEH terminated its

20  processing of this claim on May 8, 2006 when it issued him a "Notice of Case Closure" and

21  "Right-to Sue Notice." (Request for Judicial Notice, Exh. F). The DFEH's letter expressly

22  advised him that if a federal "right-to-sue notice" was wanted, "the U.S. Equal Employment

23  Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of

24  this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever

25  is earlier." (*Id.*)

26       Therefore, the deadline for Stiefel to file an EEOC charge expired 30 days after the

27  termination of the DFEH's administrative process, *i.e.,* on or about June 7, 2006. Despite being

28

SF #1391673 v1           -6-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE
(Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))

1   told of this time deadline **in writing by the DFEH**, he and his counsel waited until the **next year**

2   before filing an EEOC charge related to these employment actions. Accordingly, the Court should

3   grant the motion to dismiss his claims to the extent they are based on time-barred events.

4   Alternatively, the Court should strike those portions of his ADA claims that are time-barred, and

5   permit him to proceed only on his claim that Bechtel failed to rehire him in October 2006 and

6   thereafter, as alleged in paragraph 30 of his complaint.[3]

### IV.     CONCLUSION

8        Stiefel's three federal ADA causes of action are based almost entirely on claims that are

9   time-barred due to his failure to file a timely arising prior to the deadline o June 7, 2006.

10  Accordingly, the Court should dismiss and/or strike these time-barred claims from the complaint.

12  Dated: January 14, 2008

13                                      THELEN REID BROWN RAYSMAN & STEINER LLP

15                          By _____s/Thomas M. McInerney_____
                               Thomas M. McInerney
16                             Attorneys for Defendants
                               Bechtel Corporation and
17                             Bechtel Construction Company

---

23  [3] Stiefel may erroneously argue that the time-barred claims are still actionable based on the
    "continuing violations" doctrine. In *Morgan, supra*, 536 U.S. 101, the Supreme Court held that
24  the discrimination statutes "preclude recovery for discrete acts of discrimination or retaliation that
    occur outside the statutory time period," and a "discrete retaliatory or discriminatory act
25  'occurred' on the day that it 'happened.'" *Id.*, at 105, 110. Further, the Supreme Court defined
    discrete acts not actionable as "continuing violations" to include "termination, failure to promote,
26  denial of transfer, [and] **refusal to hire** . . . ." *Id.*, at 114 (emphasis added). In the *Stiefel II*
    complaint the only alleged conduct by Bechtel occurring after Stiefel's March 2006 termination
27  was Bechtel's alleged failure to rehire him in October 2006, which is a legally discrete act and
    thus not subject to the "continuing violations" doctrine.

28  SF #1391673 v1                                  -7-

**CERTIFICATE OF SERVICE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**JAMES RICHARD STIEFEL v. BECHTEL CORPORATION**

I am employed in the City of San Francisco, County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is 101 Second Street, Suite 1800, San Francisco, CA 94105. On January 14, 2008, I served the following document(s):

**Defendants' Notice of Motion And Motion In Support of Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))**

**Defendants' Memorandum Of Points And Authorities In Support of Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))**

**Defendants' Request For Judicial Notice Related To Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))**

On the following person(s):

Marcus Jackson
Danz and Garber
1550 Hotel Circle Avenue North, Suite 170
San Diego, CA 92108
(619) 297-9444

Attorneys for Plaintiff JAMES RICHARD STIEFEL

Said documents were served by submitting them to the United States District Court for the Southern District of California's Electronic Case Filing System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2008 at San Francisco, California.

_____
Mary Yow

SF #1390230 v1

CERTFICATE OF SERVICE

## PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105-3606.

On January 14, 2008, I served the following titled documents:

Defendants' Notice of Motion And Motion In Support of Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))

Defendants' Memorandum Of Points And Authorities In Support of Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))

Defendants' Request For Judicial Notice Related To Their Motion To Dismiss And/Or To Strike (Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), 12(f))

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

Stephen F. Danz
Danz & Gerber
13418 Ventura Boulevard
Sherman Oaks, CA 91423

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2008, at San Francisco, California.

_____
Mary Yjow

SF #1392307 v1