```
 1  THOMAS M. McINERNEY, Cal. Bar No. 162055
    tmm@ogletreedeakins.com
 2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
 3  One Market Plaza, Suite 1300
    San Francisco, California 94105
 4  Telephone:    415-442-4871
    Facsimile:    415-442-4870
 5
    Attorneys for Defendants
 6  BECHTEL CORPORATION and BECHTEL
    CONSTRUCTION COMPANY
 7
 8              UNITED STATES DISTRICT COURT
 9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11  JAMES RICHARD STIEFEL,           Case No. 08 CV 0037 H (WMc)

12              Plaintiff,           DEFENDANTS' REPLY BRIEF IN
                                     SUPPORT OF THEIR MOTION TO
13       v.                          DISMISS AND/OR TO STRIKE

14  BECHTEL CORPORATION and BECHTEL  Date:    February 11, 2008
    CONSTRUCTION COMPANY,            Time:    10:30 a.m.
15                                   Judge.:  Honorable Marilyn L. Huff
                Defendants.          Courtroom 13, 5th Floor
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A. The Existence of a Worksharing Agreement Between the EEOC and the California DFEH Does Not Relieve Stiefel of the Requirement that He File a Timely EEOC Charge. .........................................................2

    B. Time-Barred Incidents May Only Be Considered In a Hostile Work Environment Claim. ..................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172 (9th Cir. 1995) .................................5

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002)...2, 5

*Parker-Reed v. Sprint Corporation*, 2005 U.S. Dist. LEXIS 23791 (Oct. 14, 2005) ............4

### Statutes

29 C.F.R. § 1626.7(a)..................................................................................................1, 3, 4

42 U.S.C. § 2000e-5(e)(1)...........................................................................................1, 3, 4

# I. INTRODUCTION

Plaintiff Stiefel does not dispute that his EEOC charge alleging disability discrimination and retaliation in and before March 2006 was not filed until over a year later, 11 months after the statutory deadline. Nor does he dispute the fact that the federal Americans with Disabilities Act (ADA) requires that when a charge of discrimination is first filed with a state administrative agency, before a federal ADA lawsuit can be filed in court a U.S. Equal Employment Opportunity Commission (EEOC) charge must be filed with the EEOC within 300 days of the allegedly discriminatory act or 30 days after the state agency terminates its processing of that charge, ***whichever is earlier.*** 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1626.7(a). These provisions require dismissal of his ADA claims, other than those based on the alleged failure to rehire him in October 2006.

Stiefel's opposition rests on two erroneous premises. One, he claims that he was relieved of any obligation to file an EEOC charge because it was deemed to have been automatically filed when he filed his initial California Department of Fair Employment and Housing (DFEH) charge. This is untrue. By requesting an immediate right-to-sue, Stiefel himself chose not to trigger any dual-filing requirements under a workshare agreement between the two agencies, a fact of which the DFEH notified Stiefel *in writing* when it told him he needed to visit the EEOC *within 30 days* if he wanted a federal right-to-sue. The DFEH did not inform Stiefel that his charge would be dual-filed with the EEOC, nor did it tell him that he did not have to visit the EEOC if he wanted a federal right-to-sue letter. It told him the exact opposite. The DFEH would not inform Stiefel of this requirement to file an EEOC charge within 30 days if there was no such requirement under its workshare agreement. Stiefel conceded this point previously when he argued to this Court in *Stiefel I* that he still intended to file an EEOC charge, which he eventually did several months later. Moreover, the case law he cites does not relieve him of him his obligation to file a timely EEOC charge, it only extends the time for doing so.

Two, Stiefel incorrectly argues that time-barred allegations such as his termination in March 2006 should be considered as "background evidence." His argument effectively concedes that his ADA claims based on adverse employment actions occurring in or before March 2006 are

1
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE

not actionable in and of themselves because they are time-barred. Further, the Supreme Court decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002), makes clear that such evidence constitutes "background evidence" only with respect to a hostile work environment claim, which Stiefel does not bring, and not to discrimination claims based on discrete employment actions, which he does.

## II.  ARGUMENT

### A.  The Existence of a Worksharing Agreement Between the EEOC and the California DFEH Does Not Relieve Stiefel of the Requirement that He File a Timely EEOC Charge.

Stiefel's opposition brief does not contest the basic facts surrounding the belated filing of his EEOC charge. On April 17, 2006, he filed his original charge with the DFEH alleging "retaliation," a failure to accommodate, and that his termination on March 6, 2006 was due to a "physical disability," *i.e.*, a thumb injury. Rather than requesting that it be investigated or even dual-filed with the EEOC, Stiefel asked the DFEH to issue him an immediate right-to-sue letter. In granting his request, the DFEH did not tell him that it would dual-file his charge with the EEOC, or that he was under no obligation to file an EEOC charge if he wanted a federal right-to-sue letter. To the contrary, the DFEH sent him a written "Notice of Case Closure" that apprised him of his statutory obligation to file an EEOC charge "within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, ***whichever is earlier***," if he wanted a federal right-to-sue. (Request for Judicial Notice, Exh. B). Stiefel has never disputed that he received this notice. Nor does he dispute he waited until ***March 2007*** (over a year after he was terminated) to file his EEOC charge.[1]

In addition, Stiefel does not address the fact that under the express terms of the ADA, in order to brief a federal ADA claim a charge of discrimination is required to be filed with the EEOC within 300 days of the alleged unlawful act's occurrence, or within 30 days after a parallel

---

[1] Stiefel's First Amended Complaint filed in December 2006 in the *Stiefel I* action falsely alleged that he had exhausted his EEOC administrative remedies. At that point he had yet to even visit the EEOC.

state court administrative agency such as the DFEH has terminated its processing of a state charge, "whichever is earlier." 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1626.7(a).

Instead, Stiefel's opposition contains a lengthy recitation of the procedure for dual-filing of EEOC charges in states where a state agency has entered into a worksharing agreement with the EEOC. Stiefel argues that, despite receiving the Notice of Case Closure from the DFEH informing him he needed to file an EEOC charge within 30 days if he wanted a federal right-to-sue, he was relieved of these obligations. Stiefel is incorrect. The dual-filing procedures are set forth in 29 C.F.R. § 1626.10(c), which provides:

> When a worksharing agreement with a State agency is in effect, the State agency will act on certain charges and the Commission will promptly process charges which the State agency does not pursue. Charges received by one agency under the agreement shall be deemed received by the other agency *for purposes of § 1626.7.*

(Emphasis added).

Stiefel is correct that the DFEH is an appropriate state agency and has entered into a workshare agreement with the EEOC. Stiefel is incorrect, however, in arguing that these procedures automatically transform his DFEH charge into an EEOC filing and relieve him of the obligation to file a timely EEOC charge. First, it was **Stiefel** who chose **not** to trigger any workshare agreement between the two agencies by requesting that the DFEH issue him an immediate right-to-sue notice, rather than to have that agency conduct an investigation or dual-file his charge with the EEOC. That is why the DFEH, in its right-to-sue notice issued at Stiefel's request, informed him that he needed to visit the EEOC within 30 days if he wanted an EEOC right-to-sue notice. The DFEH would not have informed him of his statutory obligation to file an EEOC charge within 30 days if he wanted an federal right-to-sue notice if, to the contrary, his DFEH charge acted as an automatic filing with the DFEH under a workshare agreement.

Stiefel himself has acknowledged he was required to file a separate EEOC charge. In 2007, in response to a motion to dismiss in *Stiefel I*, Stiefel argued to this Court that his federal ADA claim should not be dismissed because he still intended to file an EEOC charge. It was based on this representation that this Court dismissed his *Stiefel I* ADA claim **without prejudice**, and shortly thereafter, in March 2007, Stiefel did, in fact, file an EEOC charge. He certainly

would not have made this argument to this Court, nor would he have later filed an EEOC charge, if—as he now argues—an EEOC charge was never required.

Second, while 29 C.F.R. § 1626.10(c) does provide that a claim received by a state agency may be "deemed received" by the EEOC, it is only deemed received "for purposes of Section 1626.7." Section 1626.7 provides that in the event an aggrieved party initially files a charge with a state agency, that party has 300 days from the date of the alleged violation, or 30 days after receiving notice the state has terminated its processing of his charge, to file a charge with the EEOC as opposed to the statutorily proscribed 180 days. 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1626.7. In other words, this provision extends a plaintiff's time to file an EEOC charge from 180 days to 300 days, or in the case when (as here) a plaintiff has originally filed a charge with a state agency, to 30 days after the state agency terminates the processing of a state charge.[2] Stiefel never complied with these procedures, and instead waited more than a year, until **March 2007**, to file his EEOC charge.

A nearly identical scenario was addressed by the Eastern District of California in *Parker-Reed v. Sprint Corporation*, 2005 U.S. Dist. LEXIS 23791 (Oct. 14, 2005) (a copy of which is attached hereto). There, the plaintiff filed a DFEH charge alleging disability discrimination, and in the right-to-sue letter the DFEH apprised the plaintiff that, should she wish to pursue remedies under federal law, she was required to file a complaint with the EEOC within 30 days of receipt of the DFEH letter. Plaintiff did not comply with this notice and never filed her EEOC charge. In dismissing her case, the court analyzed these provisions and held that these provisions merely extended the time to file an EEOC charge, and did not relieve plaintiffs of their obligation to do so. *See, e.g.*, 29 C.F.R. § 1601.13(b)(2)(ii) ("If the [state] agency proceedings have been

---

[2] This provision is intended to avoid claims of untimely filing of federal charges as a result of deferral procedures described in 29 C.F.R. § 1601.13. In order to encourage states to adopt their own procedures to combat discrimination, § 1601.13(a)(2)(ii) provides that states have exclusive jurisdiction to process discrimination charges for 60 days, although a state agency can waive this exclusive right to process the claim, as set forth in § 1601.13(a)(2)(iii). Extending the deadline to file a claim from 180 to 300 days allows further time for the agencies to address the administrative charges through conciliation or other methods without forcing employees to file claims prematurely.

terminated, the charge may be timely filed with the Commission within 30 days of receipt of notice that the [state] agency proceedings have been terminated or within 300 days from the date of the alleged violation, whichever is earlier.").

Stiefel's citation to *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172 (9th Cir. 1995) does not change this analysis. In *Laquaglia*, the court held that the state charge was deemed "dual-filed" with the EEOC so long as the state charge "was intended to be forwarded under the worksharing agreement." *Id.*, at 1176. Here, the DFEH obviously never intended that Stiefel's charge would be "dual-filed" or otherwise "forwarded under the worksharing agreement." Instead, Stiefel was told *in writing* by the DFEH that he needed to file an EEOC charge within 30 days if he wanted to exhaust his federal administrative remedies. Stiefel would not be told by the DFEH to visit the EEOC in order to file a federal charge if the DFEH intended to forward the state charge under its workshare agreement.

### B. Time-Barred Incidents May Only Be Considered In a Hostile Work Environment Claim.

By citing to *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002), only for the position that adverse employment actions in or prior to March 2006 are admissible as "background evidence," Stiefel effectively concedes—contrary to the allegations he made in his complaint—that employment actions occurring prior to that time are not actionable. *Morgan* repeatedly holds that discrete discriminatory actions, such as termination and the failure to provide a reasonable accommodation, are not actionable if time-barred. *Morgan, supra*, 536 U.S. at 113 ("First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."); *Id.*, at 114 ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"); (". . . only incidents that took place within the timely filing period are actionable.").

Because the holdings in *Morgan* are clear, Stiefel effectively concedes this point, and only argues that that these time-barred events are somehow "admissible" (but not actionable) as

"background evidence" with respect to the alleged failure to rehire him in October 2006. Based on this concession, the Court should dismiss and strike these claims.

Further, Stiefel is wrong when he argues *Morgan* permits admission of these earlier, time-barred events as "background evidence" in this case. *Morgan* drew a distinction between a claim for discrimination based on discrete acts, which Stiefel brings, and one based on a hostile work environment, which he does not bring. The *Morgan* court explained that a "hostile work environment claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice,'" and that '[i]t does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period.'" *Morgan, supra*, 536 U.S. at 117. Morgan further held "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

> As long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has 'occurred,' even if it is still occurring. Subsequent events, however, may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole.

In other words, the argument that untimely events may be considered as "background evidence" relates only to hostile work environment claims, not for discrimination based on discrete employment actions such as termination of the failure to provide a reasonable accommodation. *Morgan*, supra, 536 U.S. at 114 ("While Morgan alleged that he suffered from numerous discriminatory and retaliatory acts from the date that he was hired through March 3, 1995, the date that he was fired, only incidents that took place within the timely filing period are actionable.").

///
///
///
///
///
///

1       Stiefel's claims are only based on exclusive employment actions (i.e., his March 2006 termination, the alleged failure to accommodate his thumb injury), and therefore all his claims except for the alleged failure to rehire him in October 2006 are time-barred.

DATED: February 4, 2008       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  s/Thomas M. McInerney
Thomas M. McInerney
Attorneys for Defendants
BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY

3 of 3 DOCUMENTS

ELAINE PARKER-REED, Plaintiff, v. SPRINT CORPORATION, GEORGE WHITE, and DOES 1-49, inclusive, Defendant(s).

NO. CIV. S 03-2616 MCE PAN

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

2005 U.S. Dist. LEXIS 23781

October 14, 2005, Decided

**SUBSEQUENT HISTORY:** Stay denied by *Parker-Reed v. Sprint Corp.*, 2005 U.S. Dist. LEXIS 24308 (E.D. Cal., Oct. 20, 2005)
Reconsideration denied by *Parker-Reed v. Sprint Corp.*, 2005 U.S. Dist. LEXIS 28269 (E.D. Cal., Nov. 16, 2005)

**COUNSEL:** [*1] For Elaine Parker-Reed, Plaintiff: Bethania Maria, Law Office of Bethania Maria, Sacramento, CA; Emenike A Iroegbu, Law Offices of Emenike A. Iroegbu, Sacramento, CA.

For Sprint Corporation, Defendant: Lloyd C Loomis, Sonnenschein Nath and Rosenthal, Los Angeles, CA; Sonia Renee Martin, Joma Jones, Sonnenschein Nath and Rosenthal LLP, San Francisco, CA.

**JUDGES:** MORRISON C. ENGLAND, JR, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MORRISON C. ENGLAND , JR

**OPINION**

MEMORANDUM AND ORDER

In bringing the present action, Plaintiff Elaine Parker-Reed ("Plaintiff") alleges that Defendant Sprint Corporation ("Defendant"), and George White as its agent, subjected Plaintiff to discrimination, sexual harassment, retaliation and a hostile work environment in violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), *42 U.S.C. § 2000e et. seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), *29 U.S.C § 621 et. seq.*, the American's with Disabilities Act ("ADA"), *42 U.S.C. § 12101, et. seq.*, and the California Fair Employment and Housing Act ("FEHA"), *California Government Code §§ 12900-12996* [*2] . Defendant now moves to dismiss certain of Plaintiff's claims or, in the alternative, for summary adjudication as to those claims. [1] For the reasons set forth below, summary adjudication of Plaintiff's Federal Claims and State Claim in favor of Defendant is granted. [2]

> 1   The federal claims that are the subject of this motion are Discrimination Based on Sex (first cause of action); Discrimination Based on Race and Ancestry (second cause of action); Discrimination Based on Age (third cause of action); Discrimination Based on Medical Condition and Mental Disability (fourth cause of action); Harassment Based on Sex (fifth cause of action); Retaliation (sixth cause of action); Failure to Stop Discrimination, Harassment, Retaliation, and Hostile Work Environment (eighth cause of action);(collectively, "Federal Claims"). The state claim that is the subject of this motion is Breach of the Employment Agreement and of the Covenant of Good Faith and Fair Dealing (tenth cause of action) ("State Claim").
>
> 2   Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[*3] **BACKGROUND**

Plaintiff was hired by Defendant in May of 1989. In late 2001, Plaintiff went on medical leave pursuant to instructions from her physician. By February 15, 2002, Plaintiff's employment was terminated by Defendant. On August 20, 2002, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") alleging claims of discrimination and otherwise wrongful conduct on the part of Defendant. On September 12, 2002, the DFEH issued Plaintiff a "right-to-sue" letter ("DFEH letter"). The DFEH letter explained that Plaintiff had one year from the date it was

Case 3:08-cv-00037-H-WMC   Document 9   Filed 02/04/2008   Page 12 of 15

Page 2
2005 U.S. Dist. LEXIS 23781, *

issued to seek legal redress on state law causes of action. The DFEH letter also provided that, should Plaintiff wish to pursue remedies under federal law, she was required to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 30 days of receipt of the DFEH letter. Due to an error in her address, Plaintiff did not receive her DFEH letter until some forty-five (45) days after the issuance thereof. Plaintiff did not then, nor has she ever, filed a claim with the EEOC.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the [*4] pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. One of the principal purposes of *Rule 56* is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*.

*Rule 56* also allows a court to grant summary adjudication on part of a claim or defense. See *Fed. R. Civ. P. 56 (a)* ("A party seeking to recover upon a claim . . . may . . . move . . . for a summary judgment in the party's favor upon all or any part thereof."); see also *Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992)*.

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See *Fed. R. Civ. P. 56(a), 56(c)* [*5] ; *Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998)*.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett, 477 U.S. at 323*(quoting *Rule 56(c)*).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968)*.

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *Fed. R. Civ. P. 56(e)* [*6] . The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Owens v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1987)*. Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson, 477 U.S. at 251* (quoting *Improvement Co. v. Munson, 81 U.S. 442, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)*). As the Supreme Court explained, "[w]hen the moving party has carried its burden under *Rule 56(c)*, its opponent must do more that simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational [*7] trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Matsushita, 475 U.S. at 586-87*.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson, 477 U.S. at 255*. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985)*, aff'd, *810 F.2d 898 (9th Cir. 1987)*.

## ANALYSIS

### 1. Exhaustion of Administrative Remedies

Defendant first contends that Plaintiff's Federal Claims should be dismissed because she failed to exhaust her administrative remedies. In reply, Plaintiff urges that her DFEH complaint and subsequent DFEH right-to-sue letter satisfy both her state and federal administrative exhaustion requirements.

Plaintiff has brought causes of action under Title VII, the ADA and the ADEA. In order to assert a cause of action [*8] under any of these federal statutes, an indi-

vidual must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. *42 U.S.C. § 2000e-5(e) (1)* (Title VII filing requirement); *42 U.S.C. § 12117(a)* (ADA filing requirement); *29 U.S.C. § 626(d)* (ADEA filing requirement). Failure to meet these filing requirements acts as a limitation period and bars subsequent actions in federal court.

Plaintiff's axial argument is that, pursuant to *29 C.F.R. 1626.10 (c)*, the DFEH and the EEOC are engaged in a workshare agreement meaning that a filing with one agency is deemed received or filed with the other. In fact, *section 1626.10(c)* provides as follows:

> When a worksharing agreement with a State agency is in effect, the State agency will act on certain charges and the Commission will promptly process charges which the State agency does not pursue. Charges received by one agency under the agreement shall be deemed received by the other agency *for purposes of § 1626.7*.

*29 C.F.R. 1626.10(c)* (emphasis added).

[*9] Plaintiff is correct that the DFEH is an approved state agency and has entered into a workshare agreement with the EEOC. Plaintiff's contention, however, that the foregoing provision acts to transform her DFEH filing into an EEOC filing such that it satisfies her EEOC administrative exhaustion requirement is unavailing. While this provision does provide that a claim received by a state agency is "deemed received" by the EEOC, it is only deemed received "for purposes of *Section 1626.7*." *29 C.F.R. 1626.10(c)*. *Section 1626.7* refers solely to the timeliness, as opposed to the existence, of an EEOC charge. Specifically, that section provides that in the event an aggrieved party initially files a charge with a state agency, that party has 300 days from the date of the alleged violation to file a charge with the EEOC as opposed to the statutorily proscribed 180 days. *42 U.S.C. § 2000e-5(e) (1)*; *29 C.F.R. 1626.7*. This provision extended Plaintiff's time to file her EEOC charge from 180 days to 300 days. Nonetheless, Plaintiff has never filed a claim with the EEOC and this provision does nothing to cure that procedural [*10] defect.

### 2. Equitable Estoppel

Next, Plaintiff argues that her DFEH claim should act to equitably estop Defendant from claiming that her Federal Claims are time barred. Again, Defendant correctly rebuts that equitable estoppel "arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." *Prudential-Lmi Com. In's. v. Superior Court, 51 Cal. 3d 674, 690, 274 Cal. Rptr. 387, 798 P.2d 1230 (Cal. 1990)* (internal citations and quotations omitted). The California Supreme Court has also explained that "[t]he estoppel cases appear to fall roughly into three classes: (1) Where the plaintiff is aware of his cause of action and the identity of the wrongdoer, but the latter by affirmative acts induces the plaintiff to refrain from suit. (2) Where the plaintiff is unaware of his cause of action and his ignorance is due to false representations by the defendant. (3) Where the plaintiff is unaware of the identity of the wrongdoer and this is due to fraudulent concealment by the defendant." Id.

It is undisputed that Defendant did not engage in any conduct or affirmative act that would have induced Plaintiff not to file her claim timely. [*11] Similarly, Plaintiff was clearly aware of her cause of action no later than her August 20, 2002, DFEH filing. Because Plaintiff has failed to establish any element of equitable estoppel, she is not entitled to rely thereon to save her Federal Claims.

### 3. Equitable Tolling

Similarly, Plaintiff argues that this Court should apply the doctrine of equitable tolling to toll the statutory bar on her Federal Claims. Equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant. The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." *Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir., 2003)* (internal citations and quotations omitted). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations until the plaintiff can gather what information she needs. Id.

There is no question that Plaintiff was aware of the circumstances that gave rise to her Federal [*12] Claims at the time she filed her complaint with the DFEH on August 20, 2002. At the latest, she was made aware of the EEOC filing requirement when she received her DFEH letter in late October 2002. In fact, the DFEH letter included the following statement:

> "If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier."

Am. Compl., P 7.

Plaintiff had actual knowledge of the time limit for filing her EEOC complaint by late October 2002. Nonetheless, she did not file her EEOC claim within the mandatory time period or at any time thereafter. Consequently, she is not entitled to have the statutory time for filing a charge with the EEOC equitably tolled and, thus, her Federal Claims are barred.

### 4. Breach of Employment Agreement and of the Covenant of Good Faith and Fair Dealing

Defendant has moved for summary adjudication as to Plaintiff's tenth cause of action for breach of the employment agreement and of the covenant of good faith and fair dealing.

[*13] Defendant claims that Plaintiff is an at-will employee and can be terminated at any time with or without cause. As evidence of the at-will nature of the relationship, Defendant has produced a copy of Plaintiff's signed acknowledgment which provides that either party may, with or without notice, terminate the employment relationship. Jones Decl., P 2, Exh. A. In addition, Defendant relies on the presumption of an at-will relationship created by *California Labor Code section 2922* which provides that ". . . employment, having no specified term, may be terminated at the will of either party on notice to the other."

Plaintiff's complaint alleges that during the entire course of her employment with Defendant, supervisors rated her performance as over and above normal expectations and told her that she was an asset to the company. Plaintiff asserts that, as a result of the above representations, she came to rely on the promise of job security. Plaintiff also alleges that there existed an implied agreement that Plaintiff would not be terminated without cause.

Defendant correctly notes that under California law, an express at-will provision in a written contract cannot [*14] be overcome by allegations of an implied understanding to the contrary. The California Supreme Court recently explained that "most cases applying California law . . . have held that an at-will provision in an express written agreement, signed by the employee, cannot be overcome by proof of an implied contrary understanding." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 368 n. 10, 100 Cal. Rptr. 2d 352, 8 P.3d 1089 (Cal. 2000). Plaintiff's assertion that statements by her supervisors intimated that she could be fired only for cause cannot create an implied contract in the face of the written, signed at-will employment contract. See id.; see also *Starzynski v. Capital Pub. Radio*, 88 Cal. App. 4th 33, 105 Cal. Rptr. 2d 525 (Cal. Ct. App. 2001).

Plaintiff further alleged in her complaint that even if her employment is considered at-will, the covenant of good faith and fair dealing, implied by law in every contract, destroyed her right to receive the benefits of her employment agreement and thwarted her reasonable expectation of continued employment, salary, promotions, pay raises, bonuses, health benefits, and retirement benefits. While an implied covenant requires mutual fairness [*15] in applying a contract's actual terms, it cannot substantively alter those terms. See *Guz*, 24 Cal. 4th at 326-327. If an employment is at-will, thereby allowing either party to terminate the relationship for any reason, the implied covenant cannot decree otherwise. Id.

Even viewing all the facts in the light most favorable to Plaintiff as we must when considering a motion for summary adjudication, Plaintiff has failed to present any evidence that she was other than an at-will employee subject to termination for any lawful reason with or without notice. Given Plaintiff's failure to present any evidence whatsoever that Defendant violated the employment agreement or the implied covenant of good faith and fair dealing, summary adjudication of Plaintiff's State Claim is appropriate.

### 5. Request to Seal Court Records

On September 30, 2005, the Court received a request from Plaintiff to seal the record in this case. Specifically, Plaintiff requests that the record be sealed as it contains factual, family, agency and otherwise sensitive information. The Court finds that Plaintiff has failed to provide good cause to seal the record. Consequently, Plaintiff's [*16] request is denied.

### CONCLUSION

For the reasons more fully explained above, Defendant's motion for summary adjudication as to Plaintiffs Federal Claims and State Claim is GRANTED. In light of the dismissal of all of Plaintiff's Federal Claims, the Court remands this case to the state court for all remaining state law claims.

IT IS SO ORDERED.

DATED: October 14, 2005

MORRISON C. ENGLAND, JR

UNITED STATES DISTRICT JUDGE

### JUDGMENT IN A CIVIL CASE

**XX -- Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

**THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER OF 10/17/05**

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

    On February 4, 2008, I served the following document(s) described as:

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION<br>TO DISMISS AND/OR STRIKE

on the persons below as follows:

| | |
|---|---|
| DANZ & GERBER<br>STEPHEN F, DANZ SBN 68318<br>13418 VENTURA BOULEVARD<br>SHERMAN OAKS, CA. 91423<br>TEL: (818) 783-7300 FAX: (818) 995-7159 | DANZ & GERBER<br>MARCUS JACKSON SBN 205792<br>1550 HOTEL CIRCLE NORTH, SUITE 170<br>SAN DIEGO, CA. 92108<br>TEL: (619) 297-9400 FAX: (619) 297-9444 |

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐     deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒     placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐    (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)     I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 4, 2008, at San Francisco, California.

Susan Robinson                                            /s/ Susan Robinson
Type Name                                                       Signature