# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL,<br><br>                Plaintiff,<br>vs.<br><br>BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY,<br><br>                Defendants. | CASE NO. 08-CV-0037 H (WMC)<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** |

On October 11, 2007, plaintiff James Richard Stiefel ("Plaintiff") filed a complaint in the Superior Court for the State of California, County of San Diego, against defendants Bechtel Corporation and Bechtel Construction Company ("Defendants"). Plaintiff's complaint asserts claims for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (<u>See</u> Doc. No. 1, Ex. A.) Defendants were served with the summons and complaint on December 7, 2007, and on January 7, 2008 Defendants removed the case to this Court. (Doc. No. 1.)

On January 14, 2008, Defendants filed a motion to dismiss Plaintiff's complaint and, alternatively, to strike certain matters from Plaintiff's complaint. (Doc. No. 5.) Plaintiff filed an opposition on January 28, 2008. (Doc. No. 8.) Defendants have filed a reply. (Doc. No. 9.) The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this

matter without oral argument.  For the following reasons, the Court grants with leave to amend Defendants' motion to dismiss and denies as moot Defendants' motion to strike.

## Background

The following facts are drawn from the allegations of the complaint and the parties' requests for judicial notice, which the Court grants in their entirety.  Fed. R. Evid. 201(b), (d); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

**Factual Basis of Plaintiff's Claims**

Defendants perform services at the San Onofre Nuclear Generating Station ("SONGS") pursuant to a contract with Southern California Edison.  (Compl. ¶ 4.)  Beginning in May of 2004, Defendants employed Plaintiff as an ironworker in the facilities department of SONGS.  (Id. ¶ 7.)  In November of 2005, Defendants moved Plaintiff to the Unit 1 decommissioning project.  (Id. ¶ 8.)  Shortly thereafter, Plaintiff reported to personnel employed by Defendants the names of people involved with an emergency boom lift malfunction.  (Id. ¶ 13.)  In December of 2005, Plaintiff brought to his supervisor's attention a cracked weld in a system designed to remove radioactive material in the containment building which housed the nuclear reactor.  (Id. ¶ 15.)  On January 31, 2006, Plaintiff injured his left thumb while employed by Defendants.  (Id ¶ 16.)

Plaintiff's complaint alleges that a Bechtel worker's compensation doctor treated Plaintiff.  (Id. ¶ 17.)  The doctor placed Plaintiff's thumb in a splint and scheduled a follow-up appointment.  (Id.)  Plaintiff saw the doctor again on February 7, 2006, and the doctor placed Plaintiff's thumb in a splint and advised him that he could perform full time regular duties with no restrictions.  (Id. ¶ 19.)  The complaint alleges that the doctor failed to properly diagnose or treat the injury because, in fact, the injury required complete immobilization and restrictions on Plaintiff's job duties.  (Id.)

On February 8, 2006, Plaintiff returned to his work area.  (Id. ¶ 20.)  John Patterson, a Southern California Edison ("SCE") supervisor, indicated that he wanted the SCE safety department to review the circumstances to assure proper procedure was followed in light of Plaintiff's injury.  (Id.)  The next day, Plaintiff met with Mr. Patterson  and informed him

that Plaintiff was concerned that Defendants would retaliate against him because of Mr. Patterson's involvement. (Id. ¶ 22.)

The complaint alleges that, after SCE became involved, Defendants arranged an appointment with an orthopedist for Plaintiff. (Id. ¶ 24.) The orthopedist determined that Plaintiff had a torn tendon and placed Plaintiff's left hand in a cast. (Id.) He released Plaintiff to return to work, but only on light duty with no use of his left hand. (Id.)

On February 14, 2006, Plaintiff was assigned work that complied with the orthopedist's instructions. (Id. ¶ 26.) Two days later, however, Defendants allegedly assigned Plaintiff several tasks (e.g., welding, grinding, climbing ladders) that required the use of both of Plaintiff's hands. (Id.) The complaint alleges that Defendants assigned these painful and dangerous tasks to Plaintiff in order to intentionally punish him. (Id.)

On March 6, 2006, Defendants laid off Plaintiff in what Defendants characterized as a "medical reduction in force." (Id. ¶ 28.) At all times after that date, the complaint alleges that Defendants have persistently discriminated against Plaintiff by passing him up for jobs that need staffing whenever such jobs become available each month. (Id.)

Plaintiff underwent surgery on his hand in June of 2006. (Id. ¶ 30.) In late October 2006, Plaintiff's doctor released Plaintiff to work in a light duty capacity. (Id.) The complaint alleges that Defendants have refused to put Plaintiff back to work, stating that no light duty work is available. (Id. ¶ 30.) Defendants allegedly have declined "on a monthly basis" to hire Plaintiff for jobs because Defendants maintain a policy against rehiring an injured employee without a full medical release. (Id. ¶ 30.)

**Plaintiff's Administrative Complaints**

In April of 2006 Plaintiff filed a discrimination complaint under FEHA with the California Department of Fair Employment and Housing ("DFEH"). (See Defs.' RJN, Ex. B.) Plaintiff's complaint detailed the alleged discrimination as follows: "I raised safety concerns - I was forced to use improper tools resulting in an injury to myself. I went outside the chain of command and was retaliated against." (Id.) In a letter dated May 8, 2006, the Department of Fair Employment and Housing closed Plaintiff's complaint and

1  issued him a right-to-sue notice pursuant to Plaintiff's request that the DFEH immediately
2  issue him a right-to-sue. (Id.) The letter informed Plaintiff that, if he desired a federal
3  right-to-sue notice, he must file a complaint with the EEOC within 30 days of receiving the
4  letter from the California agency. (Id.)

Plaintiff filed a complaint of discrimination with the EEOC on March 16, 2007.
(Defs.' RJN, Ex. F.) In that complaint, Plaintiff stated in relevant part:

> Since March 2006 I have repeatedly been denied a reasonable accommodation. Instead, [the ironworker foreman] continued to assign me work which exceeded my medical restrictions. I was terminated on a medical reduction in force but was released to return to work by my physician in October 2006. However, my employer has refused to allow me to return to work in retaliation for having requested an accommodation.
>
> I believe I was discriminated against due to my disability and retaliated against for having requested an accommodation and for having raised issues of unsafe working conditions in violation of [the ADA]. The safety dept. for Southern California Edison also got involved.

(Defs.' RJN, Ex. F.) At some point less than 180 days[1] after Plaintiff filed that complaint with the EEOC, the EEOC issued Plaintiff a right-to-sue notice. (Id.)

**Previous Case Between These Parties**

This is the second case in this Court arising from Plaintiff's alleged hand injury and subsequent retaliation by Defendants. On June 21, 2006, Plaintiff filed a complaint in state court against Bechtel Corporation. (See Defs.' Request for Judicial Notice ("Defs.' RJN"), Ex. A.) That complaint alleged only state law claims, including disability discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"). (Defs.' RJN, Ex. A.) Bechtel removed the case to this Court on July 13, 2006, thereby

---

[1] Defendants have submitted a copy of the right-to-sue notice, but the "date mailed" section is illegible. (See Defs.' RJN, Ex. F.) A box on the form was checked indicating that "[l]ess than 180 days have passed since the filing of this charge, but [the EEOC has] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." (Id.)

commencing Case No. 06-CV-1414 H (WMC).  (Case No. 06-CV-1414 ("'1414") Doc. No. 1.)  On December 27, 2006, Plaintiff filed a first amended complaint alleging various state law claims as well as claims under the ADA and the Rehabilitation Act, 29 U.S.C. § 701 et seq.  ('1414 Doc. No. 21.)  On April 10, 2007, the Court dismissed without prejudice Plaintiff's disability discrimination and retaliation claims to the extent those claims were based on the ADA.  The Court's dismissal was based on Plaintiff's statements, in his briefing and in a February 26, 2007 hearing, that he did not have a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding his ADA claims.[2]  ('1414 Doc. No. 41.)

## Discussion

**Motion to Dismiss**

Defendants seek dismissal of Plaintiff's claims of discrimination under the ADA to the extent those claims relate to employment actions occurring prior to and including Defendants' termination of Plaintiff, which occurred in March of 2006.

### Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

///

---

[2] The Court dismissed with prejudice Plaintiff's state law claims.  Plaintiff filed a second amended complaint alleging only state law claims.  (See '1414 Doc. No. 42.)  The Court dismissed that complaint with prejudice on July 13, 2007.  ('1414 Doc. No. 51.)  For purposes of the present case, where Plaintiff asserts only federal claims under the ADA, neither dismissal is relevant.

**The ADA's Requirement of an Administrative Claim**

Congress specified in the ADA that "[t]he powers, remedies, and procedures set forth in section[] 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter." 42 U.S.C. § 12117(a). Accordingly, the ADA expressly incorporates Title VII's requirement that a plaintiff, before filing suit, must file an administrative claim with the EEOC. That requirement specifies, "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter." 42 U.S.C. § 2000e-5(1).

The timeline differs slightly, however, in cases where the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from" the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(1). In that situation, the EEOC charge "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." Id. "A claim is time barred if it is not filed within these time limits." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

The Court concludes that Plaintiff failed to timely file a charge with the EEOC regarding Defendants' acts prior to and including Plaintiff's termination on March 6, 2006. With respect to those claims, Plaintiff filed a charge with the California DFEH in April of 2006. That agency terminated its proceedings (at Plaintiff's express request) on May 8, 2006. Therefore, Plaintiff was required to file a charge with the EEOC "within thirty days after receiving notice" of the state agency's termination of its proceedings. 42 U.S.C. § 2000e-5(1). The DFEH warned Plaintiff of this requirement in its letter of May 8, 2006.

However, Plaintiff did not file his EEOC charge until March of 2007. The Court concludes that Plaintiff's ADA claims are time barred to the extent they are based on alleged violations during Plaintiff's employment and including his termination. Plaintiff's complaint alleges three claims – discrimination, failure to accommodate, and retaliation – based on events prior to March of 2006. Those claims must be dismissed.

### Conclusion

The Court grants Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(6). If Plaintiff wishes to pursue claims that are not time-barred or that fall within an exception to the pre-filing requirements of 42 U.S.C. § 200e-5(1), Plaintiff may file an amended complaint within 30 days of the date this Order is stamped "filed." The Court denies as moot Defendants' motion to strike.

IT IS SO ORDERED.

DATED: February 7, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT