1 | **STEPHEN DANZ & ASSOCAITES**
STEPHEN F. DANZ SBN 68318
2 | MARCUS JACKSON SBN 205792
(marcus@jacksonlitigation.com)
3 | 1550 HOTEL CIRCLE NORTH, SUITE 170
SAN DIEGO, CA. 92108
4 | TEL: (619) 297-9400
FAX: (619) 297-9444
5 |
Attorneys for Plaintiff JAMES RICHARD STIEFEL
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **SOUTHERN DISTRICT OF CALIFORNIA**
10 |
11 |

| | |
|---|---|
| JAMES RICHARD STIEFEL, an individual; | CASE NO.: 08 CV 0037 H (WMc) |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED UPON**:** |
| v. | |
| BECHTEL CORPORATION, a Corporation; BECHTEL CONSTRUCTION COMPANY, a Corporation; and DOES 1 through 100, INCLUSIVE, | 1.)  DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; 2.)  FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; and |
| Defendants. | 3.)  RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, JAMES RICHARD STIEFEL (hereinafter referred to as "MR. STIEFEL" or "Plaintiff"), upon information and belief, alleges the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction because the claims asserted herein arise under federal law and at all relevant times herein Plaintiff resided in this County, BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY are located in this County and do business in this

1.
FIRST AMENDED COMPLAINT

1   County and all events constituting the conduct set forth in this Complaint occurred in this County of

2   San Diego.

3          2.      Venue is proper in this Court because the wrongful conduct alleged herein occurred

4   in this County, the records relevant to Defendants' business are maintained in this County and all of

5   the parties reside in, are located in, or operate in this County.  Moreover, venue is proper within this

6   Division because Plaintiff and Defendants reside/resided in, are located in, or operate in this

7   Division and the events described below occurred in this Division.

8                                            **PARTIES**

9          3.      Plaintiff MR. STIEFEL is and was at all relevant times herein an adult resident of

10  San Diego County.

11         4.      Defendants BECHTEL CORPORATION ("BECHTEL CORP.") and BECHTEL

12  CONSTRUCTION COMPANY ("BCC") (both of which hereinafter referred to as "BECHTEL")

13  are and were at all relevant times herein corporations, with their principal places of business in

14  California, doing business in San Diego County.  BECHTEL was at all times relevant herein a

15  subcontractor of SOUTHERN CALIFORNIA EDISON ("SCE") working on various projects at the

16  San Onofre Nuclear Generating Station ("SONGS").

17         5.      Plaintiff is unaware of the true identities of the Defendants, whether individual,

18  corporate, associate or otherwise, sued herein as Does 1 through 100 inclusive.  Therefore Plaintiff

19  sues them by such fictitious names pursuant to California Code of Civil Procedure Section 474.

20  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants

21  was responsible at least in part for the occurrences alleged herein and is therefore liable to Plaintiff

22  for the damages caused thereby.  Plaintiff reserves the right and will seek leave to amend this

23  Complaint to substitute their true identities once these have been ascertained.  To the extent the

24  conduct below was perpetrated by certain Defendants, the named Defendant or Defendants

25  confirmed and ratified the same.

26         6.      Plaintiff is informed and believes and, on that basis alleges, that at all times herein

27  mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in the

28  acts and conduct alleged herein and therefore incurred liability to Plaintiff or the acts alleged below.

1  Plaintiff is further informed and believes and, on that basis, alleges that at all times herein

2  mentioned, all the Defendants were acting within the course and scope of their employment and/or

3  said agency.

4  **GENERAL BACKGROUND FACTS**

5      7.    MR. STIEFEL began his employment at BECHTEL on or about May 1, 2004 as an

6  ironworker in the facilities department of SONGS.  He worked in that capacity for approximately

7  one and a half years until BECHTEL transferred him to another area.

8      8.    BECHTEL moved MR. STIEFEL to the Unit 1 decommissioning project on or

9  about November 2005.

10      9.    During November 2005 while MR. STIEFEL was employed with the Unit 1

11  decommissioning project at SONGS, there was an incident with the boom lift.  He and another

12  worker were stuck ninety feet in the air on the boom lift as numerous workers on the ground had

13  trouble operating the controls on the lift.  Numerous workers continued to endanger them by

14  manipulating the controls, at one point causing the front wheels to rise six inches off the ground.

15      10.    MR. STIEFEL radioed to the workers below to stop manipulating the controls as

16  directed by the safety precautions of the lift manual.  The proper procedure is to call a vendor to

17  come to aid in such an emergency situation.

18      11.    The local fire department arrived to assist with the emergency caused by the boom

19  lift malfunction. They intended to rescue MR. STIEFEL and the other worker from the boom lift,

20  but BECHTEL supervisors including JIM CARROLL and the safety representative HECTOR

21  TELLEZ refused to let the fire department get involved.  They insisted on handling the emergency

22  without assistance from the local fire department.

23      12.    As a result, MR. STIEFEL and the other employee were stuck on the lift for more

24  than three hours imperiled further by the haphazard manipulation of the controls by the employees.

25      13.    BECHTEL personnel interviewed MR. STIEFEL concerning the emergency boom

26  lift malfunction.  MR. STIEFEL duly reported the names of people involved, including those on the

27  ground manipulating controls and those refusing assistance from the fire department.

28

14.     BECHTEL supervisor JIM CARROLL learned that MR. STIEFEL duly reported the emergency boom lift malfunction, including the fact that he mentioned JIM CARROLL's involvement.  JIM CARROLL refused to acknowledge or speak to MR. STIEFEL for a period after that time and demonstrated animosity toward MR. STIEFEL.

15.     In December 2005, MR. STIEFEL's crew was fabricating and preparing to install a system to remove radioactive material in the containment building, which housed the reactor.  He found a cracked weld and brought it to JIM CARROLL's attention.  A subsequent inspection determined that up to ninety-five percent of the welds were bad.   The resulting repairs delayed the project for five months.  JIM CARROLL made a point of criticizing MR. STIEFEL for reporting the cracked weld.  He made comments such as, "Richard why did you have to open your damn mouth?" and, "You shouldn't have said anything about it."

16.     On or about January 31, 2006, MR. STIEFEL was working when he got his hand wedged in a piece of equipment.  He had been directed to use a specific tool by his foreman, despite the fact it was not the proper tool to safely perform the task.

17.     During that incident on or about January 31, 2006, MR. STIEFEL suffered an injury to his left thumb which turned out to be a torn tendon.  Dr. Earl Miller, a BECHTEL worker's compensation doctor treated MR. STIEFEL.  He placed his thumb in a splint and scheduled a follow up appointment on February 3, 2006 at 10:00 am.  MR. STIEFEL arranged transportation to the appointment with BECHTEL safety officers pursuant to long-standing rules prohibiting him from operating his own vehicle on company time while injured.  In fact, no safety officer provided any transportation to MR. STIEFEL causing him to miss his appointment with Dr. Miller.

18.     On the evening of February 3, 2006, a BECHTEL insurance carrier telephoned MR. STIEFEL to inquire as to the reason for missing the appointment.  MR. STIEFEL explained that BECHTEL should transport him to the appointment pursuant to long-standing procedures and the risk of driving with an injured hand.  This issue became a point of contention with BECHTEL.

19.     On February 7, 2006, MR. STIEFEL saw DR. EARL MILLER once again.  He examined his thumb and replaced it in a splint.  He set up an orthopedic appointment and released MR. STIEFEL without properly diagnosing or treating the injury.  Dr. EARL MILLER advised that

4.
FIRST AMENDED COMPLAINT

1   MR. STIEFEL was fit to perform full time regular duties with no restrictions.  In fact, MR.

2   STIEFEL had suffered a work related torn tendon and torn ligament in this thumb, which required

3   complete immobilization and restrictions on his job duties.

4        20.    Notwithstanding the foregoing, MR. STIEFEL returned to work as instructed by DR.

5   EARL MILLER.  He spoke to BECHTEL Jobsite Superintendent MIKE RODRIGUEZ and showed

6   him the paperwork from the doctor and the insurance carrier.  MR. STIEFEL expressed his concern

7   that he could not perform normal duties given the injury to his thumb.

8        21.    On February 8, 2006, MR. STIEFEL returned to his work area.  He then met with

9   SCE employee DAN STEMPLE, and SCE supervisor JOHN PATTERSON who is in charge of the

10  Unit 1 decommission.  JOHN PATTERSON indicated he wanted the Edison safety department to

11  review the circumstances to assure proper procedure in light of MR. STIEFEL's injury.

12       22.    On February 9, 2006, MR. STIEFEL told JOHN PATTERSON he was extremely

13  concerned that BECHTEL would retaliate against him because of JOHN PATTERSON'S

14  involvement.  JOHN PATTERSON expressly stated, "Richard I'm telling you right now, they

15  won't retaliate against you and they'd better not."

16       23.    Following the February 9, 2006 meeting with JOHN PATTERSON, JIM FORAL a

17  BECHTEL employee spoke with MR. STIEFEL.  He stated that BARRY CLARK, the site manager

18  for BECHTEL had requested a meeting with JIM FORAL.  "Jim you need to get your butt over to

19  my office right now," he reportedly said.  "We've got a trouble maker on the job," BARRY

20  CLARK reportedly said according to JIM FORAL.  Thereafter, JIM FORAL met with BARRY

21  CLARK regarding MR. STIEFEL's injury.

22       24.    BECHTEL set up an appointment with an orthopedist for MR. STIEFEL after SCE's

23  involvement.  DR. GIALAMAS saw MR. STIEFEL on February 13, 2006.  He determined that

24  MR. STIEFEL had a torn tendon.  He placed MR. STIEFEL's left hand into a cast.  He released

25  MR. STIEFEL to return to work, but only on light duty with no use of his left hand.

26       25.    On February 14, 2006, MR. STIEFEL returned to work and attended the regularly

27  scheduled safety meeting.  He handed his BECHTEL foreman DAVE SMITH and the safety

28  department representative HECTOR TELLEZ the note from DR. GIALAMAS indicating he was to

1  work light duty with no use of the left hand.  MR. STEIFEL was thus a qualified employee with a

2  physical disability that substantially limited major life activities.

3       26.    On February 14, 2006, MR. STIEFEL was assigned by BECHTEL work which

4  complied with DR. GIALAMAS' instructions.  On February 16, 2006, however, MR. STIEFEL

5  was assigned tasks by BECHTEL that required the use of both hands such as welding, cutting with

6  a torch, grinding, fabricating, climbing ladders and using rope to lift objects.  At this time other

7  members of his crew were assigned tasks that did not require the use of both hands.  MR. STIEFEL

8  spent the next three weeks performing tasks assigned by BECHTEL which required the use of both

9  hands even though other tasks were available that did not require the use of both hands.

10       27.    On February 16, 2006 and thereafter, BECHTEL intentionally punished MR.

11  STIEFEL by assigning him tasks which required the use of both hands even though other tasks

12  were available and it was both painful and dangerous for MR. STIEFEL to do so.  BECHTEL did

13  so in retaliation for MR. STIEFEL having made efforts to be properly diagnosed and treated for his

14  injuries and/or because of his prior complaints about unsafe working conditions.

15       28.    On or about March 6, 2006, BECHTEL laid off MR. STIEFEL.  BECHTEL

16  characterized the action as a "medical reduction in force."  BECHTEL personnel informed him that

17  his work had been satisfactory, but that he had angered BECHTEL superiors by involving SEC in

18  his medical issues.  He also was told that BECHTEL had assigned him onerous tasks since

19  February 16, 2006 in order to compel him to quit.  MR. STIEFEL refused to do so consequently

20  BECHTEL ultimately laid him off.    At all times since then BECHTEL has persistently

21  discriminated against MR. STIEFEL by passing him up for jobs that need staffing whenever jobs

22  become available each month.

23       29.    MR. STIEFEL is informed and believes that BECHTEL characterized MR.

24  STIEFEL as a "medical reduction in force" because it does not require BECHTEL to incur a "loss

25  of time" injury according to BECHTEL's worker's compensation insurance carrier.  BECHTEL

26  consequently saved money by laying off MR. STIEFEL as a "medical reduction in force," as

27  opposed to a "loss of time" injury.

28

6.
FIRST AMENDED COMPLAINT

30.     Plaintiff underwent surgery on his hand in June 2006 and proceeded to have regular medical checkups.  In subsequent months, Plaintiff's doctor, who performed the surgery, released Plaintiff to work in a light duty capacity in late October 2006.  During the late October 2006 time period, Plaintiff, while to learn if he would be placed back at work and inquiring about open positions learned that BECHTEL is refusing to put him back to work, falsely claiming that no light duty work is available.  On a monthly basis MR. STIEFEL has been passed over for jobs because BECHTEL has maintained and currently enforces a policy that no injured employee will be rehired without a "full medical release."  This 100% healed requirement is reflected in written documents evidencing the fact that BECHTEL engages in per se violations of the Americans with Disabilities Act.

31.     MR. STIEFEL originally filed a charge of discrimination with the DFEH in April 2006 based on the clear failure to accommodate his disability up to and including his termination.  On a monthly basis since that time MR. STIFEL has been passed over for rehire by BECHTEL because he is not 100% healed.  Thus MR. STIEFEL filed a second DFEH charge in December 2006 and upon receiving a right to sue letter from the DFEH, MR. STIEFEL timely filed a claim with the U.S. Equal Employment Opportunity Commission in January 2007.  *See* Exhibit A attached hereto.  Following that filing MR. STIEFEL received confirmation from the EEOC and supplied additional information on a subsequent form prepared by and at the request of the EEOC.  *See* Exhibit B attached hereto.  Finally, MR. STIEFEL received a right to sue letter from the EEOC in September 2007.  *See* Exhibit C attached hereto.  Plaintiff filed this action initially in the Superior Court of San Diego in October 2007 and Defendants removed the matter to this Court.  Plaintiff has timely exhausted all administrative remedies.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
[Against ALL DEFENDANTS and DOES 1 through 100, Inclusive.]

32.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 above, and incorporates them herein by reference as though set forth in full.

33.    At all times mentioned herein, the Americans with Disabilities Act, 42 USC Sections 12101 et seq. ("ADA") was in full force and effect, and Defendants were and are subject to their requirements.

34.    As discussed in detail above, Plaintiff, a qualified disabled employee of BECHTEL was subjected to disparate treatment because he is disabled**.**  MR. STIEFEL'S disabling injury has substantially limited major life activities, including but not limited to lifting, grasping, turning, pulling, working and caring for himself.  Nevertheless he is able to perform the essential functions of his job at BECHTEL with reasonable accommodations.

35.    Defendants discriminated against Plaintiff at all times since May 2006, by *inter alia* not hiring him for work that he was qualified to perform, because of his disability, because he is regarded as being disabled and/or because he has a record of being disabled.

36.    The aforementioned conduct constituted unlawful disability discrimination in violation of the ADA.  Under the law, BECHTEL was required to take prompt corrective action to address the discriminatory behavior but failed to do so.  Instead Plaintiff was subjected to continued discrimination and ultimately was terminated based on his disability.

37.    As a direct, foreseeable, and proximate result of the actions of Defendants as described above, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from Defendants, all to the Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

38.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage in an amount unknown at this time, but according to proof at trial.

39.    Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendants conducted themselves as described herein, by willfully violating those statutes enumerated above, Plaintiff prays for punitive damages against Defendants in an amount to be determined at the time of trial, that is sufficiently high to punish Defendants, deter them from engaging in such conduct in the future, and to make an example of them to others.

40.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants, described above, was done with oppression and malice and was ratified by the other individuals who were managing agents of those directly responsible.  These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring him.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

**SECOND CAUSE OF ACTION:**
**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT**
[Against all DEFENDANTS and DOES 1 through 100, Inclusive.]

41.    Plaintiff repeats and realleges paragraphs 1 through 40 above and incorporates them herein by reference as though set forth in full.

42.    MR. STIEFEL suffered injuries leaving him disabled, requiring medication and preventing him from performing his normal job duties without extreme difficulty and discomfort.  The injury substantially limited MR. STIEFEL's major life activities, including but not limited to working, lifting, grasping, turning and caring for himself.  Nonetheless, he is able to perform the essential functions of his job with reasonable accommodation.

43.    BECHTEL is a qualifying employer under the ADA. DEFENDANTS violated the law requiring reasonable accommodation of disabilities, at all times since May 2006, by not permitting MR. STIEFEL to work light duty capacity or even considering him for any other available positions.   Federal law establishes the burden on employers to provide reasonable accommodations:

> "The essence of the concept of reasonable accommodation is that, in certain instances, employers must make special adjustments to their policies for individuals with disabilities."  *McAlindin v. County of San Diego*, 192 F.3d 1226, 1236.  "One variety of accommodation that may be required is job restructuring which can include "reassignment to a vacant position, part-time or modified work schedules, acquisition or modification of equipment or devices, adjustment or modification of examinations, training materials or policies, the provisions of qualified readers or interpreters, and other similar actions."  *Prillman v. United Air Lines, Inc.* 53 Cal. App. 4th 935, 947 (1997) (citing Cal. Code of Regs. Title 2, Section 7293.9(a).

9.
FIRST AMENDED COMPLAINT

44.    At all times since May 2006, DEFENDANTS failed and refused to reassign, restructure, modify or adjust job duties or make any of the required provisions or accommodations necessary for MR. STIEFEL under the circumstances.

45.    As a proximate result of Defendants' conduct, Plaintiff has lost salary, past and future compensation and other employment-related benefits.

46.    As a further and proximate result of Defendants' conduct, Plaintiff has suffered embarrassment, humiliation, loss of self-esteem and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

47.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage, in an amount unknown at this time but according to proof at the time of trial.

48.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights.  Thus, Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

**THIRD CAUSE OF ACTION:**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
[Against All Defendants and DOES 1 through 100, Inclusive]

49.    Plaintiff repeats and realleges paragraphs 1 through 48 above and incorporates them herein by reference as though set forth in full.

50.    Plaintiff has sought employment at BECHTEL since May 2006 and engaged in a protected activity under the ADA when he requested a return to work with accommodation for his disability, which substantially limits major life activities but does not prevent him from performing the essential functions of his job so long as he is given reasonable accommodations.

51.    Defendants retaliated against Plaintiff for having requested accommodation for his disability by refusing to re-employ him at all time since May 2006 despite the fact that numerous

jobs have become available for which Plaintiff qualifies.  BECHTEL has hired new employees or rehired other employees continuously on a monthly basis since May of 2006. Such retaliation is likely to deter employees from engaging in protected activities like MR. STIEFEL did.

52.     The Defendants retaliated against the Plaintiff by harassing, singling out, ostracizing, punishing and ultimately firing him as a direct result of his protected acts as expressly set forth above.  The causal relationship between the Defendants' adverse action and MR. STIEFEL's protected activity of requesting accommodation for the injuries he suffered may be inferred due to the short time between them.

53.     Such retaliation is in violation of the ADA.

54.     As a proximate result of Defendants' conduct, Plaintiff has lost salary, past and future compensation, financial stability and other employment-related benefits.

55.     As a further and proximate result of Defendants' conduct, Plaintiff has suffered embarrassment, humiliation, loss of self-esteem and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

56.     As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to Plaintiff's damage, in an amount unknown at this time but according to proof at the time of trial.

57.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights.  Thus, Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.     For compensation for Plaintiff's lost wages, backpay, frontpay and benefits;

2.     For a permanent injunction enjoining Defendants, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

1       3.    For economic and special damages in an amount unknown at this time, but

2 according to proof at trial;

3       4.    For non-economic and general damages in an amount unknown at this time, but

4 according to proof at trial;

5       5.    For punitive damages as allowed by law and according to proof at trial;

6       6.    For interest on overdue and unpaid wages at the prevailing legal rate.

7       7.    For civil penalties and fees as allowed by law.

8       8.    For pre-judgment interest at the prevailing legal rate;

9       9.    For reasonable attorneys' fees and costs, pursuant to all applicable statutes or

10 provisions of law;

11       10.    For such other and further relief as this Court deems just and proper;

12       11.    For trial by jury for all issue so triable.

13

14 DATED: March 7, 2008                   DANZ & GERBER

15

16                       By:    /s/ Marcus Jackson_____

17                            STEPHEN F. DANZ, ESQ.
                           MARCUS JACKSON, ESQ.

18                            Attorneys for Plaintiff
                           JAMES RICHARD STIEFEL

19

20

21

22

23

24

25

26

27

28

Exhibit A

# Danz & Gerber
### EMPLOYMENT ATTORNEYS

13418 Ventura Boulevard · Danz & Gerber Building
Sherman Oaks, California 91423

January 17, 2007

Equal Employment Opportunity Commission
Los Angeles District Office
Roybal Federal Building
255 East Temple St., 4th Floor
Los Angeles, CA 90012

Facsimile: (213) 894-1118

SENT THIS DATE VIA FACSIMILE & OVERNIGHT MAIL

    Re.:    **MATTER OF JAMES STIEFEL v. BECHTEL CONSTRUCTION Co., et al.**

To whom it may concern:

      The law firm of Danz & Gerber is submitting the enclosed EEOC paperwork on behalf of Mr. James Stiefel. Mr. Stiefel was the victim of discrimination and retaliation in violation of the Americans with Disabilities Act and Rehabilitation Act. Therefore, he wishes to obtain an immediate right to sue letter against Bechtel Corporation whose primary place of business is 50 Beale Street, San Francisco, CA 94105. Please issue an immediate right to sue letter to me on Mr. Stiefel's behalf. My address is Danz & Gerber, 1550 Hotel Circle Avenue North, Suite 170, San Diego, CA 92108. Do not send the right to sue letter to Mr. Stiefel directly.

      Please feel free to call me at (619) 297-2025 should you have any questions or concerns. Thank you for your attention to this matter.

                    Best regards,

                    DANZ & GERBER

                    Marcus Jackson, Esq.

Encls.: As stated

(818) 783-7300 · (310) 842-8600 · (323) 525-1600  (877) 525-0700       (818) 995-7159



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER,** a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses may delay further processing of your questionnaire by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a."**

*(PLEASE PRINT)*

1. **Personal Information**

Last Name: __Stiefel__ , First Name: __James__ MI: __Richard__

Street or Mailing Address: __33872 Orilla Road__ Apt Or Unit #: __C__

City: __Dana Point__ County: __Orange__ State: __CA__ Zip: __92629__

Phone Numbers: Home: ( __949__ ) __201-8709__ Work: ( ____ ) _____

Cell: ( ____ ) _____ Email Address: _____

Date of Birth: __11/27/51__ Sex: Male __x__ Female____ Race: __caucasian__

National Origin / Ethnicity_____ Do You Have a Disability? Yes __x__ No____

**Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: __Rachel Stiefel__ Relationship: __wife__

Address: __same__ City: _____ State: ____ Zipcode: ____

Zip: ____ Home Phone:( ____ ) ____ Other Phone: ( ____ ) _____

**I believe that I was discriminated against by the following organization(s): (Check those that apply)**

Employer __x__ Union____ Employment Agency____ Other (Please Specify)_____

2. **Organization Contact Information**

Organization #1 Name: __Bechtel Corporation__

Address: __50 Beale Street__

City: __San Francisco__ State: __CA__ Zip: __94105__ Phone :( ____ ) _____

Type of Business: _____ Job Location if different from Org. Address: __San Onofre Nuclear Generating Station__

Human Resources Director or Owner Name: _____ Phone: _____

Number of Employees in the Organization at All Locations: Please Check (√) One

Less Than 15____ 15 – 100 □ 101 – 200 □ 201 – 500 __x__ More 500____

Organization #2 Name: _____

Address: _____

_____ State: _____ Begin: _____   Phone: _____

Type of Business: _____ Job Location if not at Org. Address: _____

Human Resources Director or Owner Name: _____  Phone: _____

Number Of Employees In The Organization At All Locations: please check (✓) one

Less Than 15      15 – 100      101 – 200      201 – 500      More 500

3.   **Your Employment Data** (Complete as many items as you can)

2004 in California
Date Hired: __1989 for a period in Arizona__  Job Title At Hire: __Ironworker_____

Pay Rate When Hired: _____  Last or Current Pay Rate: __approximately $50 per hour__

Job Title at Time of Alleged Discrimination: __Ironworker_____

Name and Title of Immediate Supervisor: __Dave Smith_____

**IF Applicant, Date You Applied for Job_____ Job Title Applied For_____**

4.   **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (✓) **AGE**. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check (✓) **RACE**.  If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three.  If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) **RETALIATION**.*

Race      Sex      Age      Disability ☒     National Origin ☐     Color ☐    Religion ☐    Retaliation ☒    Pregnancy

Other reason (basis) for discrimination (Explain). _____

5.   **What happened to you that you believe was discriminatory?**  <u>Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.</u>   (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)

A) Date: __March 3, 2006__      Action: __Dave Smith, Ironworker Foreman despite knowing of my disability assigned me work__

_ that exceeded my medical restrictions.  I could not use my left hand and yet he gave me job assignments requiring two hands despite
the fact that there were jobs available not requiring the use of both hands that were given to other, non-disabled, workers on the crew
Name and Title of Person(s) Responsible

B) Date: __October 2006__      Action: __Ryan Bowler the General Foreman for the Ironworkers, among possibly others, has__

_ directed that Bechtel's policy is I must be 100% healed before I can be put back to work.  He told this to people who have asked to rehire
me.  Since I was put on a medical reduction in force Bechtel has hired at least 15 ironworkers.
Name and Title of Person(s) Responsible _____

Describe any other actions you believe were discriminatory.

_ Bechtel refused to accommodate my industrial injury beginning in March 2006 and most recently in October 2006 when I was released

_ by my doctor for light duty but the company has refused to put me back to work or offer any sort of accommodation
 I recently learned that Bechtel is insisting that I be 100% healed before they will consider putting me back to work

_ I remain on a medical reduction in force.  I also believe I was retaliated against for raising issues of unsafe working conditions and for
 seeking accommodation of and medical attention for my disability stemming from an industrial injury.

_____

_____

**(Attach additional pages if needed to complete your response.)**

What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?

_____

_____

_____

_____

7. **Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.**

| Full Name | Job Title | Description |
|---|---|---|

1. Numerous. Won't go into detail as I'm requesting an immediate right to sue letter.

2. _____

3. _____

**Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.**

8. **Please check all that apply:**     ☒    Yes, I have an actual disability

☐    I have had an actual disability in the past

☐    No disability but the organization treats me as if I am disabled

9. **If you are alleging discrimination because of your disability, <u>what is the name of your disability?</u> How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).**

Complete loss of use of left hand for all activities, including self cleaning and everday household acts such as opening doors

_____

_____

_____

_____

_____

10. **Did you ask your employer for any assistance or change in working condition because of your disability?**
**YES ☒  NO ☐**
**Did you need this assistance or change in working condition in order to do your job?**
**YES ☐  NO ☐**
**If "YES", when? _____ To whom did you make the request? Provide full name of**
**person _____ How did you ask (verbally or in writing)? _____**
**Describe the assistance or change in working condition requested?**
I asked about job assignments not requiring the use of two hands or as an alternative I requested training for other positions that was

available _____

11. **Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.**

Numerous. Won't go into detail as I am requesting an immediate right to sue letter.

| NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|------|-----------|------------------------|

A. _____

_____

| NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|------|-----------|------------------------|

B. _____

_____

| NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|------|-----------|------------------------|

C. _____

_____

12. Have you filed a charge previously in this matter with EEOC or another agency? YES☒  NO ☐

13. If you have filed a complaint with another agency, provide name of agency and date of filing:

Department of Fair Employment and Housing, most recent filing was December 15, 2006

14. Have you sought help about this situation from a union, an attorney, or any other source?
YES☒  NO ☐  - If yes, from whom and when?  Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Represented by attorney Marcus Jackson of Danz & Gerber at 1550 Hotel Circle Avenue North, Suite 170 San Diego, CA 92108

_____          ___1 / 17 / 06___
            **Signature**                              **Today's Date**

**If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Provide the tracking number at the top of page 1 of this form.  Please make a copy of this form for your records before mailing.**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1  FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).

2  AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)

3  PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).

4  ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.

5  WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

Exhibit B



**U.S. Equal Employment Opportunity Commission**
**Los Angeles District Office - 480**

255 E. Temple St. 4th Floor
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

Respondent: BECHTEL CORPORATION
EEOC Charge No.: 480-2007-01344
FEPA Charge No.:

March 6, 2007

James Stiefel
C/O Law Offices Of Danz & Gerber
1550 Hotel Circle North
Suite 170
San Diego, CA 92108

Dear Mr. Stiefel:

This is with reference to your recent inquiry (an office visit, phone call, or correspondence) in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to one or more of the following laws:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]     The Age Discrimination in Employment Act (ADEA)

[ X ]   The Americans with Disabilities Act (ADA)

[ ]     The Equal Pay Act (EPA)

The attached EEOC Form 5, Charge of Discrimination, was drafted as a result of the information provided. To enable proper handling of this action by the Commission you should:

(1)  Review the enclosed charge form and make corrections.

(2)  Sign and date the charge in the bottom left hand block where I have made an "X". The date of signature on the charge will not affect the jurisdiction date established in any original written complaint previously given to EEOC.

(3)  Return the signed charge to this office in the enclosed envelope.

Since charges should be processed within the time limits imposed by law, <u>please complete these steps as soon as possible</u>. Please call me at the number listed below if you have any questions. If you have to call long distance, please call collect.

[X ]        Please be aware that the EEOC will send a copy of the charge to the agency listed below as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

California Department Of Fair Employment & Housing
611 W. 6th St., Ste.1500
Los Angeles, CA 90017

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*Ligita Landry*
Investigator
(213) 894-1041

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination

# CHARGE OF DISCRIMINATION

Charge Presented To: | Agency(ies) Charge No(s):

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

- [ ] FEPA
- [X] EEOC — 480-2007-01344

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| MR. JAMES STIEFEL | (949) 201-8709 | 11/27/1951 |

Street Address | City, State and ZIP Code

c/o LAW OFFICES OF DANZ & GERBER, 1550 Hotel Circle North, Suite 170, San Diego, CA 92108

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BECHTEL CORPORATION & Bechtel Construction Co. JRS | 500 + | (949) 368-6273 |

Street Address JRS | City, State and ZIP Code

14300 Mesa Road, Bldg. G48A    San Clemente, CA 92672

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [X] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [X] DISABILITY
- [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03/01/2006   Latest: 02/15/2007

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I. I have been employed as an Ironworker since 2004. Since March 2006 I have repeatedly been denied a reasonable accommodation. Instead, Dave Smith (Ironworker Foreman), continued to assign me work which exceeded my medical restrictions. I went out on medical leave but was released to return to work by my physician in October 2006. However, my employer has refused to allow me to return to work in retaliation for having requested an accommodation. I was terminated on a Medical (Reduction in Force) JRS

II.  Ryan Bowler, General Foreman, stated I must be 100% healed before I can return to work. He said it is Bechtels policy. JRS

III.  I believe I was discriminated against due to my disability and retaliated against for having requested an accommodation and for having raised issues of unsafe working conditions in violation of The Americans with Disabilities Act of 1990, as amended. The safety Dept. For Southern California Edison also got involved. JRS

**RECEIVED**
MAR 19 2007
EEOC/ADO
INTAKE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

| 03/16/07 | James Richard Stiefel |
|---|---|
| Date | Charging Party Signature |

Exhibit C

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: James Stiefel<br>C/O Law Offices Of Danz & Gerb<br>1550 Hotel Circle North<br>San Diego, CA 92108 | From: **Los Angeles District Office**<br>**255 E. Temple St. 4th**<br>**Los Angeles, CA 90012** |

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **480-2007-01344** | **Bruce W. Autry,**<br>**Investigator** | **(213) 894-5079** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Olophius E. Perry,**
**District Director**

(Date Mailed)

cc:
**Mary Moreton**
**Human Resources**
**BECHTEL CORPORATION**
**50 Beale Street**
**San Francisco, CA 94105**

**Marcus Jackson, Esq.**
**1550 Hotel Circle North**
**Suite 170**
**San Diego, CA 92108**