1  THOMAS M. McINERNEY, Cal. Bar No. 162055
   tmm@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
3  One Market Plaza, Suite 1300
   San Francisco, California 94105
4  Telephone:    415-442-4871
   Facsimile:    415-442-4870
5
   Attorneys for Defendants
6  BECHTEL CORPORATION and BECHTEL
   CONSTRUCTION COMPANY
7

8           UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JAMES RICHARD STIEFEL,              | Case No. 08 CV 0037 H (WMc)
12 |              Plaintiff,              | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE AND FOR SANCTIONS**
13 |    v.                                |
14 | BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY, |
15 |              Defendants.             | Date: May 5, 2008
16 |                                      | Time: 10:30 a.m.
   |                                      | Judge.: Honorable Marilyn L. Huff
   |                                      | Courtroom 13, 5th Floor

---

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE

## I. INTRODUCTION

On February 7, 2008, this Court granted the motion to dismiss of defendants Bechtel Corporation and Bechtel Construction Company (collectively "Bechtel") because plaintiff James Richard Stiefel's Americans with Disabilities Act ("ADA") claims were time-barred. This Court held Stiefel had failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 30 days of the dismissal of an earlier state discrimination charge Stiefel had filed with the California Department of Fair Employment and Housing ("DFEH").

Rather than dismissing the time-barred claims as directed by the Court's order, Stiefel has now filed a First Amended Complaint which repeats all of the time-barred allegations and specifically incorporates them into his three ADA causes of actions. Re-filing dismissed claims constitutes bad faith conduct sufficient to merit sanctions against Stiefel's attorney pursuant to 28 U.S.C. § 1927. Moreover, Stiefel now alleges that he was discriminated and retaliated against in violation of the ADA during a period (May 2006 to late October 2006) when, according to his First Amended Complaint, his own physician had not released him to work in any capacity, with or without a reasonable accommodation. (First Amended Complaint, ¶ 30, 7:1-3). Thus, Stiefel's own complaint undermines any claim that he was a "qualified individual" under the ADA during this timeframe.

## II. STATEMENT OF FACTS

This case has had a lengthy procedural history which Bechtel will not again recount here. The Court's February 7, 2008 order recounts the procedural and factual history of this case. In this order the Court, after examining the same allegations presented in the First Amended Complaint, granted Bechtel's motion to dismiss Stiefel's complaint pursuant to Rule 12(b)(6) on the basis that he had alleged claims that were time-barred. (*See* Order Granting with Leave to Amend Defendants' Motion to Dismiss and Denying as Moot Defendants' Motion to Strike, attached hereto at Exhibit ("Exh.") A, 7:11). This Court held Stiefel had failed to comply with the provisions of 42 U.S.C. § 2000e-5(1), which requires the filing of an EEOC charge "within thirty days after receiving notice" of a state agency's termination of its proceedings, which in this case

was May 8, 2006. However, Stiefel "did not file his EEOC charge until March of 2007" (Exh. A, 7:1), which was nearly 10 months *after the deadline* for filing his federal charge.

Stiefel has now filed virtually the same complaint, replete with claims and allegations this Court held in February were time-barred. In fact, paragraphs 1-30 of his First Amended Complaint, which recount the underlying factual allegations surrounding his claims and *are incorporated by reference* into each of this three causes of action, are *word-for-word the same* as those held to be time-barred in the Court's February 7, 2008 order.

Specifically, Stiefel alleges that while at work in January 2006 he tore a tendon in his left thumb. (First Amended Complaint, ¶ 16-17) He alleges that in February 2006 a Bechtel safety officer failed to provide transportation to an appointment with a worker's compensation doctor. (*Id.*, ¶ 17) He alleges that in February 2006 he expressed concern about possible retaliation for his injury but was assured by a Southern California Edison ("SCE") safety employee that no retaliation would occur. (*Id.*, ¶ 22). He alleges that in February 2006 he was later authorized by a doctor to return to "light duty," but despite these restrictions he was allegedly assigned tasks that required the use of his injured hand. (*Id.*, ¶ 26) Stiefel characterizes this conduct as "retaliation" because he had "angered" Bechtel management by involving SCE in his "medical issues." (*Id.*, ¶ 28) He further alleges that he was laid off on or about March 6, 2006 due to this alleged retaliation. (*Id.*) Stiefel also alleges that he had various surgeries beginning in June 2006 and, accordingly, he was not cleared to work by a physician until October 2006. (*Id.*, ¶30). Stiefel incorporates all of these allegations into each of his three causes of action for violation of the ADA. (*Id.*, ¶¶ 32, 41, and 49).

In filing his First Amended Complaint, Stiefel made only three changes to his prior complaint. First, in paragraph 31, Stiefel adds an allegation that, in addition to all his previously stated adverse employment actions, "[o]n a monthly basis" since April 2006 Stiefel "has been passed over for rehire by Bechtel because he is not 100% healed." Second, Stiefel adds an allegation that he filed a "claim" with the EEOC in January 2007. (*Id.*, ¶31).

Third, in the body of the First Amended Complaint containing the charging allegations for his three ADA causes of action, and following his incorporation by reference of all his time-barred

2
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE

claims (*Id.*, ¶¶ 35, 43, 44, 50, and 51), Stiefel adds an allegations that he was also discriminated or retaliated against "since May of 2006."

### III. ANALYSIS

Bechtel brings this motion to enforce the Court's February 7 order in which this Court held that Stiefel's ADA claims "are time-barred to the extent they are based on alleged violations during his employment and including his termination." (Exh. A, 7:1-3). Inexplicably, Stiefel has disregarded the Court's order and filed an amended complaint that repeats the same time-barred allegations. Further, Stiefel apparently attempts to avoid this Court's prior order by adding a new allegation that various events have continued "on a monthly basis" since April 2006. However, Stiefel's own pleadings allege he was not even medically authorized to work by his own physician until October 2006, which eliminates his ADA claims prior to that time.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the Court is to construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

Alternatively, pursuant to Rule 12(f), Bechtel moves to strike those portions of Stiefel's ADA claims related to events that were previously held to be time-barred (*i.e.*, prior to June 7, 2006) or which occurred prior to October 2006, when, Stiefel alleges, he was first cleared to return for work by a physician. A Rule 12(f) motion is proper to challenge a "redundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. Proc. 12(f)).

**A.   Stiefel's ADA Claims Related to Events Occurring Before His May 2006 DFEH Charge Were Dismissed.**

The Court's February 7 order set forth the procedural timeline for pleading violations of the ADA. 42 U.S.C. § 2000e-5(1) specifies that a federal charge of discrimination "shall be filed

within one hundred and eighty days after the alleged unlawful employment practice occurred" and notice of the charge "shall be served upon the person against whom such charge is made within ten days thereafter." "The timeline differs slightly, however, in cases where the plaintiff 'has initially instituted proceedings with a State or local agency with authority to grant or seek relief from' the alleged unlawful employment practice." (Exh. A., 6:13-15); 42 U.S.C. § 20003-5(1). In such a situation, as here, an EEOC charge must be filed within 300 days of the alleged unlawful employment practice, or within 30 days of receiving notice that the state or local agency has terminated its proceedings, "whichever is earlier." (Exh. A, 6:15-19); 42 U.S.C. § 2000e-5(1)). Claims are time-barred if not filed within these time limits. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); (Exh. A., 6:19-21).

This Court has already dismissed Stiefel's ADA claims based on events leading up to his and including his March 2006 termination due to Stiefel's failure to file a timely EEOC charge within 30 days of the dismissal of his DFEH charge. (Exh. A, 7:1-5).[1] Despite this ruling, Stiefel has filed an amended complaint which repeats all of these time-barred allegations and incorporates them by reference into his three causes of action. For the same reasons specified in the Court's February 7 order, this motion must be granted.

Stiefel may argue that despite the fact he repeated all of his time-barred allegations and incorporated all of them into his causes of action, his claims are somehow limited to the time

---

[1] The Court's February 7, 2008 order used March 2006, when Stiefel was laid off, as the cut-off period for time-barred allegations. (Exh. A., 7:1-3). The Court used this timeframe because Stiefel's original complaint did not allege any adverse employment actions after his layoff until the alleged failure to rehire him in "late October 2006," when he was released to work by his physician. However, the First Amended Complaint has now identified two dates after March 2006 and before late October 2006, although both are still time-barred due to his failure to file a timely EEOC charge. Specifically, in paragraph 31 Stiefel alleges that "[o]n a monthly basis" since April 2006 he has been "passed over for rehire by Bechtel because he is not 100% healed." In other paragraphs he alleges that "since May 2006" he was discriminated or retaliated against. (First Amended Complaint, ¶¶ 35, 43, 44, 50, and 51). As discussed in Bechtel's prior Motion to Dismiss, Stiefel received a DFEH "Notice of Case Closure" dated May 8, 2006, and this notice specifically informed him of his obligation to file an EEOC charge within 30 days thereafter if he wanted a federal charge. Stiefel's 30-day deadline to file an EEOC charge alleging an ADA violation expired in early June 2006. Thus, claims arising in April, May, and early June 2006, which is prior to the expiration of this June 2006 EEOC filing deadline, are time-barred. 42 U.S.C. § 2000e-5(e)(1).

4
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE

period after May 2006. Such an argument is in conflict with the First Amended Complaint. First, there can be no dispute that the First Amended Complaint repeats all the previously dismissed allegations, all of which are incorporated by reference into the three ADA causes of action. Second, Stiefel's First Amended Complaint does not limit his legal claims to the period "since May 2006." Rather, his reference to events occurring in May 2006 are *in addition* to the events alleged to have occurred earlier, as all of the earlier events are incorporated by reference into all three of his causes of action.

Accordingly, the Court should grant the motion to dismiss his claims to the extent they are again based on time-barred events, *i.e.*, events occurring prior to early June 2006, when the limitations period expired for bringing a timely EEOC charge. Alternatively, the Court should strike these time-barred allegations and permit him to proceed only on claims properly covered by his 2007 EEOC charge, *i.e.*, the failure to rehire him in "late October 2006."

**B.  Stiefel's First Amended Complaint Alleges His Own Physician Did Not Clear Him to Work Before Late October 2006.**

Stiefel's original and First Amended Complaints allege he underwent surgery on his injured hand following his layoff and that he was not released to work in any capacity until "late October 2006," when authorized by his physician to return "in a light duty capacity." (First Amended Complaint, ¶ 30). Despite the fact Stiefel's own doctor determined he was incapable of working until late October 2006, Stiefel alleges he was discriminated and retaliated against under the ADA "since May 2006." (*Id.*, ¶¶ 35, 43, 44, 50, and 51). In other words, Stiefel's own allegations reflect he was not a "qualified individual" under the ADA from May 2006 to late October 2006, and therefore his ADA claims during this period should be dismissed and/or stricken.

The ADA only protects persons who are "qualified individuals with a disability." 42 U.S.C. § 12112(a). A "qualified individual" is one with a disability who, with or without reasonable accommodations, can perform the essential functions of the employment position. 42 U.S.C. § 12111(8); 29 CFR § 1630.2(m) and Pt. 1630, App. § 1630.2(m). Whether the individual can perform the job is determined as of the time the employer made its adverse employment

decision. *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 884 (6th Cir. 1996). Totally disabled persons are not "qualified individuals" under the ADA because they are unable—even with reasonable accommodation—to perform a job, regardless of its essential functions. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481-1482 (9th Cir. 1996).

Paragraph 30 is the First Amended Complaint's only mention of Stiefel's capacity to perform the essential functions of his job after his March 2006 layoff. In this paragraph Stiefel alleges he had hand surgery in June 2006 and that, as a result, his own physician did not authorize him to return to work in any capacity until "late October 2006," when he was authorized to return in "a light duty capacity." (First Amended Complaint, ¶ 30:1-3). Thus, according to his own allegations, Stiefel's own physician determined he was incapable of performing the essential functions of his job until late October 2006, when he was cleared for light duty.

Despite these allegations, his First Amended Complaint broadly alleges ADA discrimination and retaliation "since May 2006," which is in conflict with his specific allegations acknowledging he was not even a "qualified individual" until he was authorized to return to work with the requested accommodation of "light duty" in late October 2006. Accordingly, the Court should dismiss and/or strike his ADA claims prior to "late October 2006," which is when he alleges he was first medically cleared to work with an accommodation.

### C. Sanctions Are Warranted Due to Counsel's Failure to Comply with the Court's February Order Dismissing Plaintiff's Time-Barred Claims.

An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (attorney sanctioned for evidencing bad faith in multiple proceedings" by filing an amended complaint that did not materially differ from one which the court had already concluded did not state a claim). Courts also have inherent power to impose sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980).

1  Here, sanctions against Stiefel and his counsel are clearly warranted. Just last month, in February 2008, this Court dismissed Stiefel's ADA claims based on events occurring prior to his layoff in March 2006. Despite this ruling, Stiefel filed an amended complaint that repeated ***verbatim*** all of these dismissed allegations and incorporated them into his three ADA causes of action. The Court's order was not an advisory ruling. Stiefel was required to comply with it, and re-filing a complaint with the same allegations does not constitute compliance.

Moreover, adding in verbiage that discrimination and retaliation also occurred "since May 2006" does not minimize or obviate counsel's bad faith. The First Amended Complaint continues to incorporate by reference all of the time-barred allegations into all three causes of action. It also continues to seek damages for these time-barred claims.

## IV. CONCLUSION

Stiefel's three federal causes of action repeat and incorporate within the same allegations this Court held to be time-barred. Further, Stiefel's allegations on their face defeat his claim that he was a "qualified individual" under the ADA prior to late October 2006. Therefore, his claims should be dismissed on these alternative grounds. Alternatively, the Court should strike all of his time-barred allegations and claims based on events prior to "late October 2006" when he was not medically cleared to work by his own physician. The Court should also sanction plaintiff's counsel under 28 U.S.C. § 1927 and its own "inherent power" for unreasonably repeating barred claims in his First Amended Complaint, thus necessitating this motion.

DATED: March 26, 2008

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Thomas M. McInerney
Thomas M. McInerney
Attorneys for Defendants
BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL,<br><br>Plaintiff,<br>vs.<br><br>BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY,<br><br>Defendants. | CASE NO. 08-CV-0037 H (WMC)<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** |

On October 11, 2007, plaintiff James Richard Stiefel ("Plaintiff") filed a complaint in the Superior Court for the State of California, County of San Diego, against defendants Bechtel Corporation and Bechtel Construction Company ("Defendants"). Plaintiff's complaint asserts claims for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (See Doc. No. 1, Ex. A.) Defendants were served with the summons and complaint on December 7, 2007, and on January 7, 2008 Defendants removed the case to this Court. (Doc. No. 1.)

On January 14, 2008, Defendants filed a motion to dismiss Plaintiff's complaint and, alternatively, to strike certain matters from Plaintiff's complaint. (Doc. No. 5.) Plaintiff filed an opposition on January 28, 2008. (Doc. No. 8.) Defendants have filed a reply. (Doc. No. 9.) The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this

matter without oral argument. For the following reasons, the Court grants with leave to amend Defendants' motion to dismiss and denies as moot Defendants' motion to strike.

## Background

The following facts are drawn from the allegations of the complaint and the parties' requests for judicial notice, which the Court grants in their entirety. Fed. R. Evid. 201(b), (d); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

**Factual Basis of Plaintiff's Claims**

Defendants perform services at the San Onofre Nuclear Generating Station ("SONGS") pursuant to a contract with Southern California Edison. (Compl. ¶ 4.) Beginning in May of 2004, Defendants employed Plaintiff as an ironworker in the facilities department of SONGS. (Id. ¶ 7.) In November of 2005, Defendants moved Plaintiff to the Unit 1 decommissioning project. (Id. ¶ 8.) Shortly thereafter, Plaintiff reported to personnel employed by Defendants the names of people involved with an emergency boom lift malfunction. (Id. ¶ 13.) In December of 2005, Plaintiff brought to his supervisor's attention a cracked weld in a system designed to remove radioactive material in the containment building which housed the nuclear reactor. (Id. ¶ 15.) On January 31, 2006, Plaintiff injured his left thumb while employed by Defendants. (Id ¶ 16.)

Plaintiff's complaint alleges that a Bechtel worker's compensation doctor treated Plaintiff. (Id. ¶ 17.) The doctor placed Plaintiff's thumb in a splint and scheduled a follow-up appointment. (Id.) Plaintiff saw the doctor again on February 7, 2006, and the doctor placed Plaintiff's thumb in a splint and advised him that he could perform full time regular duties with no restrictions. (Id. ¶ 19.) The complaint alleges that the doctor failed to properly diagnose or treat the injury because, in fact, the injury required complete immobilization and restrictions on Plaintiff's job duties. (Id.)

On February 8, 2006, Plaintiff returned to his work area. (Id. ¶ 20.) John Patterson, a Southern California Edison ("SCE") supervisor, indicated that he wanted the SCE safety department to review the circumstances to assure proper procedure was followed in light of Plaintiff's injury. (Id.) The next day, Plaintiff met with Mr. Patterson and informed him

that Plaintiff was concerned that Defendants would retaliate against him because of Mr. Patterson's involvement. (Id. ¶ 22.)

The complaint alleges that, after SCE became involved, Defendants arranged an appointment with an orthopedist for Plaintiff. (Id. ¶ 24.) The orthopedist determined that Plaintiff had a torn tendon and placed Plaintiff's left hand in a cast. (Id.) He released Plaintiff to return to work, but only on light duty with no use of his left hand. (Id.)

On February 14, 2006, Plaintiff was assigned work that complied with the orthopedist's instructions. (Id. ¶ 26.) Two days later, however, Defendants allegedly assigned Plaintiff several tasks (e.g., welding, grinding, climbing ladders) that required the use of both of Plaintiff's hands. (Id.) The complaint alleges that Defendants assigned these painful and dangerous tasks to Plaintiff in order to intentionally punish him. (Id.)

On March 6, 2006, Defendants laid off Plaintiff in what Defendants characterized as a "medical reduction in force." (Id. ¶ 28.) At all times after that date, the complaint alleges that Defendants have persistently discriminated against Plaintiff by passing him up for jobs that need staffing whenever such jobs become available each month. (Id.)

Plaintiff underwent surgery on his hand in June of 2006. (Id. ¶ 30.) In late October 2006, Plaintiff's doctor released Plaintiff to work in a light duty capacity. (Id.) The complaint alleges that Defendants have refused to put Plaintiff back to work, stating that no light duty work is available. (Id. ¶ 30.) Defendants allegedly have declined "on a monthly basis" to hire Plaintiff for jobs because Defendants maintain a policy against rehiring an injured employee without a full medical release. (Id. ¶ 30.)

**Plaintiff's Administrative Complaints**

In April of 2006 Plaintiff filed a discrimination complaint under FEHA with the California Department of Fair Employment and Housing ("DFEH"). (See Defs.' RJN, Ex. B.) Plaintiff's complaint detailed the alleged discrimination as follows: "I raised safety concerns - I was forced to use improper tools resulting in an injury to myself. I went outside the chain of command and was retaliated against." (Id.) In a letter dated May 8, 2006, the Department of Fair Employment and Housing closed Plaintiff's complaint and

issued him a right-to-sue notice pursuant to Plaintiff's request that the DFEH immediately issue him a right-to-sue. (Id.) The letter informed Plaintiff that, if he desired a federal right-to-sue notice, he must file a complaint with the EEOC within 30 days of receiving the letter from the California agency. (Id.)

Plaintiff filed a complaint of discrimination with the EEOC on March 16, 2007. (Defs.' RJN, Ex. F.) In that complaint, Plaintiff stated in relevant part:

> Since March 2006 I have repeatedly been denied a reasonable accommodation. Instead, [the ironworker foreman] continued to assign me work which exceeded my medical restrictions. I was terminated on a medical reduction in force but was released to return to work by my physician in October 2006. However, my employer has refused to allow me to return to work in retaliation for having requested an accommodation.
>
> I believe I was discriminated against due to my disability and retaliated against for having requested an accommodation and for having raised issues of unsafe working conditions in violation of [the ADA]. The safety dept. for Southern California Edison also got involved.

(Defs.' RJN, Ex. F.) At some point less than 180 days[1] after Plaintiff filed that complaint with the EEOC, the EEOC issued Plaintiff a right-to-sue notice. (Id.)

**Previous Case Between These Parties**

This is the second case in this Court arising from Plaintiff's alleged hand injury and subsequent retaliation by Defendants. On June 21, 2006, Plaintiff filed a complaint in state court against Bechtel Corporation. (See Defs.' Request for Judicial Notice ("Defs.' RJN"), Ex. A.) That complaint alleged only state law claims, including disability discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"). (Defs.' RJN, Ex. A.) Bechtel removed the case to this Court on July 13, 2006, thereby

---

[1] Defendants have submitted a copy of the right-to-sue notice, but the "date mailed" section is illegible. (See Defs.' RJN, Ex. F.) A box on the form was checked indicating that "[l]ess than 180 days have passed since the filing of this charge, but [the EEOC has] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." (Id.)

commencing Case No. 06-CV-1414 H (WMC). (Case No. 06-CV-1414 ("'1414") Doc. No. 1.) On December 27, 2006, Plaintiff filed a first amended complaint alleging various state law claims as well as claims under the ADA and the Rehabilitation Act, 29 U.S.C. § 701 et seq. ('1414 Doc. No. 21.) On April 10, 2007, the Court dismissed without prejudice Plaintiff's disability discrimination and retaliation claims to the extent those claims were based on the ADA. The Court's dismissal was based on Plaintiff's statements, in his briefing and in a February 26, 2007 hearing, that he did not have a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding his ADA claims.[2] ('1414 Doc. No. 41.)

## Discussion

**Motion to Dismiss**

Defendants seek dismissal of Plaintiff's claims of discrimination under the ADA to the extent those claims relate to employment actions occurring prior to and including Defendants' termination of Plaintiff, which occurred in March of 2006.

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

///

---

[2] The Court dismissed with prejudice Plaintiff's state law claims. Plaintiff filed a second amended complaint alleging only state law claims. (See '1414 Doc. No. 42.) The Court dismissed that complaint with prejudice on July 13, 2007. ('1414 Doc. No. 51.) For purposes of the present case, where Plaintiff asserts only federal claims under the ADA, neither dismissal is relevant.

### The ADA's Requirement of an Administrative Claim

Congress specified in the ADA that "[t]he powers, remedies, and procedures set forth in section[] 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of this chapter." 42 U.S.C. § 12117(a). Accordingly, the ADA expressly incorporates Title VII's requirement that a plaintiff, before filing suit, must file an administrative claim with the EEOC. That requirement specifies, "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter." 42 U.S.C. § 2000e-5(1).

The timeline differs slightly, however, in cases where the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from" the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(1). In that situation, the EEOC charge "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." Id. "A claim is time barred if it is not filed within these time limits." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

The Court concludes that Plaintiff failed to timely file a charge with the EEOC regarding Defendants' acts prior to and including Plaintiff's termination on March 6, 2006. With respect to those claims, Plaintiff filed a charge with the California DFEH in April of 2006. That agency terminated its proceedings (at Plaintiff's express request) on May 8, 2006. Therefore, Plaintiff was required to file a charge with the EEOC "within thirty days after receiving notice" of the state agency's termination of its proceedings. 42 U.S.C. § 2000e-5(1). The DFEH warned Plaintiff of this requirement in its letter of May 8, 2006.

1  However, Plaintiff did not file his EEOC charge until March of 2007. The Court concludes
2  that Plaintiff's ADA claims are time barred to the extent they are based on alleged
3  violations during Plaintiff's employment and including his termination. Plaintiff's
4  complaint alleges three claims – discrimination, failure to accommodate, and retaliation –
5  based on events prior to March of 2006. Those claims must be dismissed.

## Conclusion

The Court grants Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(6). If Plaintiff wishes to pursue claims that are not time-barred or that fall within an exception to the pre-filing requirements of 42 U.S.C. § 200e-5(1), Plaintiff may file an amended complaint within 30 days of the date this Order is stamped "filed." The Court denies as moot Defendants' motion to strike.

IT IS SO ORDERED.

DATED: February 7, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT