1  **STEPHEN DANZ & ASSOCIATES**
   STEPHE F. DANZ SBN 68318
2  (sfdanz@aol.com)
   MARCUS JACKSON SBN 205792
3  (marcus@jacksonlitigation.com)
   1550 HOTEL CIRCLE NORTH, SUITE 170
4  SAN DIEGO, CA 92108
   TEL: (619) 297-9400
5  FAX: (619) 297-9444

6  Attorney for Plaintiff JAMES RICHARD STIEFEL

7

8                  **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12  JAMES RICHARD STIEFEL, an individual;   | CASE NO.: 08 CV 0037 H (WMc)

13          Plaintiff,                      | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
14  v.                                      | **AND/OR TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST**
15  BECHTEL CORPORATION, a Corporation;     | **FOR SANCTIONS**
    BECHTEL CONSTRUCTION COMPANY,
16  a Corporation; and DOES 1 through 100,  | Judge: The Honorable Marilyn L. Huff
    INCLUSIVE,                              | Court: Courtroom 13, 5th Floor
17                                          | Date:   May 5, 2008
            Defendants.                     | Time:  10:30 a.m.
18

19

20

21

22

23

24

25

26

27

28
                                        1.
            MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS
                                                    08 CV 0037 H (WMc)

1  I.        INTRODUCTION.

2          Plaintiff JAMES RICHARD STIEFEL hereby opposes Defendants BECHTEL

3  CORPORATION'S and BECHTEL CONSTRUCTION CO.'S (collectively "BECHTEL") Motion to

4  Dismiss and to Strike the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil

5  Procedure ("FRCP") 12(b)(6) and 12(f) and opposes Defendants' request for sanctions.  This

6  Opposition is based on the fact that Plaintiff has properly stated claims as to each cause of action

7  under the Americans with Disabilities Act ("ADA") and has complied with the Court's Order

8  granting Defendants' first Motion to Dismiss in this action by limiting each cause of action to the

9  period *after* Plaintiff was terminated.  Additionally, Plaintiff has only included information

10 concerning his termination, and prior incidents, as background factual information which is proper.

11 Also, Plaintiff has nowhere alleged that he has only been able to work since October 2006 or that he

12 was ever totally disabled, as Defendants misconstrue, but rather Plaintiff alleges he was has been able

13 to work light duty since February 2006.  Finally, Defendants' request for sanctions is groundless

14 since Plaintiff's First Amended Complaint has not violated any Court order.  Rather, it is Defendants

15 and their counsel who should be sanctioned because they engaged in a misrepresentation by

16 deliberately excluding the documents attached as an Exhibit to Plaintiff's initial Complaint when they

17 filed their prior Motion to Dismiss.

18

19 II.       BACKGROUND FACTS AND PROCEDURAL HISTORY.

20         Mr. Stiefel began work for BECHTEL, a subcontractor of Southern California Edison

21 ("SCE") at the San Onofre Nuclear Generating Station ("SONGS") in May 2004 as an ironworker

22 in the facilities department. There he worked for a year and a half until he was moved over to the

23 Unit 1 decommissioning project. FAC ¶¶7-8.

24         Mr. Stiefel was working on January 31, 2006 when he got his hand wedged in a piece of

25 equipment that he was directed to use by his foreman, despite the fact it wasn't the proper tool

26 needed to safely perform the job. Mr. Stiefel suffered injury to his left thumb; eventually he

27 learned it was a torn tendon. Initially Mr. Stiefel saw a company worker's compensation doctor,

28

2.

MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

1  Dr. Earl Miller, who placed his thumb in a splint and set up a follow-up appointment for February

2  3, 2006 at 9:00 a.m. Mr. Stiefel saw Dr. Miller again on February 7, 2006. The doctor examined

3  his thumb, put it back in the splint, prescribed mediation and sent Mr. Stiefel on his way. Mr.

4  Stiefel actually had a torn tendon in his thumb but he was released to full time regular duties with

5  no restrictions. *Id.* ¶¶16-19.

6         Mr. Stiefel had concerns about his ability to perform his regular duties so he decided to talk

7  to someone higher up regarding his injury. He spoke to Mike Rodriguez, the Bechtel Jobsite

8  Superintendent, and showed him paperwork from the insurance carrier. Mr. Stiefel then returned to

9  his work area and his supervisor Dan Stemple, an SCE employee, took him to meet with John

10  Patterson the SCE supervisor in charge of the Unit 1 decommission. Mr. Patterson wanted to get the

11  Edison safety department involved to get Mr. Stiefel's injury properly addressed. Mr. Stiefel

12  expressed concern that Bechtel would retaliate based on his consulting with SCE supervisors but

13  Mr. Patterson indicated that no retaliation should occur. *Id.* ¶¶20-22.

14         After this meeting with SCE supervisors, Jim Foral, the jobsite representative employed by

15  Bechtel, came to Mr. Stiefel and said he'd received a call from Barry Clark, the site manager for

16  Bechtel, who stated "Jim you need to get your butt over to my office right now, we've got a trouble

17  maker on the job." Mr. Foral met with Mr. Clark and several hours later an appointment was set up

18  for Mr. Stiefel with an orthopedist, because of SCE's involvement. *Id.* ¶¶23-24.

19         Mr. Stiefel saw a new doctor, Dr. Gialamas, on Monday February 13, 2006. Dr. Gialamas x-

20  rayed his hand, did manipulations on his thumb and determined that Mr. Stiefel had a torn tendon.

21  This doctor started working Mr. Stiefel's hand into a cast. The doctor asked how long the hand had

22  been in this condition and was in disbelief upon learning that Mr. Stiefel had been performing his

23  normal duties, unrestricted, since the end of January. Dr. Gialamas released Mr. Stiefel back to

24  work on light duty, with no use of his left hand. *Id.*¶¶24.

25         Tuesday morning Mr. Stiefel returned to work and attended the regular morning safety

26  meeting where he handed his foreman Dave Smith the note from Dr. Gialamas. That day and the

27  next day Mr. Stiefel was given work for which he did not have to use his left hand. However, on

28

3.

MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

1   Thursday Mr. Stiefel was assigned tasks that required the use of both hands such as welding,

2   cutting with a torch, grinding, fabricating, climbing ladders and using rope to lift objects. At this

3   time the rest of the crew were doing less demanding jobs that did not require both hands. This went

4   on for three weeks. Mr. Stiefel suffered through performing the tasks he was asked to do knowing

5   he was being punished for having complained. All along and to this day there are and were jobs

6   available he could perform that would not require the use of both hands. *Id*.¶¶25-27.

7        Three full weeks later, in March 2006, Mr. Stiefel was laid off. The layoff was categorized

8   as a medical reduction in force. Mr. Stiefel was told that no one had a problem with his work.

9   Rather, he "pissed some people off" when he got Edison involved. *Id.* ¶28.

10       Thereafter, in April 2006, Mr. Stiefel filed a charge of discrimination with the California

11  Department of Fair Employment and Housing ("DFEH"). He then, in June 2006, filed a Complaint

12  in Superior Court of San Diego, North County Division for wrongful termination in violation of

13  public policy, failure to accommodate disability, retaliation, violation of the California Labor Code,

14  negligent supervision and intentional infliction of emotional distress.  Subsequently Defendants

15  removed that matter to Federal Court (Case No. 06CV1414) and the parties engaged in several

16  rounds of briefing over the issue of federal enclave pre-emption. Ultimately this Court, despite

17  abundant evidence to the contrary, ruled that SONGS is a federal enclave and further rejected the

18  California appellate court decision *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472 (2000)

19  and ruled that California's Occupational Safety and Health Act does not apply at SONGS. Thus this

20  Court dismissed Plaintiff's claims for Wrongful Termination, California Labor Code Violations,

21  Disability Discrimination under the Fair Employment and Housing Act, Retaliation under the Fair

22  Employment & Housing Act, Intentional Infliction of Emotional Distress and Negligent

23  Supervision with prejudice. However, the Court's prior dismissal of Stiefel's claims under the

24  Americans with Disabilities Act was ***without*** prejudice; those claims were never dismissed with

25  prejudice.

26       Plaintiff underwent surgery on his hand in June 2006 and proceeded to have regular medical

27  checkups. In subsequent months, Plaintiff's doctor, who performed the surgery, released Plaintiff to

28

4.

1   work in a light duty capacity in late October 2006. During the late October 2006 time period,

2   Plaintiff, while waiting at home to learn if he would be placed back at work learned that BECHTEL

3   has refused to put him back to work, falsely claiming that no light duty work is available. On a

4   monthly basis MR. STIEFEL has been passed over for jobs because BECHTEL has maintained and

5   currently enforces a policy that no injured employee will be rehired without a "full medical

6   release." This 100% healed requirement is reflected in written documents evidencing the fact that

7   BECHTEL engages in per se violations of the Americans with Disabilities Act. Complaint ¶30.

8         Based on these new facts, as well as the previous facts from the original case, Plaintiff

9   therefore filed a new charge of disability discrimination with the DFEH in December 2006 and

10  received a right to sue letter dated December 19, 2006.  *See* FAC at ¶31.  Within 30 days of

11  receiving the DFEH right to sue letter Plaintiff filed a separate charge with the EEOC on January

12  17, 2007. *See* Exhibit A to FAC. Following that filing MR. STIEFEL received confirmation from

13  the EEOC and supplied additional information on a subsequent form prepared by and at the request

14  of the EEOC.  *See* Exhibit B to FAC.  Finally, MR. STIEFEL received a right to sue letter from the

15  EEOC in September 2007. *See* Exhibit C to FAC.[1]  Plaintiff filed this action initially in the

16  Superior Court of San Diego in October 2007 and Defendants removed the matter to this Court.

17  Defendant moved to dismiss the initial Complaint in this matter based on a flawed failure to

18  exhaust argument.  The Court granted the motion only insofar as the Complaint sought recovery for

19  discrimination/failure to accommodate occurring up to and including Plaintiff's termination in

20  March 2006.

21  III.   ARGUMENT – PLAINTIFF HAS PROPERLY STATED ALL CAUSES OF ACTION
        AND THEREFORE DEFENDANT'S MOTION MUST BE DENIED IN ITS ENTIRETY.

22       A.   LEGAL STANDARD ON A MOTION TO DISMISS AND MOTION TO STRIKE.

23

24       A Motion to Dismiss pursuant to Federal Rule of Civil Procedure Section 12(b)(6) tests the

25  legal sufficiency of the claims stated in a Complaint by asking whether the facts alleged in the

26

27  [1] In fact the documents separated into Exhibits A, B and C in the FAC were all attached, as one exhibit A, to the initial
    Complaint in this matter filed in Superior Court in November 2007.  However, when Defendant removed this action to
    federal court it deliberately misled the Court by excluding the exhibit to the Complaint and thus engaged in conduct

28  warranting sanctions.  *See* Section III.E. *infra*.

5.

MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

1  Complaint, which are assumed to be true, would entitle Plaintiff to relief.  The motion must be denied

2  unless the facts alleged could not under any legal theory support a cause of action.  *See Conley v.*

3  *Gibson*, 355 U.S. 41, 45-46 (1957).  *See also Balisteri v. Pacifica Police Dept.*, 901 F. 2d 696, 699

4  (9th Cir. 1990)(dismissal under FRCP 12(b)(6) is only proper where the Complaint lacks a cognizable

5  legal theory or lacks sufficient facts to state a cognizable legal theory).  "A complaint should not be

6  dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

7  of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-

8  46.

9        In ruling on the motion the Court ***must construe the Complaint in a light most favorable to***

10 ***the Plaintiff in addition to accepting the factual allegations as true*** and determining whether

11 Plaintiff can prove any set of facts would entitle him to relief.  *See Cahill v. Liberty Mut. Ins. Co.*, 80

12 F. 3d 336, 337-38 (9th Cir. 1996).  All factual allegations, no matter how unlikely or improbable, are

13 assumed to be true.  The Court is not called upon at the stage of a 12(b)(6) motion to weigh the

14 strengths of each cause of action.  *See Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998);

15 *Jacobson v. Hughes Aircraft Co.*, 105 F. 3d 1288, 1292 (9th Cir. 1997).

16       Given the liberal policy in favor of amending pleadings in federal cases, motions to dismiss

17 under FRCP 12(b)(6) are disfavored.  "The motion to dismiss for failure to state a claim is viewed

18 with disfavor and is rarely granted."  *Gilligan v. Jamco Develop. Corp.*, 108 F. 3d 246, 249 (9th Cir.

19 1997).  Indeed, because of the liberality required in amending pleadings pursuant to FRCP 15(a),

20 where a Motion to Dismiss is granted leave to amend the Complaint should also be granted.  "Where

21 a more carefully drafted complaint *might* state a claim, a plaintiff must be given at least one more

22 chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v.*

23 *Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

24       Pursuant to Federal Rule of Civil Procedure 12(f) a Motion to Strike is directed at "any

25 redundant, immaterial, impertinent, or scandalous matter."

26
27    B.    THE FIRST AMENDED COMPLAINT, CONSISTENT WITH THE COURT'S
            ORDER GRANTING THE LAST MOTION TO DISMISS, PROPERLY ONLY
28
MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

<u>SEEKS RECOVERY FOR DISCRIMINATION/FAILURE TO ACCOMMODATE</u>
<u>THAT HAS OCCURRED **AFTER** THE TIME OF PLAINTIFF'S TERMINATION</u>.

STIEFEL has properly stated claims of discrimination, failure to accommodate and

retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §1201 et seq. by alleging

*inter alia:*

> 1. STIEFEL is a qualified disabled employee of Defendants who was subjected to disparate treatment because of his disability**.** His disabling injury substantially limits major life activities, such as "lifting, grasping, turning, pulling, working and caring for himself. Nevertheless he is able to perform the essential functions of his job at BECHTEL with reasonable accommodations" but has been passed over for rehire to jobs he is qualified to perform because he is disabled. *See* FAC at ¶¶34-36
> 2. Defendants were required to provide reasonable accommodations for STIEFEL'S disability but failed to do so. "Defendants failed and refused to reassign, restructure, modify or adjust job duties or make any of the required provisions or accommodations necessary for MR. STIEFEL under the circumstances." *See* FAC at ¶44.
> 3. STIEFEL "sought employment at BECHTEL since May 2006 and engaged in a protected activity under the ADA when he requested a return to work with accommodation for his disability, which substantially limits major life activities but does not prevent him from performing the essential functions of his job so long as he is given reasonable accommodations. Defendants retaliated against Plaintiff for having requested accommodation for his disability by refusing to re-employ him at all time since May 2006 despite the fact that numerous jobs have become available for which Plaintiff qualifies. BECHTEL has hired new employees or rehired other employees continuously on a monthly basis since May of 2006. Such retaliation is likely to deter employees from engaging in protected activities like MR. STIEFEL did." *See* FAC at ¶¶50-51.

Moreover, contrary to Defendants argument, Plaintiff is not seeking to recover for any harm

occurring before April 2006. Indeed, the FAC specifically limits each cause of action to the period

beginning in April/May 2006. This is true of the First Cause of Action for Discrimination, *see* FAC

at ¶35 ("Defendants discriminated against Plaintiff at all times since May 2006, by *inter alia*

not hiring him for work that he was qualified to perform, because of his disability, because he is

regarded as being disabled and/or because he has a record of being disabled."); the Second Cause of

Action for Failure to Accommodate, *see* FAC at ¶43 ("BECHTEL is a qualifying employer under

the ADA. DEFENDANTS violated the law requiring reasonable accommodation of disabilities, at

all times since May 2006, by not permitting MR. STIEFEL to work light duty capacity or even

considering him for any other available positions."); and the Third Cause of Action for Retaliation,

*see* FAC at ¶51 ("Defendants retaliated against Plaintiff for having requested accommodation for

his disability by refusing to re-employ him at all time since May 2006 despite the fact that

numerous jobs have become available for which Plaintiff qualifies."). Thus, the FAC fully

7.

1    complies with the Court's February 2008 Order precluding recovery for any injuries up to and

2    including Plaintiff's March 2006 termination.  The FAC is explicitly limited to seeking recovery for

3    injuries arising since April 2006.

4

5            C.     THE DETAILS OF PLAINTIFF'S EMPLOYMENT BY DEFENDANTS, THE DISCRIMINATION HE SUFFERED AND HIS TERMINATION ARE PROPER BACKGROUND MATERIAL STATED IN THE SECTION OF THE FIRST AMENDED COMPLAINT ENTITLED "GENERAL BACKGROUND FACTS".

6

7          The U.S. Supreme has held that even where a wrongful termination or other acts of

8    discrimination are not part of a timely field EEOC charge, they are still relevant as background

9    factual material. *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002)

10   ("Nor does the [EEOC filing] statute bar an employee from using prior acts as background evidence

11   in support of a timely claim.")[2]. Obviously the allegations that Defendants failed to accommodate

12   Stiefel's disability and terminated his employment in violation of the Americans with Disabilities

13   Act are relevant background evidence showing Defendants' discriminatory motive. The details

14   concerning Plaintiff's termination provide support for the failure to hire allegations. Indeed, if the

15   termination details were stricken there would be a gap in the factual section of Plaintiff's Complaint

16   rendering it incomplete and vague. Because the termination and prior discriminatory conduct

17   alleged in the current Complaint provide background information relevant to the failure to hire

18   claim, these background allegations should not be stricken. The information at paragraphs 7

19   through 29 of the Complaint are not redundant, immaterial, impertinent or scandalous, rather they

20   are relevant to the other allegations that Defendants concede are proper[3].

21           D.     PLAINTIFF'S COMPLAINT ALLEGES THAT PLAINTIFF WAS READY AND ABLE TO WORK BOTH PRIOR TO AND AFTER HIS JUNE 2006 HAND SURGERY AND THUS PLAINTIFF CAN SUE FOR BOTH PERIODS THAT HE WAS NOT ACCOMODATED.

22

23

24

25   [2] It is anticipated that in their Reply Defendants will argue that this determination by the Supreme Court only applied to hostile work environment discrimination claims.  This is completely inaccurate as the discussion of supporting

26   background facts appears in the section of the *Morgan* decision regarding exhaustion of administrative remedies and this section appears *before* the heading and section concerning hostile work environment disability discrimination

27   claims.  A cursory scan of the decision confirms this.
     [3]  The mere fact that these details may be incorporated by reference into each cause of action does not alter their status

28   as supporting background information.

MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

1    Defendant desperately seizes upon Plaintiff's statement that he was released to work light
2    duty in October 2006 following his hand surgery in June 2006.  *See* FAC at ¶30.  Based on this,
3    Defendants argue that Plaintiff was never able to work until October 2006.  However this narrow
4    reading overlooks the fact that Plaintiff has alleged, and his allegations must be accepted as true,
5    that he was able to work light duty since February 2006. *See* FAC at ¶25.  Even considering the
6    Court's prior ruling that all conduct prior to STIEFEL'S termination is not actionable, for failure to
7    exhaust administrative remedies, that still leaves two months, April and May 2006, following the
8    March 2006 termination and initial DFEH right to sue letter, that STIEFEL could have worked
9    before he underwent his hand surgery.  Moreover, it is entirely possible that STIEFEL would have
10   postponed the surgery had he been employed in June 2006.  STIEFEL has alleged he was able to
11   work in February 2006, underwent hand surgery in June 2006 and then was again able to work in
12   October 2006.  He never stated that he was ever totally disabled.  Plaintiff's allegations must be
13   accepted as true and he alleges a refusal to rehire him in April and May of 2006, as well as at all
14   times since October 2006.

15          E.     PLAINTIFF AND HIS COUNSEL COMPLIED WITH THE COURT'S ORDER
16                 PRECLUDING RECOVERY FOR EVENTS UP TO AND INCLUDING
                   PLAINTIFF'S TERMINATION, THUS NO SANCTIONS ARE WARRANTED
17                 AGAINST THEM.  HOWEVER, DEFENDANTS' AND THEIR COUNSEL
                   ENGAGED IN DECEIT BY SELECTIVELY OMITTING FROM THEIR PRIOR
18                 MOTION EVIDENCE SHOWING TIMELY FILING WITH THE EEOC.

19          Defendants' Motion makes fanciful and unsupported claims that the Court's Order granting
20   the first Motion to Dismiss, with Leave to Amend, precluded recovery for incidents occurring in
21   April and May 2006.  In actuality the Order holds that Plaintiff cannot recover for all incidents up
22   to and including his termination which occurred in March 2006.  Because the allegations of each
23   cause of action are specifically limited to conduct occurring since April 2006, Plaintiff has
24   complied with the Court's Order and neither Plaintiff nor his counsel should be sanctioned.
25          To the contrary, Defendants and their counsel have made a misrepresentation to the Court in
26   an effort to make it appear as if Plaintiff did not timely file a charge of discrimination with the
27   EEOC in January 2007.  Plaintiff's FAC attached as exhibits A, B and C the charge of
28
                                        9.
                    MEMO. OF POINTS & AUTHORITIES IN OPPOSITION TO MOT. TO DISMISS

1  discrimination filed with the EEOC in January 2007 (within thirty days of Plaintiff's receipt of his

2  second right to sue letter from the DFEH in December 2006), the supplemental statement prepared

3  by the EEOC then signed and submitted by STIEFEL in March 2007 and the EEOC right to sue

4  letter received in October 2007.  What is most interesting is that all of these documents were

5  attached to Plaintiff's initial Complaint in this action as one exhibit, exhibit A, which is referenced

6  in the text of the initial Complaint but was not included in the documents submitted to this Court by

7  Defendants when they removed this action from the Superior Court of San Diego.  *See* Declaration

8  of Marcus Jackson, Esq. (Jackson Decl.) filed concurrently herewith at ¶2.  Defendants later

9  submitted a notice of the missing exhibit but went ahead and attached the incomplete Complaint,

10  minus the exhibit filed in Superior Court, as part of their first Motion to Dismiss in this case.  *See*

11  Jackson Decl. at ¶¶3-4.  More outrageously, Defendants selectively attached a part of the missing

12  exhibit, only the March 2007 EEOC filing (which is also Exhibit B to the FAC), to their initial

13  Motion to Dismiss to make it appear Plaintiff filed with EEOC three months after he received his

14  second DFEH right to sue letter rather than within 30 days.  *See* Jackson Decl. at ¶5.  Thus

15  Defendants were aware of all documents attached as Exhibit A to the initial Complaint, showing a

16  timely EEOC filing in January 2007, and selectively picked out and submitted only a portion of

17  those document to make it look as if the EEOC filing was untimely.  Defendant's counsel's act of

18  attaching a known incomplete pleading to its first Motion, and declaring that the attachment was

19  accurate, is the sort of Rule 11 violation for which the Court should impose sanctions.

20  IV.    <u>CONCLUSION</u>.

21        For all the foregoing reasons, Plaintiff respectfully requests that Defendant BECHTEL'S

22  Motion to Dismiss and/or to Strike and for Sanctions be denied in its entirety.  Should the Court grant

23  any part of Defendant's motion Plaintiff respectfully requests that the Court grant leave to amend.

24                                                DANZ & ASSOCIATES

25  DATED:        April 21, 2008            By:    /s/ Marcus Jackson
                                                STEPHEN F. DANZ, ESQ.
26                                                MARCUS JACKSON, ESQ.
                                                Attorneys for Plaintiff
27                                                JAMES RICHARD STIEFEL

28
                                    10.