1  THOMAS M. MCINERNEY, State Bar No. 162055
   tom.mcinerney@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Steuart Tower, Suite 1300
   One Market Plaza
4  San Francisco, California 94105
   Telephone:     (415) 442-4810
5  Facsimile:     (213) 442-4870

6  Attorneys for Defendant
   BECHTEL CORPORATION AND
7  BECHTEL CONSTRUCTION COMPANY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11
   JAMES RICHARD STIEFEL,                    Case No. 08 CV 0037 H (WMc)
12
                     Plaintiff,              DEFENDANTS' REPLY BRIEF IN
13                                           SUPPORT OF THEIR MOTION TO
             v.                              DISMISS AND/OR TO STRIKE
14
   BECHTEL CORPORATION and BECHTEL          Date:      May 5, 2008
15 CONSTRUCTION COMPANY,                    Time:      10:30 a.m.
                                            Judge.:    Honorable Marilyn L. Huff
16                   Defendant.             Courtroom 13, 5th Floor

17

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ..................................................................................................I

II.   ARGUMENT .......................................................................................................2

    A.    Each of Stiefel's Cause of Action Specifically Asserts and Incorporates
       Time-Barred Claims .....................................................................................2

    B.    Claims Arising Prior to June 2006 are Time-Barred. ...................................4

    C.    Time-Barred Incidents May Only Be Considered In a Hostile Work
       Environment Claim. .....................................................................................5

    D.    Stiefel Raises Arguments About Exhibits Attached to the Removal Papers
       that are Irrelevant to this Motion. .................................................................7

III.  CONCLUSION ....................................................................................................8

1

**TABLE OF AUTHORITIES**

2

<u>Page(s)</u>

3

**FEDERAL CASES**

4

*Dark v. Curry County*

5
    451 F.3d 1078 (9th Cir. 2006) ...............................................................................5

6

*Delaware State College v. Ricks*
    449 U.S. 250, 101 S. Ct. 498 (1980) ......................................................................6

7

8

*Henderson v. Ford Motor Company*
    403 F.3d 1026 (8th Cir. 2005) ...............................................................................7

9

*Ledbetter v. Goodyear Tire and Rubber Co.*

10
    _____ U.S. _____, 127 S. Ct. 2162 (2007) ..........................................................5, 6

11

*National Railroad Passenger Corporation v. Morgan*
    536 U.S. 101, 122 S. Ct. 2061 (2002) ...............................................................5, 6, 7

12

*United Airlines, Inc. v. Evans*

13
    431 U.S. 553, 558, 97 S. Ct. 1885 (1977) ..............................................................6

14

15

**FEDERAL STATUTES**

16

42 U.S.C. § 2000e-5(e)(1) ........................................................................................5

17

42 U.S.C. § 12112(b)(5)(A) .....................................................................................5

18

28 U.S.C. § 1927 .......................................................................................................8

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE

## I.  <u>INTRODUCTION</u>

After the Court dismissed most of his legal claims and allegations on February 7, 2008 for being time-barred, plaintiff James Richard Stiefel filed an amended complaint that repeated all of the dismissed allegations and claims.  Defendants Bechtel Construction Company and Bechtel Corporation (collectively "Bechtel") brought this motion again requesting the Court dismiss the claims already dismissed by this Court and for sanctions due to Stiefel's refusal to adhere to the Court's prior order.

In opposition, Stiefel incorrectly argues that the allegations in his First Amended Complaint only relate to the time period "after" his March 6, 2006 termination from Bechtel.  To the contrary, each of his causes of action specifically incorporates all his earlier time-barred claims, including his termination and events occurring prior to that time.  Moreover, his third cause of action for retaliation—at paragraph 52 of the First Amended Complaint—is specifically premised ***on his March 2006 termination.***  Basing his retaliation claim on his termination after the Court had already held his termination was time-barred clearly violates the Court's order.

To avoid sanctions, Stiefel argues that his dismissed claims are mere "background evidence," despite the fact his First Amended Complaint is based on time-barred events.  Even if his argument was true, which it is not, his "background evidence" argument relates to hostile work environment claims, which he has not alleged in this case.

Accordingly, Bechtel requests an order dismissing his claims to the extent they are premised on events occurring prior to June 8, 2006, when the limitations period expired for him to file an EEOC charge.  Moreover, due to Stiefel's refusal to comply with the Court's prior order, it is apparent he will not voluntarily comply with this Court's orders.  Accordingly, sanctions are warranted here based on his counsel's bad faith and necessary to enforce compliance with the Court's orders.

///

///

///

///

## II.    ARGUMENT

### A.    Each of Stiefel's Causes of Action Specifically Asserts and Incorporates Time-Barred Claims.

Stiefel argues he has limited his three causes of action to the period since Stiefel's termination.  (Stiefel Opposition Brief, 2:8-9).  Stiefel is incorrect.

First, Stiefel's opposition brief and First Amended Complaint offer varying and contradictory time frames for when his legal claims purportedly arose.  In his opposition brief he argues his claims arise only after "Plaintiff was terminated," *i.e.*, March 6, 2006.  (Stiefel Opposition Brief, 2:8-9)  However, his First Amended Complaint also contains several pages of allegations referring to incidents occurring throughout 2004, 2005, 2006, and 2007, and all these time periods are incorporated into each of his causes of action.  His various causes of action also refer at times to the period "since May 2006."  (First Amended Complaint, ¶¶ 35, 43, 50, 51)  This confusion underscores the importance of the Court dismissing his claims arising prior to June 2006, when the statutory deadline for filing an EEOC charge expired.

Second, in paragraph 52 of the First Amended Complaint, which sets forth the legal basis for his retaliation claim, Stiefel alleges:

> The Defendants retaliated against the Plaintiff by harassing, singling out, ostracizing, punishing *and ultimately firing him* as a direct result of his protected acts as expressly set forth above.  The causal relationship between the Defendants' adverse action and Mr. STIEFEL's protected activity of requesting accommodation for the injuries he suffered may be inferred due to the short time between them.

Therefore, contrary to his argument that his First Amended Complaint only relates to events occurring *since* his termination, his third cause for retaliation is expressly premised *on* his termination, which this Court has already held was time-barred.

Third, while Stiefel has inserted at various times in the First Amended Complaint the phrase "since May 2006" (First Amended Complaint, 8:9, 9:19, 10:1, 10:22, 10:27), read in context these insertions do not limit his claims to that period.  For example, the "General Background Facts" section contains 25 paragraphs of allegations, of which *23 paragraphs* contain allegations

///

///

///

1  predating his March 2006 termination.[1]   These time-barred events include:

2       1.   the alleged malfunction of a boom lift in November 2005 (¶ 9);

3       2.   the alleged failure to request assistance from the local fire department in

4  November 2005 (¶ 11);

5       3.   a supervisor's alleged failure to speak with Stiefel in November 2005 due to

6  his reporting the alleged boom lift malfunction (¶ 14);

7       4.   Stiefel allegedly being verbally criticized in December 2005 for reporting a

8  cracked weld (¶ 15);

9       5.   Stiefel's claim that in January 2006 he was required by a supervisor to use

10  an improper tool (¶ 16);

11      6.   an injury on January 31, 2006 to his left thumb allegedly caused by the use

12  of the improper tool (¶ 17);

13      7.   alleged delays in arranging transportation for Stiefel to a physician in

14  February 2006 (¶ 17);

15      8.   an alleged misdiagnosis of Stiefel by a physician, Dr. Earl Miller, in

16  February 2006 (¶ 19);

17      9.   Stiefel's communications with a Southern California Edison employee, John

18  Patterson, in February 2006 (¶¶ 21-22);

19      10.   alleged discussions between Bechtel employees Barry Clark and Jim Foral

20  about Stiefel in February 2006 (¶ 23);

21      11.   Stiefel's medical treatment by a Dr. Giamalas on February 13, 2006 (¶ 24);

22      12.   the assignment of job duties to Stiefel in February and March 2006 that

23  allegedly ran afoul of medical restrictions (¶¶ 26-28); and

24      13.   Stiefel's layoff in March 2006.  (¶ 28)

25      Although Stiefel now argues the claims in the First Amended Complaint are "limited" only

26  to the period "since his termination" or, alternatively, "since May 2006," his First Amended

27  ────────────────

28      [1] Reinforcing the fact Stiefel is relying almost entirely on time-barred claims in this action, the three-page "Background Facts and Procedural History" contained in his opposition brief also refers almost entirely to events occurring *before* his March 2006 termination.

1    Complaint contradicts this argument by specifically incorporating each of these time-barred claims

2    into each cause of action.  *See, e.g.*, First Amended Complaint, ¶¶ 32 ("Plaintiff repeats and

3    realleges the allegations of paragraphs 1 through 31 above, and incorporates them herein by

4    reference as though set forth in full."), 41, 49.

5        Fourth, contrary to the argument in his opposition brief that he is "not seeking to recover

6    for any harm occurring before April 2006" (Opposition, 7:15-16), his actual damage allegations in

7    his First Amended Complaint contain no such time limitation.  Instead, his complaint requests

8    damages for "the aforementioned conduct" and "the actions of Defendants as described above,"

9    which refers to all the time-barred incidents.  *See, e.g.*, First Amended Complaint, ¶¶ 37, 38, 39,

10    40, 45, 46, 47, 48, 54, 55, 56, 57.

11        **B.    Claims Arising Prior to June 2006 Are Time-Barred.**

12        The Court's February 7, 2008 order referred to March 2006—when Stiefel was laid off—as

13    the cut-off period for time-barred allegations.  This timeframe was used because Stiefel's original

14    complaint did not allege any adverse employment actions after his layoff until the alleged failure to

15    rehire him in "late October 2006," when he was released to work by his physician.[2]   However, his

16    opposition brief now identifies two periods between March and October 2006 during which he

17    claims to have been discriminated against.  Specifically, referring to paragraph 31 of his First

18    Amended Complaint, Stiefel argues that on a "monthly basis" since April 2006 he was "passed

19    over for rehire by Bechtel because he is not 100% healed."  He also argues that "since May 2006"

20    he was discriminated or retaliated against.  (First Amended Complaint, ¶¶ 35, 43, 44, 50, and 51).

21        However, allegedly discriminatory incidents occurring after his March 2006 layoff but prior

22    to early June 2006—the deadline for him to file his EEOC charge—are still time-barred.  Stiefel

23    received a DFEH "Notice of Case Closure" dated May 8, 2006, and this notice specifically

24    informed him of his statutory obligation to file an EEOC charge within 30 days thereafter if he

25    wanted a federal administrative charge.  Therefore, Stiefel's 30-day deadline to file an EEOC

26    charge alleging a violation of the ADA expired in early June 2006.  Stiefel waited until the next

27

28
        _____
        [2] Bechtel does not contend in this motion that the October 2006 alleged "failure to rehire" is
    time-barred.

1 | year, March 2007, before doing so.  Accordingly, claims arising in April, May, and early June

2 | 2006, which are prior to the expiration of this June 2006 EEOC filing deadline and would have

3 | been included in such a charge if it had been timely filed, are time-barred.  42 U.S.C. § 2000e-

4 | 5(e)(1). [3]

5 | **C.    Time-Barred Incidents May Only Be Considered in a Hostile Work Environment Claim.**

6 |

7 | In his opposition, Stiefel cites *National Railroad Passenger Corporation v. Morgan*, 536

8 | U.S. 101, 122 S. Ct. 2061 (2002), for the proposition that adverse employment actions in or prior to

9 | March 2006 are admissible as "background evidence."  By relying on *Morgan*, Stiefel effectively

10 | concedes that employment actions occurring prior to that time are not actionable.  *Morgan*

11 | repeatedly holds that discrete discriminatory actions, such as termination and the failure to provide

12 | a reasonable accommodation, are not actionable if time-barred.  *Morgan*, *supra*, 536 U.S. at 113

13 | ("First, discrete discriminatory acts are not actionable if time barred, even when they are related to

14 | acts alleged in timely filed charges."); *Id.*, at 114 ("Each incident of discrimination and each

15 | retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment

16 | practice.'"); (". . . only incidents that took place within the timely filing period are actionable.").

17 | More recently, the U.S. Supreme Court in *Ledbetter v. Goodyear Tire and Rubber Co.*,

18 | _____ U.S. _____, 127 S. Ct. 2162 (2007), further emphasized how plaintiffs asserting

19 | discrimination claims may not rely on time-barred allegations.  The Supreme Court held that a

20 |

21 | [3] Stiefel's opposition argues that his First Amended Complaint should be interpreted as alleging he was authorized to work in a "light duty" capacity in April and May 2006, after he was

22 | laid off, and that Bechtel discriminated against him by not providing him such work during that period.  First, that Stiefel argues that he was discriminated against in ***April 2006*** contradicts his

23 | argument that his First Amended Complaint limited his claims to the period "since ***May 2006***." Second, Stiefel, an ironworker, does not allege that any "light duty" jobs were even available for

24 | ironworkers at that time, or at any time.  The ADA defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified

25 | individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business."  42 U.S.C. § 12112(b)(5)(A).

26 | Stiefel bears the burden of pleading and proving the existence of a reasonable accommodation that would have enabled him to perform the essential functions of an available job.  *Dark v. Curry*

27 | *County*, 451 F.3d 1078, 1088 (9th Cir. 2006).  While Stiefel's First Amended Complaint alleges that "since May 2006" Bechtel failed to accommodate his injury, he does not identify any

28 | ironworker or other job open and available during this period which he was capable of performing with use of only one hand.

1   "discriminatory act which is not made the basis for a timely charge . . . is merely an unfortunate

2   event in history which has no present legal consequences." *Id.*, at 2168 (*quoting United Airlines,*

3   *Inc. v. Evans*, 431 U.S. 553, 558, 97 S. Ct. 1885 (1977).  Nor can "current effects alone . . . breathe

4   life into prior, uncharged discrimination," as such time-barred effects "have no present legal

5   consequences." *Id.*, at 2169.  Moreover, allowing a plaintiff like Stiefel to rely on time-barred

6   claims would "distort Title VII's 'integrated multistep enforcement procedure.'"  *Id.*, at 2170

7   (citations omitted).  The statutory limitation requirements "protect employers from the burden of

8   defending claims arising from employment decisions that are long past." *Id.*, *quoting Delaware*

9   *State College v. Ricks*, 449 U.S. 250, 256-257, 101 S. Ct. 498 (1980).  Moreover, these deadlines

10  reflect the intent of Congress "to encourage the prompt processing of all charges of employment

11  discrimination" and "Congress' strong preference for the prompt resolution of employment

12  discrimination allegations through voluntary conciliation and cooperation." *Id.* (citations omitted).

13  Here, Stiefel attempts to do exactly what is circumscribed by Congress and the courts—to

14  bootstrap time-barred allegations into his discrimination claims.

15          Stiefel attempts to circumvent this law by arguing that his time-barred allegations are only

16  offered as "background evidence" in this case.  However, *Morgan* drew a distinction between a

17  claim for discrimination based on discrete acts, which Stiefel brings, and one based on a hostile

18  work environment, which he does not bring.  The *Morgan* court explained that a "hostile work

19  environment claim is comprised of a series of separate acts that collectively constitute one

20  'unlawful employment practice,'" and that "[i]t does not matter, for purposes of [Title VII], that

21  some of the component acts of the hostile work environment fall outside the statutory time

22  period.'"  *Morgan*, *supra*, 536 U.S. at 117.  *Morgan* further held "[p]rovided that an act

23  contributing to the claim occurs within the filing period, the entire time period of the hostile

24  environment may be considered by a court for the purposes of determining liability."  *Id.*

25          As long as the employer has engaged in enough activity to make out an actionable hostile
            environment claim, an unlawful employment practice has 'occurred,' even if it is still
26          occurring.  Subsequent events, however, may still be part of the one hostile work
            environment claim and a charge may be filed at a later date and still encompass the whole.

27

28  *Id.*

1    In other words, the argument that untimely events may be considered as "background

2  evidence" relates only to hostile work environment claims, not for discrimination based on discrete

3  employment actions such as termination of the failure to provide a reasonable accommodation.

4  *Morgan*, *supra*, 536 U.S. at 114 ("While Morgan alleged that he suffered from numerous

5  discriminatory and retaliatory acts from the date that he was hired through March 3, 1995, the date

6  that he was fired, only incidents that took place within the timely filing period are actionable.")

7    Moreover, most (if not all) his time-barred allegations are factually unrelated to his timely

8  "failure to rehire" claim.  His First Amended Complaint repeats a host of alleged events months

9  and, in some instances, *years* before the alleged failure to rehire him in October 2006 and involve

10  such unrelated incidents such as alleged medical misdiagnoses, alleged malfunctioning boom lifts,

11  alleged missed doctor's appointments, the alleged use of improper tools, the alleged reporting of a

12  cracked weld, and the alleged delay in arranging for a ride to a physician's appointment.

13  Allegations that are not close in time and which bear no factual relation to the timely claims are

14  inadmissible and do not raise any triable issue of fact regarding such adverse employment action.

15  *Henderson v. Ford Motor Company*, 403 F.3d 1026, 1036-1037 (8th Cir. 2005) (Evidence of past

16  failures to accommodate are not close in time and factually unrelated to the adverse employment

17  action and thus do not raise a triable issue of fact)

18    **D.    Stiefel Raises Arguments About Exhibits Attached to the Removal Papers that
19          Are Irrelevant to this Motion.**

20    Stiefel argues for a page and a half of his brief that Bechtel "misrepresented" to the Court

21  that he did not "file a charge of discrimination with the EEOC in January 2007."  (Opposition,

22  9:25-27)  This point, which bears no relation to any argument raised in Bechtel's motion,

23  apparently relates to Stiefel's argument that his submission of paperwork to the EEOC in January

24  2007 constitutes the "filing" of an EEOC charge, contrary to this Court's February 7, 2008 Order

25  which states, "Plaintiff filed a complaint of discrimination with the EEOC on March 16, 2007."

26  (Feb. 7, 2008 Order, 4:5)  Regardless of whether his submission of paperwork to the EEOC in

27  January 2007 constituted the filing of a "complaint of discrimination with the EEOC," this point is

28  irrelevant to Bechtel's motion and appears to be offered to distract from the fact Stiefel filed a First

1   Amended Complaint that repeated allegations and legal claims this Court has already determined to

2   be time-barred.[4]

### III.    CONCLUSION

4        Stiefel's three federal causes of action repeat and incorporate within the same allegations

5   this Court held to be time-barred.  Further, Stiefel's allegations on their face defeat his claim that

6   he was a "qualified individual" under the ADA prior to late October 2006.   Therefore, his claims

7   should be dismissed on these alternative grounds.  Alternatively, the Court should strike all of his

8   time-barred allegations and claims based on events prior to "late October 2006" when he was not

9   medically cleared to work by his own physician.  The Court should also sanction plaintiff's counsel

10  under 28 U.S.C. § 1927 and its own "inherent power" for unreasonably repeating barred claims in

11  his First Amended Complaint, thus necessitating this motion.

13  DATED:  April 28, 2008                     OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.

16                                             By:  ___/s/ Thomas M. McInerney_____
17                                                      Thomas M. McInerney
                                               Attorneys for Defendants
18                                             BECHTEL CORPORATION and BECHTEL
                                               CONSTRUCTION COMPANY

---

[4] Stiefel also points out that in its initial removal papers Bechtel did not include attachments to his state court complaint containing his initial written communication with the EEOC in January 2007.  He then correctly notes that this oversight was inadvertent and that Bechtel immediately filed these attachments with the Court.  This point bears no relevance to any issue raised in this motion.

**CERTIFICATE OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

On April 28, 2008, I served the following document(s) described as: **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR TO STRIKE,** on the persons below as follows:

Stephen F. Danz, SBN 68318              ***Attorneys for Plaintiff***
Stephen Danz & Associates              ***JAMES RICHARD STIEFEL***
11661 San Vicente Blvd. #500
Los Angeles, CA, 90049
Tel: (310) 207-4568 / Fax: (310) 207-5006

Marcus Jackson, SBN 205792              ***Attorneys for Plaintiff***
Danz & Gerber                          ***JAMES RICHARD STIEFEL***
1550 Hotel Circle North, Suite 170
San Diego, CA  92108
Tel: (619) 297-9400 Fax: (619) 297-9444

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

XX      placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

XX  (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 28, 2008, at San Francisco, California.

Jovania Faamaligi _____              ____/s/ Jovania Faamaligi_____
Type Name                                        Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)