1  THOMAS M. McINERNEY, Cal. Bar No. 162055
   tmm@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
3  One Market Plaza
   San Francisco, California 94105
4  Telephone:    415-442-4871
   Facsimile:    415-442-4870
5
6  Attorneys for Defendants
   BECHTEL CORPORATION and BECHTEL
   CONSTRUCTION COMPANY
7

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 JAMES RICHARD STIEFEL,                Case No. 08 CV 0037 H (WMc)

12              Plaintiff,               **DEFENDANT BECHTEL
                                         CONSTRUCTION COMPANY'S
13      v.                               ANSWER TO PLAINTIFF'S FIRST
                                         AMENDED COMPLAINT**
14 BECHTEL CORPORATION and BECHTEL
   CONSTRUCTION COMPANY,
15
                Defendants.
16

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Defendant Bechtel Construction Company ("Defendant") hereby files its Answer to Plaintiff James Richard Stiefel's ("Plaintiff") First Amended Complaint for Damages ("the First Amended Complaint"), and would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.    In response to paragraph 1 of the First Amended Complaint, Defendant objects to various terms including "located" and the "events constituting the conduct set forth in this Complaint" on the basis that they are vague, ambiguous, and unintelligible.  Defendant admits that the claims asserted by Plaintiff arise under federal law, that Defendant has operated or does operate in San Diego County, and that some of the events described in the First Amended Complaint occurred in San Diego County.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1, and on that basis it denies the remaining allegations.

2.    In response to paragraph 2 of the First Amended Complaint, Defendant objects to various terms including "the wrongful conduct alleged herein," the "records relevant to Defendants' business," and "this Division" on the basis that they are vague, ambiguous, and unintelligible.  Defendant admits that some of the alleged conduct in the First Amended Complaint is alleged to have occurred in San Diego County, that it has operated or does operate in San Diego County, and that some of the records relevant to Defendant's business operations are or were located in San Diego County.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2, and on that basis it denies the remaining allegations.

## PARTIES

3.    In response to paragraph 3 of the First Amended Complaint, Defendant objects to various terms including "all relevant times herein" on the basis that they are vague, ambiguous, and unintelligible.  Defendant admits that Plaintiff is an adult.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3, and on that basis it denies the remaining allegations.

4.      In response to paragraph 4 of the First Amended Complaint, Defendant admits that Bechtel Construction Company is a corporation and its principal place of business is in California and that Bechtel Construction Company is doing business in San Diego County.  Defendant denies the remaining allegations.

5.      In response to paragraph 5 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 5, and on that basis it denies the allegations.

6.      In response to paragraph 6 of the First Amended Complaint, Defendant denies these allegations.

7.      In response to paragraph 7 of the First Amended Complaint, Defendant admits these allegations.

8.      In response to paragraph 8 of the First Amended Complaint, Defendant admits these allegations.

9.      In response to paragraph 9 of the First Amended Complaint, Defendant admits that there was an incident caused by Stiefel which resulted in his being stuck in a boom or "man lift." Defendant denies the remaining allegations.

10.      In response to paragraph 10 of the First Amended Complaint, Defendant objects to the allegations in the first sentence on the basis that they are vague, ambiguous, unintelligible, and that Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis it denies these allegations.  Defendant denies the remaining allegations.

11.      In response to paragraph 11 of the First Amended Complaint, Defendant denies these allegations.

12.      In response to paragraph 12 of the First Amended Complaint, Defendant admits Stiefel and another employee were stuck in a "man lift" for some period of time.  Defendant denies the remaining allegations.

13.      In response to paragraph 13 of the First Amended Complaint, Defendant denies these allegations.

14.     In response to paragraph 14 of the First Amended Complaint, Defendant denies these allegations.

15.     In response to paragraph 15 of the First Amended Complaint, Defendant admits that Stiefel and others were working at Unit I with a material handling system.  Defendant denies the remaining allegations.

16.     In response to paragraph 16 of the First Amended Complaint, Defendant admits that Stiefel injured his hand on or about January 31, 2006.  Defendant denies the remaining allegations.

17.     In response to paragraph 17 of the First Amended Complaint, Defendant admits that Stiefel injured his hand on or about January 31, 2006, that he received treatment from Dr. Miller, that he missed an appointment with Dr. Miller, and that no safety officer provided transportation to Stiefel.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

18.     In response to paragraph 18 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

19.     In response to paragraph 19 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

20.     In response to paragraph 20 of the First Amended Complaint, Defendant admits that Stiefel returned to work.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

21.     In response to paragraph 21 of the First Amended Complaint, Defendant admits that Stiefel returned to his work area on or about February 8, 2006.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

22.    In response to paragraph 22 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

23.    In response to paragraph 23 of the First Amended Complaint, Defendant admits that Jim Foral spoke with Stiefel.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

24.    In response to paragraph 24 of the First Amended Complaint, Defendant admits that on or about February 13, 2006, Dr. Gialamas saw Stiefel and Stiefel was released to return to work on light duty with no use of his left hand.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

25.    In response to paragraph 25 of the First Amended Complaint, Defendant admits he returned to work on or about February 14, 2006 and attended the safety meeting, and he provided a note to Defendant from Dr. Gialamas indicating he was to work light duty with no use of the left hand.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis it denies these allegations.

26.    In response to paragraph 26 of the First Amended Complaint, Defendant admits that on or about February 14, 2006, Stiefel was assigned work by Defendant that complied with his medical restrictions.  Defendant denies the remaining allegations.

27.    In response to paragraph 27 of the First Amended Complaint, Defendant denies these allegations.

28.    In response to paragraph 28 of the First Amended Complaint, Defendant admits that he was laid off on or about March 6, 2006 and that certain paperwork noted it as a "medical reduction in force."  Defendant denies the remaining allegations.

29.    In response to paragraph 29 of the First Amended Complaint, Defendant denies these allegations.

30.     In response to paragraph 30 of the First Amended Complaint, Defendant that in October 2006 a doctor did release him to limited duty capacity.  Defendant denies the remaining allegations.

31.     In response to paragraph 31 of the First Amended Complaint, Defendant admits that Stiefel filed a complaint of discrimination with the DFEH in or about April 2006 alleging, among other things, disability discrimination, and that he filed a second complaint with the DFEH in or about December 2006.  Defendant further admits that the EEOC issued a right to sue letter dated in or about September 2007, that he initially filed this action in the San Diego Superior Court in October 2007, and that Defendant removed this matter to this Court.  Defendant denies the remaining allegations.

## FIRST CAUSE OF ACTION

32.     In response to paragraph 32 of the First Amended Complaint, Defendant repeats, reasserts, and incorporates by reference its objections, admissions, and denials herein as though set forth in full.

33.     In response to paragraph 33 of the First Amended Complaint, Defendant admits that the Americans with Disabilities Act was in effect during the period Stiefel was employed by Defendant and that Defendant is subject to it.  Defendant denies the remaining allegations.

34.     In response to paragraph 34 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

35.     In response to paragraph 35 of the First Amended Complaint, Defendant denies these allegations.

36.     In response to paragraph 36 of the First Amended Complaint, Defendant denies these allegations.

37.     In response to paragraph 37 of the First Amended Complaint, Defendant denies these allegations.

38.     In response to paragraph 38 of the First Amended Complaint, Defendant denies these allegations.

39.     In response to paragraph 39 of the First Amended Complaint, Defendant denies these allegations.

40.     In response to paragraph 40 of the First Amended Complaint, Defendant denies these allegations.

## SECOND CAUSE OF ACTION

41.     In response to paragraph 41 of the First Amended Complaint, Defendant repeats, reasserts, and incorporates by reference its objections, admissions, and denials herein as though set forth in full.

42.     In response to paragraph 42 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis it denies these allegations.

43.     In response to paragraph 43 of the First Amended Complaint, Defendant admits that it is subject to the ADA and, as such, it is required to provide reasonable accommodations at particular times when required under its provisions.  Defendant denies the remaining allegations.

44.     In response to paragraph 44 of the First Amended Complaint, Defendant denies these allegations.

45.     In response to paragraph 45 of the First Amended Complaint, Defendant denies these allegations.

46.     In response to paragraph 46 of the First Amended Complaint, Defendant denies these allegations.

47.     In response to paragraph 47 of the First Amended Complaint, Defendant denies these allegations.

48.     In response to paragraph 48 of the First Amended Complaint, Defendant denies these allegations.

## THIRD CAUSE OF ACTION

49.     In response to paragraph 49 of the First Amended Complaint, Defendant repeats, reasserts, and incorporates by reference its objections, admissions, and denials herein as though set forth in full.

50.     In response to paragraph 50 of the First Amended Complaint, Defendant denies these allegations.

51.     In response to paragraph 51 of the First Amended Complaint, Defendant denies these allegations.

52.     In response to paragraph 52 of the First Amended Complaint, Defendant notes that the Court has struck these allegations.  Defendant denies any remaining allegations not already stricken.

53.     In response to paragraph 53 of the First Amended Complaint, Defendant denies these allegations.

54.     In response to paragraph 54 of the First Amended Complaint, Defendant denies these allegations.

55.     In response to paragraph 55 of the First Amended Complaint, Defendant denies these allegations.

56.     In response to paragraph 56 of the First Amended Complaint, Defendant denies these allegations.

57.     In response to paragraph 57 of the First Amended Complaint, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state facts sufficient to constitute a valid claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged disparate treatment was not based on any disability but on a legitimate nondiscriminatory business reason unrelated to Plaintiff's disability.

7                          Case No. CV 0037 H (WMc)

1

**FIFTH AFFIRMATIVE DEFENSE**

2          Any requested accommodation was unreasonable or would otherwise constitute an undue

3    burden.

4

**SIXTH AFFIRMATIVE DEFENSE**

5          Plaintiff failed to properly exhaust his administrative remedies.

6

**SEVENTH AFFIRMATIVE DEFENSE**

7          Plaintiff's claims are barred by the equitable claim of laches.

8

**EIGHTH AFFIRMATIVE DEFENSE**

9          Plaintiff's claims are barred or otherwise preempted by the Labor Management Relations

10   Act of 1947, 29 U.S. §§ 185, *et seq.*

11

**NINTH AFFIRMATIVE DEFENSE**

12          Plaintiff's claims are barred by the exclusivity provisions of the California Worker's

13   Compensation law.

14          WHEREFORE, Defendant pray for judgment as follows:

15          1.      That Plaintiff take nothing by way of his Complaint;

16          2.      That the Complaint be dismissed with prejudice;

17          3.      That the Court enters judgment for Defendant and against Plaintiff on all his

18   alleged causes of action;

19          4.      That the Court award Defendant its costs of suit; and

20          5.      The Court grants Defendant such other and further relief as the Court deems just

21   and proper.

22
     DATED:  June 5, 2008                     OGLETREE, DEAKINS, NASH, SMOAK &
23                                             STEWART, P.C.

24

25                                             By:    s/Thomas M. McInerney
                                               Thomas M. McInerney
26                                             Attorneys for Defendants
                                               BECHTEL CORPORATION and BECHTEL
27                                             CONSTRUCTION COMPANY

28

DEFENDANT BECHTEL CONSTRUCTION COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT