```
STEPHEN F. DANZ SBN 68318
(sfdanz@aol.com)
MARCUS JACKSON SBN 205792
(marcus@jacksonlitigation.com)
STEPHEN DANZ & ASSOCIATES
1550 HOTEL CIRCLE NORTH, SUITE 170
SAN DIEGO, CA 92108
TEL: (619) 297-9400
FAX: (619) 297-9444
```

FILED
MAY 15 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Attorney for Plaintiff/Appellant JAMES RICHARD STIEFEL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL, an individual;<br><br>Plaintiff/Appellant<br><br>v.<br><br>BECHTEL CORPORATION, a Corporation;<br>BECHTEL CONSTRUCTION COMPANY,<br>a Corporation;<br><br>Defendants/Appellees | CASE NO.: 08 CV 0037 H (WMc)<br><br>**PLAINTIFF/APPELLANT JAMES RICHARD STIEFEL'S NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN THAT Plaintiff/Appellant JAMES RICHARD STIEFEL hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Orders of the District Court filed on April 21, 2009, granting Defendants/Appellees BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY'S Motion for Summary Judgment and entering Judgment for Defendants/Appellees.

///

///

///

1.
NOTICE OF APPEAL

08 CV 0037 H (WMc)

PLEASE TAKE FURTHER NOTICE THAT appeal is also taken from all interlocutory orders giving rise to the judgment, including but not limited to, the District Court's Order dated February 7, 2008 Granting Defendants' Motion to Dismiss.

STEPHEN DANZ & ASSOCIATES

DATED: May 14, 2009          By: *(signature)*
STEPHEN F. DANZ, ESQ.
MARCUS JACKSON, ESQ.
Attorney for Plaintiff/Appellant
JAMES RICHARD STIEFEL

2.
NOTICE OF APPEAL

08 CV 0037 H (WMc)

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**SOUHTERN DISTRICT OF CALIFORNIA**
**JAMES RICHARD STIEFEL v. BECHTEL CORPORATION et al.**
**CASE NUMBER 08CV0037 H (WMc)**

I am employed in the City of San Diego, County of San Diego, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1550 Hotel Circle Avenue North, Suite 170 San Diego, CA 92108. On the below date I served the following documents:

**PLAINTIFF/APPELLANT JAMES RICHARD STIEFEL'S NOTICE OF APPEAL**

**PLAINTIFF/APPELLANT JAMES RICHARD STIEFEL'S REPRESENTATION STATEMENT**

**PLAINTIFF/APPELLANT JAMES RICHARD STIEFEL'S NINTH CIRCUIT CIVIL APPEALS DOCKETING STATEMENT**

On the following person(s):

> Thomas M. McInerney, Esq.
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> Steuart Tower, Suite 1300
> One Market Plaza
> San Francisco, CA 94105
>
> Attorneys for Defendants BECHTEL CORPORATION and BECHTEL CONSTRUCTION COMPANY

(☒) **BY U.S. MAIL** I caused each such envelope(s) addressed to the person(s) above containing the document(s) indicated above, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California on the date indicated below. I am familiar with the practice of my employer for collection and processing of the correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States mail the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 14, 2009 at San Diego, California.

*/s/ Marcus Jackson*
Marcus Jackson, Esq.

1

Case 3:08-cv-00037-H -WMC   Document 59   Filed 05/15/09   Page 4 of 17
Case 3:08-cv-00037-H-WMC   Document 51   Filed 04/21/2009   Page 1 of 1
AO 450 Judgment in a Civil Case

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

James Richard Stiefel

V.                           **JUDGMENT IN A CIVIL CASE**

Bechtel Corporation; Bechtel Constructions Company

**CASE NUMBER:** 08-CV-0037-H (WMc)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

Because Plaintiff has not produced evidence showing a genuine issue of material fact as to his claims under the Americans with Disabilities Act, the Court grants Defendants' motion for summary judgment

| April 21, 2009 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/ A. Garcia
(By) Deputy Clerk

ENTERED ON April 21, 2009

[Case Number]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD STIEFEL,<br><br>                        Plaintiff,<br>vs.<br><br>BECHTEL CORPORATION; BECHTEL CONSTRUCTION COMPANY,<br><br>                       Defendant. | CASE NO. 08-CV-0037 H (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

On March 13, 2009, Defendants in this action filed a motion for summary judgment. (Doc. No. 29.) On April 6, 2009, Plaintiff filed his opposition to Defendant's motion for summary judgment. (Doc. No. 42.) Defendants filed a reply in support of their motion on April 13, 2009. (Doc. No. 43.) For the following reasons, the Court grants Defendants' motion for summary judgment.

Plaintiff commenced this action on October 11, 2007 by filing a complaint in California state court alleging disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act. (Doc. No. 1.) Defendant removed the action to this Court on January 7, 2008. (Id.) Subsequently, the Court granted Defendant's motion to dismiss with leave to amend, concluding that Plaintiff's ADA claims are time barred under 42 U.S.C. § 2000e-5(1) to the extent they are based on alleged violations during Plaintiff's employment up through and including his termination. (Doc. No. 10.) Plaintiff's First

Amended Complaint alleges causes of action based only on Defendant's failure to rehire him after March 2006. (Doc. No. 11.)

### Factual Background

Defendant Bechtel Construction Company ("BCC") provides construction and maintenance services at the San Onofre Nuclear Generating Station ("SONGS"), owned by Southern California Edison. (Clark Decl. ISO Mot. for Summ. J. ¶¶ 1, 2.) BCC hires and employs union craft employees to provide these services. (Id. ¶ 2.) BCC is a party to collective bargaining agreements that govern the terms and conditions of employment for its union craft employees. (Id. ¶ 4.) The agreements require that BCC hire union craft employees exclusively from union hiring halls, stating that BCC may only hire personnel from another source if the unions are unable to fulfill the manpower requirements within forty-eight hours. (Jaime Decl. ISO Mot. for Summ. J. ["Jaime Decl."] ¶ 4, Ex. A at 5; Pl.'s Opp. to Def.'s Separate Statement ISO Mot. ¶ 19.) When Southern California Edison sets a staffing level at SONGS that requires additional workers, BCC prepares a requisition form to be sent to the union local. (Jaime Decl. ¶¶ 5, 6.) Only the BCC Project Superintendent or Site Manager have authority to order a requisition. (Supp. Clark Decl. ¶ 3.) The requisition form may identify desired workers by name or it may simply list the desired qualifications. (Jaime Decl. ¶¶ 5, 6.) The union then response to the requisition by contacting the specifically-requested workers or any appropriate workers from the union's "out of work" list. (Id.) The selected workers are then referred to BCC at SONGS. (Id.) It is undisputed that this process is BCC's only method of hiring iron workers. (Supp. Clark Decl. ¶ 2.; McInerney Decl. Ex. A ["Stiefel Depo."] at 159.)

Plaintiff James Stiefel is an iron worker and a member of Local 229 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers Union ("Local 229"). (McInerney Decl. ISO Mot. for Summ. J. ["McInerney Decl."] Ex. A at 33.) Mr. Stiefel worked for BCC at SONGS beginning in May 2004. (Jackson Decl. in Opp. to Mot. for Summ. J. ["Jackson Decl."] Ex. A ["Stiefel Depo."] at 131.) On or about January 31, 2006, Mr. Stiefel sustained an injury to his left thumb while on the job at SONGS. (Id. at 17, 18, 81.)

As a result of that injury, Mr. Stiefel has difficulty grasping, lifting, and pulling with his left hand. (Id. at 32, 180.) Following the injury, Mr. Stiefel continued to work for BCC at SONGS, wearing a soft splint for one week and a hard cast for four weeks. (Id. at 81.) On or about March 3, 2006, Mr. Stiefel was informed that he was being laid off. (Id. at 82.) Mr. Stiefel did not place his name on Local 229's "out of work" list until the summer of 2006. (Stiefel Depo. at 33-35; Pl.'s Opp. to Def.'s Sep. Statement ISO Mot. ¶ 20.)

After his cast was removed in March 2006, Mr. Stiefel had a medical release providing that he could perform "light duty" work only, with no use of the left hand. (Stiefel Depo. at 61.) Plaintiff states that he subsequently contacted union workers who were foremen and union stewards at SONGS and inquired about coming back to work. (Id. at 59-65, 121-22.) According to Plaintiff, these individuals either failed to return his calls or informed him that he could not come back to work unless he had a 100 percent medical release from a doctor. (Id.; Supp. McInerney Decl. Ex. A ["Peabody Depo."] at 17-18.) Plaintiff also submitted "personal history questionnaires" ("PHQs") to the Bechtel new hire office at SONGS in 2006 and 2007.[1] (Id. at 69-70.)

Plaintiff explained in deposition that available jobs are given to union workers at weekly roll call meetings in the order in which their names appear on Local 229's "out of work" list. (Stiefel Depo. at 156-58.) If a worker does not attend a roll call, his name is moved to the bottom of the list. (Id.) Plaintiff's name has consistently been at the bottom of the "out of work" list because he does not attend most of the roll call meetings. (Id.) Plaintiff stated that Defendant has not prevented him from attending the roll call meetings. (Id. at 159.)

Defendant has submitted undisputed evidence that, in August 2006, BCC sent a requisition form to Local 229 specifically requesting several iron workers including Plaintiff Stiefel. (Rodriguez Decl. ISO Mot. for Summ. J. ["Rodriguez Decl."] ¶ 5; Ex. A.) Mr. Stiefel did not appear at SONGS pursuant to that request, and was marked as a "no show" on the requisition form. (Id.) There is undisputed evidence that Plaintiff was not dispatched to

---

[1] PHQs are Southern California Edison forms used to determine whether potential employees qualify for the security clearance necessary to work at the nuclear facility. (Id. at 69-70, 76.)

SONGS by Local 229 at any time after April 2006. (Rodriguez Decl. ¶ 6.)

## Discussion

I.  **Motion for Summary Judgment – Legal Standard**

Federal Rule of Civil Procedure 56 governs summary judgment. Section (b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading" but has the obligation submit affidavits or other evidence that sets out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

The Supreme Court has explained that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Accordingly, Rule 56 "must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex, 477 U.S. at 327. Consistent with that principle, the Supreme Court interprets Rule 56 as permitting summary judgment against any party who, after sufficient time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

II.  **Plaintiff's Claims Under the ADA**

Plaintiff's First Amended Complaint ("FAC") asserts three causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. (FAC, Doc. No. 11.)

1  The FAC alleges that Defendant: (1) discriminated against Plaintiff by failing to hire him for work because of his disability, (2) failed to accommodate Plaintiff's disability, and (3) retaliated against Plaintiff for requesting an accommodation. (FAC ¶¶ 32-57.) The Court considers each in turn.

### A. Discrimination

Plaintiff's first cause of action alleges that, by failing to rehire Plaintiff, BCC discriminated against him in violation of the ADA, which prohibits an employer from discriminating against a qualified individual with a disability because of the disability. 42 U.S.C. § 12112(a); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999). Thus, to state a prima facie case of discrimination under the ADA, Plaintiff must show that (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual, meaning that, with or without a reasonable accommodation, he can perform the essential functions of her job; and (3) BCC refused to hire him because of his disability. Id.; see also Bates v. United Parcel Svc., Inc., 511 F.3d 974 (9th Cir. 2007) (holding that a refusal to hire because of a disability is a cognizable injury under the ADA). For purposes of this motion, the Court assumes Plaintiff has satisfied the first two elements of a prima facie case of discrimination. The question is whether Plaintiff has adequately shown a genuine issue of material fact as to whether BCC refused to hire him because of his disability.

Plaintiff does not dispute that BCC is subject to collective bargaining agreements that require it to hire union craft workers exclusively through union hiring halls like Local 229. (Jaime Decl. ¶ 4, Ex. A at 5; Pl.'s Opp. to Def.'s Separate Statement ISO Mot. ¶ 19; Stiefel Depo. at 159.) BCC may only depart from this hiring process when the unions are unable to satisfy BCC's requirements for workers. (Id.) When BCC sends a requisition to Local 229, it is up to the union to refer appropriate workers to SONGS. (Jaime Decl. ¶¶ 5, 6.) With a single exclusive procedure for hiring iron workers like Mr. Stiefel, Local 229 would have had to refer him to BCC before BCC could refuse to hire him. Defendant has submitted undisputed evidence that the union did not refer Plaintiff to SONGS at any time after April 2006 and Plaintiff has presented no evidence to the contrary. (Rodriguez Decl. ¶ 6.) Further, Plaintiff

1  has not shown that submitting a PHQ to BCC constituted an application for employment. A
2  PHQ is not an employment application and is not used by BCC for hiring decisions. (Wilkey
3  Decl. ISO Mot. for Summ. J. ¶ 3.)
4      To state a prima facie case of discrimination under the ADA, Plaintiff was required to
5  show that he "suffered an adverse employment action" because of his disability. Zivkovic v.
6  Southern California Edison Co., 302 F.3d 1080, 1090 (9th Cir. 2002). Here, Plaintiff is unable
7  to show any such adverse employment action following his termination, because he has
8  submitted no evidence that BCC was ever presented with the option to hire him. In fact, while
9  BCC states that Local 229 did not refer Mr. Stiefel to SONGS at any time after April 2006,
10 BCC specifically requested Plaintiff in August 2006. (Rodriguez Decl. ¶ 5; Ex. A.)
11     Plaintiff next argues that BCC discriminates through its policy of requiring a medical
12 release from injured employees returning to work. However, the Ninth Circuit has held
13 otherwise in a similar situation. Harris v. Harris & Hart, Inc., 206 F.3d 838 (9th Cir. 2000).
14 In Harris, the court held that an employer's refusal to rehire a union metal worker without a
15 medical release following an injury did not violate the ADA. Id. The Ninth Circuit reasoned
16 that, while employers generally may not order potential employees to submit to medical
17 examinations or inquiries under 42 U.S.C. § 12112(d)(2)(A), the release requirement in this
18 case was reasonable, where the employer already knew of the plaintiff's disability. Id. at
19 841-42. The court determined that, in such a case, "the employer must be able to assess the
20 extent of the applicant's recovery from inability to perform." Id. at 844. BCC's medical release
21 requirement, as set out in its Incident Report Policy, is calculated to facilitate such an
22 assessment and illuminate any required accommodations. (Jackson Decl. Ex. C.)
23     Of course, even if the policy did violate the ADA, Plaintiff has not shown that BCC
24 ever had the opportunity to apply it to him, because there is no evidence that Local 229
25 referred Plaintiff to SONGS after his termination in 2006. Plaintiff admits that his name is at
26 the bottom of the union's "out of work" list due to his failure to attend roll calls at the hiring
27 hall. (Stiefel Depo. at 156-59.) If, instead, the union has refused to refer Plaintiff based on its
28 own policies or a misunderstanding of BCC's requirements, BCC is not liable, absent evidence

that BCC intended that discrimination. See <u>General Bldg. Contractors Ass'n, Inc v. Pennsylvania</u>, 458 U.S. 375 (1982) (holding that racial discrimination on the part of the union hiring hall did not render associated contractors liable).

Accordingly, the Court concludes that Plaintiff has failed to show a genuine issue of material fact as to whether BCC discriminated against Plaintiff in violation of the ADA.

**B.     Reasonable Accommodation**

In a related claim, Plaintiff alleges that BCC has failed to accommodate his disability by refusing to allow Plaintiff to work "light duty" jobs or consider him for other available positions. (FAC ¶¶ 41-48.) The ADA makes it illegal for an employer not to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ." 42 U.S.C. § 12112(b)(5)(A). However, Plaintiff has not been employee of BCC since his termination in 2006, and the Court has already held that Plaintiff's claims arising before his termination are time barred. (Doc. No. 10.) Because Local 229 never referred Mr. Stiefel to BCC at SONGS, neither was Plaintiff an applicant during the relevant time period.

Plaintiff has presented no authority for the proposition that the ADA required BCC to deviate from its usual process and hire Mr. Stiefel without a referral from Local 229. Under the ADA, an accommodation is not reasonable if it would impose an undue hardship on the operation of the employer's business. 42 U.S.C. § 12112(b)(5)(A). Additionally, the Ninth Circuit has held that a disabled employee's requested accommodation is per se unreasonable if it "would compel an employer to violate a CBA." <u>Willis v. Pacific Maritime Ass'n</u>, 244 F.3d 675, 681 (9th Cir. 2001) (considering a proposed accommodation that would interfere with seniority rights under a collective bargaining agreement). Similarly, in this case, requesting that BCC breach its collective bargaining agreements and hire Plaintiff without a union referral would impose an undue burden.

Additionally, while Plaintiff argues that BCC has a policy preventing injured workers from returning to work unless they have fully recovered, Plaintiff's own evidence belies this claim. The BCC Incident Report Policy submitted by Plaintiff explicitly provides for review

1  of job accommodations. (Jackson Decl. Ex. C.) Plaintiff has also named several BCC workers
2  with severe permanent disabilities who are accommodated and allowed to work at SONGS.
3  (Stiefel Depo. at 228-30.)
4       Accordingly, the Court concludes that Plaintiff has shown no genuine issue of material
5  fact as to whether Defendant failed to accommodate his disability.
6      **C.**    **Retaliation**
7       Finally, Plaintiff alleges that, by failing to hire him, BCC retaliated against him in return
8  for requesting a return to work with a disability accommodation. (FAC 49-57.) "A prima
9  facie case of retaliation requires a plaintiff to show: (1) involvement in a protected activity, (2)
10 an adverse employment action and (3) a causal link between the two." Coons v. Secretary of
11 U.S. Dept. of Treasury, 383 F.3d 879, 887 (9th Cir. 2004). Here, as discussed above, Plaintiff
12 has not shown that Defendant took any adverse employment action toward him following his
13 termination in 2006. Because Local 229 never referred Mr. Stiefel for employment at SONGS,
14 BCC never even had the opportunity to retaliate for his invocation of the ADA. In fact, there
15 is undisputed evidence before the Court that BCC actively sought to hire Plaintiff in August
16 2006. (Rodriguez Decl. ¶ 5; Ex. A.)
17      Accordingly, Plaintiff has failed to present a genuine issue of material fact as to whether
18 Defendant retaliated against him in violation of the ADA.
19 **III.**    **Bechtel Corporation as a Defendant**
20      As a secondary issue, Defendants argue that Bechtel Corporation is not a proper
21 defendant in this action, as it was never Mr. Stiefel's employer under the ADA. In the Title
22 VII context, the Ninth Circuit commonly uses the "integrated enterprise" test to determine
23 whether an entity is an employer under the statute due to its relationship with the plaintiff's
24 direct employer. See, e.g., Kang v. U. Lim America, Inc., 296 F.3d 810 (9th Cir. 2002). That
25 test consists of four factors courts consider when assessing the two defendant entities: (1)
26 interrelation of operations, (2) common management, (3) centralized control of labor relations,
27 and (4) common ownership of financial control. Id. at 815.
28 ///

In this case, Defendants have submitted the declaration of Kimberly Schafer, Bechtel Corporations's Manager of Corporate Secretary Operations. (Schafer Decl. ISO Mot. for Summ. J. ["Schafer Decl."] ¶ 1.) Ms. Schafer avers that BCC is a privately held corporation and a wholly owned subsidiary of Bechtel Construction Operations Incorporate, which in turn is wholly owned by Bechtel Corporation. (Id. ¶ 3.) BCC and Bechtel Corporation have separate boards of directors, who hold separate meetings and maintain separate board minutes, though some members of the boards overlap. (Id. ¶ 4.) The president of BCC is Mike Hickey, who is not employed by Bechtel Corporation, which has a separate Chairman and President. (Id. ¶ 5.) With respect to Plaintiff and SONGS, Defendant has submitted undisputed evidence that Plaintiff was employed by BCC and no other Bechtel entity. (Clark Decl. ¶ 2.) All of Plaintiff's wages were paid by BCC, and Plaintiff's W-2 was issued from BCC, not Bechtel Corporation. (Id. ¶ 3.) All supervisors and managers of union craft employees as SONGS are employees of BCC, not Bechtel Corporation. (Id. ¶ 6.)

Plaintiff's opposition on this point cites no authority and only points out that BCC and Bechtel Corporation are related as parent and subsidiary, that they have the same business address in San Francisco, and that they use the same agent for service of process. (Jackson Decl. Ex. D.) Additionally, Plaintiff states that, when he sent correspondence to Defendants in 2006, he received a response from a Bechtel Corporation employee indicating that he had access to Plaintiff's employment file. (Jackson Decl. Ex. E.)

Plaintiff has provided little evidence demonstrating the presence of relevant factors of the integrated enterprise test. Such evidence is insufficient to demonstrate a genuine issue of material fact as to whether Bechtel Corporation might be liable under the ADA as Plaintiff's employer.

///
///
///
///
///

### Conclusion

Accordingly, because Plaintiff has not produced evidence showing a genuine issue of material fact as to his claims under the ADA, the Court grants Defendants' motion for summary judgment.

IT IS SO ORDERED.

DATED: April 21, 2009

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals   **Date:** 5/15/2009
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: JAMES RICHARD STIEFEL v. BECHTEL CORPORATION; BECHTEL CONSTRUCTION COMPANY

U.S.D.C. No.: 08-cv-00037-H-WMC     U.S.D.C. Judge: Marilyn L. Huff

Complaint/Indictment/Petition Filed: Complaint (Notice of Removal)

Appealed Order Entered: 4/21/2009

Notice of Appeal Filed: 5/15/2009

Court Reporter: Lynnette Lawrence

COA Status: [ ] Granted in full/part (appeal only)   [ ] Denied (send clerk's file)

## Docket Fee Notification
Docket Fee: [x] Paid   [ ] Not Paid   [ ] No Fee Required
USA/GOVT. APPEAL: [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?   [ ] Yes   [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information
**Appellant Counsel:**

Stephen F. Danz
Marcus Jackson
STEPHAN DANZ & ASSOCIATES
1550 Hotel Circle North, Suite 170
San Diego, CA 92108
(619) 297-9400

**Appellee Counsel:**

Thomas M McInerney
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
(415) 442-4810

Counsel Status: [x] Retained   [ ] Appointed   [ ] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:     <u>not applicable</u>
Bail:     _____
Custody:     _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: JUDGMENT, entered 4/21/2009; ORDER Granting Defendants' Motion for Summary Judgment, entered 4/21/2009. <u>Documents submitted by Appellant</u>: 1. Representation Statement (original plus copy); 2. Civil Appeals Docketing Statement (original plus copy); and, (3) Proof of Service (original plus copy). |

Form Completed And Documents Served By U.S. District Court Deputy Clerk: **A. ROWLAND**

Angela Rowland
Deputy's Name                                                               Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:  Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re:  **USCA No:**
**USDC No:**  08-cv-00037-H-WMC
**Stiefel v. Bechtel Corporation et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in ___ set(s) of ___ volume(s) | | |
| | Reporter's transcripts in ___ set(s) of ___ volume(s) | | |
| | Exhibits in ___ envelope(s) ___ box(es) ___ folder(s) | | |
| x | Judgment Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | ORDER Granting Defendants' Motion for Summary Judgment, entered 4/21/2009. Documents submitted by Appellant: 1. Representation Statement (original plus copy); 2. Civil Appeals Docketing Statement (original plus copy); and, (3) Proof of Service (original plus copy). | | |
| x | Please acknowledge receipt | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

**A. ROWLAND**
By:_____
A. Rowland, **Deputy**

Date: 5/15/2009